UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

RITCHARD YANOWITZ,

        Plaintiff,

  -against-

DIVATEX HOME FASHION, INC.,

        Defendant.

------------------------------------------------------------ X

Civil Action No.: 15-cv-00807 (KBF)

**RULE 56.1 STATEMENT OF MATERIAL FACTS**

Pursuant to Fed R. Civ. P. 56 and Rule 56.1 of the Local Civil Rules of the U.S. District Court for the Southern District of New York, Plaintiff Ritchard Yanowitz ("Plaintiff") submits the following Statement of Material Facts in Support of its Motion for Summary Judgment:

1. Effective January 1, 2008, Plaintiff and Defendant entered into an Employment Agreement which, *inter alia*, identified an "Initial Term" of the Employment Agreement, as well as a "Renewal Term" with the last day of the Renewal Term of Employment being December 31, 2014. [A true and accurate copy of the Employment Agreement is attached to the Patin Decl. as Exhibit B.]

2. Among other things, the Employment Agreement identified the wages and other compensation to be paid by Defendant to Plaintiff during the term of his employment. [*Id.* at 2-4.]

3. In addition to his base salary, the Plaintiff was entitled to the following wages and compensation:

1. A guaranteed annual "Retention Bonus" of $190,333.00 if the Plaintiff was employed by the Defendant at the end of the calendar year; *Id.,* Section 3, ¶ (a)(2).

2. A guaranteed annual "Performance Bonus" of $105,000.00 in 2014, provided Defendant's average annual sales increased by 5% year over year. *Id.,* Section 3, ¶ (a)(3).

3. The Plaintiff was also entitled to vacation. *Id.,* Section 3, (e).

4. On October 31, 2014, Defendant notified Plaintiff that it would not continue employing the Plaintiff, beyond December 31, 2014. [*See* Affidavit of Ritchard Yanowitz ("Yanowitz Aff."), Exhibit A.]

5. The October 31, 2014, letter provides in part:

   The Renewal Term expires on December 31, 2014 as set forth in the contract and, assuming you do not resign, your employment will be concluding on such date and you will receive your Retention Bonus in the amount of $190,333.00.

   [*See* Yanowitz Aff., Exhibit A.]

6. Plaintiff did not resign for his employment on or before December 31, 2014. [*See* Yanowitz Aff. ¶ 5]

7. On or about December 29, 2014, Plaintiff met with David Greenstein, Defendant's Chief Executive Officer, at which time Mr. Greenstein gave Plaintiff an unsigned letter dated December 31, 2014. [*See* Yanowitz Aff. ¶ 3, Exhibit B.]

8. The December 29, 2014, letter provides in part:

   Your final paycheck through December 31, 2014 shall be made by direct deposit on the scheduled payroll date. You will also be paid your Retention Bonus in the amount of $190,333.00 and a performance bonus in the amount of $105,000.00. All amounts are subject to required deductions and withholdings.

   [*Id.*]

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

9.  On January 8, 2015, by way of letter, Defendant notified Plaintiff that it would not pay him his wages and other compensation. [*See* Yanowitz Aff. Exhibit C.]

10. On January 9, 2015, Defendant only paid to Plaintiff through direct deposit sums on account of unpaid salary to December 31, 2014 and one week of vacation pay. [*See* Yanowitz Aff. ¶ 5.]

April 9, 2015
New York, New York

Respectfully submitted,

*/s/ Bruce D. Meller*

Bruce D. Meller, Esq.

PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone: (212) 382-0909
Bmeller@pecklaw.com
Attorneys for Plaintiff
Ritchard Yanowitz

#422867.1

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

3