UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

RITCHARD YANOWITZ,                              Civil Action No.:  15-cv-00807 (KBF)

        Plaintiff,

   -against-


DIVATEX HOME FASHION, INC.,

        Defendant.

------------------------------------------------------------- X


---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

---


PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY  10010
Telephone:  (212) 382-0909
*Attorneys for Plaintiff,*
*Ritchard Yanowitz*

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 3

LEGAL ARGUMENT........................................................................................... 5

POINT I ........................................................................................................ 5

    PLAINTIFF IS ENTITLED TO FULL RELIEF UNDER THE NEW YORK
    LABOR LAW as a matter of law ............................................................... 5

        A.     Plaintiff Is Entitled to Judgment and Recovery Under The New
               York Labor Law For His Retention Bonus of $190,333.00 ...................... 6

        B.     Plaintiff Is Entitled To Judgment And Recovery Under the New
               York Labor Law For His Performance Bonus of $105,000.00................. 11

        C.     Plaintiff Is Entitled To Judgment and Recovery Under The New
               York Labor Law For Unpaid Vacation Pay In The Amount Of
               $13,529.82................................................................................ 13

        D.     Plaintiff Is Entitled To Attorneys' Fees In An Amount To Be
               Determined By The Court, Liquidated Damages Equal To 100%
               Of The Total Amount Of Wages Found To Be Due, Prejudgment
               Interest And Other Relief The Court Deems Proper Under NYLL
               § 198(1-a).............................................................................. 15

        E.     Defendant Is Not Entitled To Dismissal of Any Aspect of Count
               Two of The Complaint.................................................................. 15

POINT II ....................................................................................................... 17

    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS CONTRACT
    CLAIM............................................................................................... 17

CONCLUSION................................................................................................. 19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 *U.S.* 662, 129 *S. Ct.* 1937, 173 *L. Ed.* 2d 868 (2009) ........................................16

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
No. 07 CIV. 10453, 2011 WL 4357166 (S.D.N.Y. Sept. 13, 2011)........................................16

*Bigio v. Coca-Cola Co.*,
675 *F.*3d 163 (2d Cir. 2012) ........................................16

*Byerly v. Ithaca Coll.*,
290 *F. Supp.* 2d 301 (N.D.N.Y. 2003) *aff'd*, 113 *F. App'x* 418 (2d Cir. 2004) ........................5

*Chevron Corp. v. Donziger*,
886 *F. Supp.* 2d 235 (S.D.N.Y. 2012)........................................5

*Daley v. Related Companies, Inc.*,
179 *A.D.*2d 55 (1st Dept.1992) ........................................10

*In re Equidyne Properties, Inc.*,
60 *B.R.* 245 (Bankr.S.D.N.Y. 1986) ........................................5

*Erickson v. Pardus*,
551 *U.S.* 89, 127 *S. Ct.* 2197, 167 *L. Ed.* 2d 1081 (2007) ........................................16

*Fischer & Mandell, LLP v. Citibank, N.A.*,
632 *F.*3d 793 (2d Cir. 2011) ........................................17

*Garcha v. City of Beacon*,
351 *F. Supp.* 2d 213 (S.D.N.Y. 2005)........................................5

*Gottlieb v. Kenneth D. Laub & Co.*,
82 *N.Y.*2d 457 (1993)........................................9, 10

*Hall v. United Parcel Services of America, Inc.*,
76 *N.Y.*2d 27 (1990)........................................12

*Metchick v. Bidermann Indus. Corp.*,
No. 91 CIV. 2329 (PNL), 1993 WL 106139 (S.D.N.Y. Apr. 7, 1993)........................14, 15

*Moras v. Marco Polo Network, Inc.*,
    11 Civ. 2081 (PAE), 2012 U.S. Dist. LEXIS 181110 (S.D.N.Y. Dec. 20,
    2012) ............................................................................................................................10

*NML Capital v. Republic of Argentina*,
    621 *F.*3d 230 (2d Cir. 2010) ....................................................................................5

*Pachter v. Bernard Hodes Group, Inc.*, ........................................................ *passim*
    505 *F.*3d 129 (2d Cir. 2007)

*Pachter v. Bernard Hodes Group, Inc.*,
    10 *N.Y.*3d 609 (2008) .......................................................................... *passim*

*Pachter v. Bernard Hodes Group, Inc.*,
    541 *F.*3d 461 (2d Cir. 2008) ....................................................................................2

*Porat v. Lincoln Towers Cmty. Ass'n*,
    464 *F.*3d 274 (2d Cir. 2006) ..................................................................................16

*Ronzani v. Sanofi S.A.*,
    899 *F.*2d 195 (2d Cir. 1990) ..................................................................................16

*Ryan v. Kellogg Partners Institutional Services*,
    19 *N.Y.*3d 1 (2012) .............................................................................. *passim*

*Truelove v Northeast Capital & Advisory*,
    95 *N.Y.*2d 220 (2000) .........................................................................8, 11, 12

*Truelove v. Northeast Capital & Advisory, Inc.*,
    95 *N.Y.*2d 220 (2000) .............................................................................................11

*Wagner v. Edisonlearning, Inc.*,
    No. 09 CIV. 831(SAS), 2009 WL 1055728, 2009 U.S. Dist. LEXIS 32965
    (S.D.N.Y. Apr. 17, 2009) ....................................................................................14

*Watcher v. Kim*,
    82 *A.D.*3d 658 (1st Dept. 2011) ..........................................................................10

**Statutes**

New York Labor Law § 190 ...........................................................................1, 8, 14

New York Labor Law § 193 ............................................................................ *passim*

New York Labor Law § 198 .........................................................2, 8, 10, 11, 15

New York Labor Law § 198-c ...........................................................................13, 14

**Other Authorities**

Fed. R. Civ. P. 12 ....................................................................................................................1, 5, 16

Fed. R. Civ. P. 56 .......................................................................................................................1, 5

S.D.N.Y.Local Civil Rule 56.1 .........................................................................................................1

Plaintiff Ritchard Yanowitz ("Plaintiff" or "Yanowitz") respectfully submits this Memorandum of Law in support of his Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1 and in opposition to Defendant Divatex Home Fashion, Inc.'s ("Defendant" or "Divatex") Motion to Dismiss the Second Count of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's Motion for Summary Judgment and Defendant's Motion to Dismiss are controlled by the answer to the same three questions:

(1) Is an executive a protected "employee" within the meaning of New York Labor Law ("NYLL" or "New York Labor Law") § 190, *et. seq.*?

(2) Is a non-discretionary vested bonus a "wage" under NYLL § 190? and

(3) Is the failure to pay wages a violation of NYLL § 193?

Pursuant to the controlling law of the State of New York, the answer to each question is yes. The Second Circuit and New York Court of Appeals agree that a litigant such as the Plaintiff, an executive, is an "employee" within the meaning of the NYLL. The New York Court of Appeals has ruled that a non-discretionary vested bonus is a "wage" under NYLL § 190. The New York Court of Appeals has ruled that a failure to pay a non-discretionary vested bonus is a violation of NYLL § 193. Accordingly, Defendant has violated the NYLL, and Plaintiff is entitled to recover his wages, together with liquidated damages, attorneys' fees and all other relief under NYLL § 198(1-a).

The "yes" answers to these three questions are provided by two cases: *Ryan v. Kellogg Partners Institutional Services*, 19 *N.Y.*3d 1 (2012), and *Pachter v. Bernard Hodes Group, Inc.*,

10 *N.Y.*3d 609 (2008) (answering certified question), 505 *F.*3d 129, 133-34 (2d Cir. 2007) (certifying question); 541 *F.*3d 461 (2d Cir. 2008)  (conforming decision to certified answer).

Whether by intention or oversight, Divatex has failed to inform this Court of the holding in *Ryan*, despite the fact that it is the controlling precedent in the State of New York on the very issues Defendant places before the Court and the facts in *Ryan* are on all fours with this matter. In *Ryan*, the Court of Appeals held that a vested, non-discretionary bonus owed to an executive is a "wage", and that a failure to pay the bonus is a violation of NYLL § 193 entitling the aggrieved party to liquidated damages and attorneys' fees under NYLL § 198. *Id.* at 16.  Rather than addressing *Ryan*, as required, Divatex argues outdated and unpublished case law and makes legally irrelevant and unsupported assertions regarding Mr. Yanowitz and his son[1].  These tactics are insufficient to support Defendant's motion or defeat Plaintiff's motion.

Similarly, whether by intention or otherwise, Defendant's discussion of *Pachter v. Bernard Hodes Group, Inc.*, 10 *N.Y.*3d 609, 615-16 (2008), is contrived through ellipsed quotation – so as to misstate the Court's holding. (*See*, Def. Mem. at 6). In *Pachter*, originally a Southern District of New York case, the Second Circuit certified two questions to the New York Court of Appeals, one of which was whether an executive is an "employee" within the context of the NYLL.  The Court of Appeals answered the question in the affirmative. The Second Circuit then adopted the very same holding  *See*, *Pachter v. Bernard Hodes Group, Inc.*, 541 *F.*3d 461, 463-64 (2d Cir. 2008).

*Ryan* and *Pachter* render Defendant's motion empty of substance and clearly articulate Plaintiff's entitlement to summary judgment under the NYLL.  Similarly, Plaintiff is entitled to

---

[1] Plaintiff takes issue with Defendant's illogical, frivolous and irrelevant to this motion allegations of a "conspiracy" to steal confidential information and to solicit Defendant's clients. (*See*, Def. Mem. at 1).  These contrived allegations will be addressed in due course and time with proper evidence.

summary judgment pursuant to the terms of his Employment Agreement and Defendant's written admissions.

Based on the foregoing, and as more fully set forth hereafter, it is respectfully submitted that the Court must grant Plaintiff's Motion for Summary Judgment and deny Defendant's Motion to Dismiss.

## STATEMENT OF FACTS

Effective January 1, 2008, Plaintiff and Defendant entered into an Employment Agreement which, *inter alia*, identified an "Initial Term" as well as a "Renewal Term" with the Employment Agreement ending on December 31, 2014. (*See*, Declaration of Anne C. Patin, Esq. ("Patin Decl."), Exhibit B, § 2). Among other things, the Employment Agreement identified the wages and other compensation to be paid by Defendant to Plaintiff during the term of his employment. (*Id.*, § 3). In addition to his base salary, the Plaintiff was entitled to the following wages and compensation:

1.  A guaranteed annual "Retention Bonus" of $190,333.00 if the Plaintiff was employed by the Defendant at the end of the calendar year; (*Id.*, § 3, ¶ (a)(2)).

2.  A guaranteed annual "Performance Bonus" of $105,000.00 in 2014, provided Defendant's average annual sales increased by 5% year over year. (*Id.*, § 3, ¶ (a)(3)).

3.  The Plaintiff was entitled to vacation. (*Id.*, § 3, (e)).

On October 31, 2014, Defendant notified the Plaintiff that it would not continue employing him beyond December 31, 2014. (*See*, Affidavit of Ritchard Yanowitz ("Yanowitz Aff."), Exhibit A). In the same letter, Defendant identified Plaintiff's Retention Bonus of $190,333.00 and that it would be paid to the Plaintiff at the conclusion of his employment, provided he did not resign prior to December 31, 2014. *Id.* To this point, the October 31, 2014, letter states:

3

> The Renewal Term expires on December 31, 2014 as set forth in the contract and, assuming you do not resign, your employment will be concluding on such date and you will receive your Retention Bonus in the amount of $190,333.00.

(Yanowitz Aff., Exhibit A).

Plaintiff did not resign from his employment on or before December 31, 2014.

On December 29, 2014, Plaintiff met with David Greenstein, Defendant's Chief Executive Officer. (*See*, Yanowitz Aff. ¶ 3). Mr. Greenstein gave the Plaintiff an unsigned letter dated December 31, 2014, identifying the outstanding wages and compensation due and owing to him. (*See*, Yanowitz Aff., Exhibit B). The unsigned December 31, 2014, letter states, in part:

> Your final paycheck through December 31, 2014 shall be made by direct deposit on the scheduled payroll date. You will also be paid your Retention Bonus in the amount of $190,333.00 and a performance bonus in the amount of $105,000.00. All amounts are subject to required deductions and withholdings.

(*Id.*)

On January 8, 2015, Defendant notified Plaintiff by letter that it would not pay him wages and compensation. (*See*, Yanowitz Aff., Exhibit C). The January 8, 2015 letter attached a copy of the unsigned December 31, 2014 letter provided to Plaintiff on December 29, 2014. (*See,* Yanowitz Aff. ¶ 5). The Defendant failed to make any payment to Plaintiff except, through direct deposit, sums on account of unpaid salary to December 31, 2014 and one week of vacation pay. (*Id.*). The Retention Bonus, Performance Bonus and two weeks of vacation pay remain due and owing.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF IS ENTITLED TO FULL RELIEF UNDER THE NEW YORK LABOR LAW AS A MATTER OF LAW

Federal Rule of Civil Procedure 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until thirty (30) days after the close of all discovery."  Case law has confirmed that a motion for summary judgment may properly be brought while a Rule 12(b)(6) motion to dismiss is pending. *Chevron Corp. v. Donziger*, 886 *F. Supp.* 2d 235, 263, n.186 (S.D.N.Y. 2012) ("The SJ Defendants go on to argue that `it would be procedurally improper to consider any of those factual matters until after the Court has ruled on the Donziger Defendants' long-pending Rule 12(b)(6) motion to dismiss . . .'  A motion for summary judgment may be made 'at any time until 30 days after the close of all discovery.' Fed. R. Civ. P. 56(b). There is no need to await disposition of other motions. . . .") [2].

Summary judgment is appropriate where, as here, "there is no genuine issue as to any material fact" and the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also*, *NML Capital v. Republic of Argentina*, 621 *F.*3d 230, 236 (2d Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 *U.S.* 242, 247-48, 106 *S. Ct.* 2505, 91 *L. Ed.* 2d 202

---

[2] If there is any doubt as to the appropriateness of the Court's consideration of dispositive, summary relief herein, an alternative ground for summary treatment is conversion of the Motion to Dismiss into one for Summary Judgment. *See*, Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")); *Byerly v. Ithaca Coll.*, 290 *F. Supp.* 2d 301, 306 (N.D.N.Y. 2003) *aff'd*, 113 *F. App'x* 418 (2d Cir. 2004) (same); *see also*, *Garcha v. City of Beacon*, 351 *F. Supp.* 2d 213, 216 (S.D.N.Y. 2005) (citing *In re G & A Books, Inc.*, 770 *F.*2d 288, 294–95 (2d Cir.1985)); *In re Equidyne Properties, Inc.*, 60 *B.R.* 245, 246 (Bankr.S.D.N.Y. 1986) ("Because the issues raised are legal in nature, this court finds it appropriate in this case to convert Properties' motion [to dismiss under Rule 12(b)(6)] to a Rule 56 summary judgment motion, particularly in light of the Petitioners' cross-motion for summary judgment in their favor.").

(1986)).  As discussed more fully in the points below, the law is so strongly in favor of the Plaintiff, not only on the issues raised by Defendant in its Motion to Dismiss, but on the entirety of the case itself, judgment as a matter of law is warranted.

**A.     Plaintiff Is Entitled to Judgment and Recovery Under The New York Labor Law For His Retention Bonus of $190,333.00**

At no point in its Motion does Divatex substantively address the Retention Bonus which is required to be paid to Mr. Yanowitz under his Employment Agreement.  Rather, in gloss fashion, Point I of Divatex's Memorandum of Law argues that Plaintiff's Complaint fails to state a cause of action because it uses the phrase "failure to pay" and does not use the word "deduction".  In fact, the Complaint specifically cites Section 193, which is the relevant statute providing relief.[3]  Moreover, the particular phrase used is legally irrelevant.

Defendant cannot and does not dispute it failed to pay Mr. Yanowitz his Retention Bonus.  Regardless of whether the Defendant improperly withheld wages, deducted wages, charged the wages against a separate transaction or simply failed to pay, the legal result is the same – Defendant is liable for a violation under NYLL § 193 because it neglected to pay Mr. Yanowitz's wages.

That conclusion is mandated by the New York Court of Appeals as Judge Read opined:

Since Ryan's bonus, therefore constituted 'wages' within the meaning of Labor Law § 190(1), Kellogg's neglect to pay him the bonus violated Labor Law § 193.

(*Ryan*, *supra*, 19 *N.Y.*3d at 16) (citation omitted).

Otherwise, Defendant does not address the Retention Bonus because it cannot escape this dispositive authority which it knew or should have known to exist when it filed its motion.

---

[3] It should also be noted that Defendant ignores the fact that Plaintiff's claims were not solely limited to Section 193, and that Plaintiff pled that Defendant acted "in knowing violation of the NYLL including, but not limited to, Section 193". (*See*, Complaint at ¶ 13).

The New York Court of Appeals and Second Circuit have established principles of law that definitively resolve all issues regarding the Retention Bonus at issue in this case:

1.  An executive is an "employee" that is to be protected under the NYLL, Article 6, unless an explicit exclusion applies. *See*, *Pachter*, *supra*, 10 *N.Y.*3d at 615-616; *Pachter*, *supra*, 505 *F.*3d 129; *Pachter*, *supra*, 541 *F.*3d 461;

2.  A vested, duly-earned bonus is a "wage" as defined under the NYLL. *Ryan, supra*, 19 *N.Y.*3d at 15-16; and

3.  The failure to pay/withholding of a vested, duly earned bonus is a violation of NYLL §§ 193 and 198. *Id.*

In *Ryan, supra.*, the New York Court of Appeals held that a failure or refusal to pay a duly vested bonus to an executive, such as the Plaintiff, is a violation of Labor Law § 193 entitling the executive to recovery, together with liquidated damages and attorney's fees. 19 *N.Y.*3d at 16.

The facts in *Ryan* are virtually identical to this matter. Mr. Ryan, a highly-compensated broker-dealer, in 2003, entered into an oral employment agreement with Kellogg. *Id.* at 6. Ryan's compensation consisted of $175,000 in salary and a guaranteed $175,000 bonus, payable to Ryan at the end of 2004. *Id.* Ryan was not paid this bonus and instead Kellogg's managing partner "asked Ryan if he would be willing to forgo the agreed-upon bonus for a year, and accept it for work to be performed in 2004 instead, payable in late 2004 or early 2005." *Id.* at 7. Ryan agreed. *Id.* On February 3, 2005, Kellogg offered to pay Ryan a $20,000 bonus instead of $175,000. *Id.* Ryan rejected the offer and was terminated shortly thereafter. *Id.*

In his complaint Ryan alleged, in almost the exact same manner as the Plaintiff does here (*see*, Complaint at ¶ 13, Patin Decl., Exhibit A)), general causes of action for failure to pay wages in violation of Labor Law §§ 190 through 198 and breach of contract. *Ryan, supra*, 19 *N.Y.*3d at 6. In response, Kellogg argued, just as the Defendant is doing here, *inter alia*, that

*Truelove v Northeast Capital & Advisory*, 95 *N.Y.*2d 220 (2000), barred recovery of a bonus as a wage. *Ryan, supra*, 19 *N.Y.*3d at 15. The Court of Appeals disagreed and held that the $175,000 bonus was "expressly link[ed]" to [Ryan's] "labor or services personally rendered". *Id*. Moreover, the Court stated: "Further, Ryan's bonus had been earned and was vested before he left his job at Kellogg; its payment was guaranteed and non-discretionary as a term and condition of his employment". *Id*. at 16 (emphasis added). The Court of Appeals further held that "[s]ince Ryan's bonus therefore constitutes 'wages' within the meaning of Labor Law § 190(1), Kellogg's neglect to pay him the bonus violated Labor Law § 193 . . . and entitles Ryan to an award of attorney's fees under Labor Law § 198(1–a)." *Id*. (internal citation omitted).

In this matter, Mr. Yanowitz, just like the executive plaintiff in *Ryan*, is a NYLL employee. Mr. Yanowitz's retention bonus of $190,333.00 is non-discretionary and became vested on December 31, 2014, and is therefore a "wage" – just like the $175,000 bonus in Ryan.[4] (*See*, Yanowitz Aff. Exhibit A, B; *see also*, Patin Decl. Exhibit B at Section 3, ¶ (a)(2)). Not only has Mr. Yanowitz properly pled a claim under the NYLL, but just like the *Ryan* plaintiff he is entitled to both liquidated damages and attorney's fees. *See*, *Ryan, supra*, 19 *N.Y.*3d at 10, n.8, 16. Based on the holding in *Ryan*, this Court should grant Plaintiff's motion for summary judgment and deny Defendant's motion to dismiss.

While *Ryan* settles Plaintiff's entitlement to his Retention Bonus, the case law provided by Defendant in its first Point is addressed.

Although mentioned in its moving papers, Divatex fails to disclose the actual holding in *Pachter v. Bernard Hodes Group, Inc.*, 10 *N.Y.*3d, 609, 615-16. The *Pachter* case spans State and Federal Courts in New York and stands for the proposition that an executive is an

---

[4] It is telling that Defendant's motion papers lack an argument or substantive reference to Mr. Yanowitz's Retention Bonus, as this is the precise type of bonus at issue in *Ryan*, and undoubtedly is a wage which cannot be withheld under NYLL § 193.

"employee" for purposes of NYLL. *See also*, *Pachter*, *supra*, 505 *F*.3d at 132-33; 541 *F*.3d at 463. Commenced in the Southern District of New York, the *Pachter* case concerned a claim by a terminated executive against her former employer where the latter refused to pay earned commissions. *Pachter*, *supra*, 10 *N.Y.*3d at 613-14. The *Pachter* defendant argued that Pachter was an "executive" and, as such, was not an "employee" for purposes of the NYLL. *Id.*

The matter was appealed to the Second Circuit Court of Appeals, which certified two questions to the New York Court of Appeals – the first of which was whether an executive was an employee under NYLL. *Pachter*, *supra*, 505 *F*.3d at 133-34. In response, the Court of Appeals held that an executive is an "employee" and is subject to NYLL's rights and protections. *Pachter*, *supra*, 10 *N.Y.*3d at 616.

The certified question was precipitated by a perceived lack of clarity following the Court of Appeals' decision in *Gottlieb v. Kenneth D. Laub & Co.,* 82 *N.Y.*2d 457 (1993), which generated a split of authority in state and federal courts on whether an executive was a NYLL "employee". *Id.*[5] Taking the opportunity to explain *Gottlieb*, the Court of Appeals held:

> We take this occasion to underscore that our decision in *Gottlieb* was limited to determining whether an employee who asserted a common-law contract cause of action, but did not allege a violation of any substantive provision of article 6, could collect attorney's fees under Labor Law § 198 (1-a). We held that the text, history and purpose of that statute indicated that attorney's fees are available only to plaintiffs who prove a violation of article 6 (see 82 NY2d at 464)....
>
> * * *
>
> **This observation was not intended to signal that executives were outside the reach of article 6. Rather, it merely pointed out that employees serving in an executive, managerial or administrative capacity do not fall under section 191 of the Labor Law and, as a result, those individuals are not entitled to statutory attorney's fees under section 198 (1-a) if they assert a successful common-law claim for unpaid wages.** And because the plaintiff in *Gottlieb* had

---

[5] Whether by intention or omission, on page 6 of its Memorandum of Law, citing *Pachter*, the Defendant chose to emphasize the Court of Appeals' reference to *Gottlieb* instead of providing this Court with the actual holding in *Pachter*.

not alleged that he was protected by section 191, he was presumptively "excluded from wage enforcement protection" under article 6 (*id.*). *Gottlieb* thus poses no obstacle to plaintiff's claim in this case.

> **(1) (2) Consequently, we hold that executives are employees for purposes of Labor Law article 6, except where expressly excluded. The first certified question is therefore answered in the affirmative.**

*Pachter*, *supra*, 10 N.Y.3d at 615-16 (emphasis added); *see also*, *Daley v. Related Companies, Inc.,* 179 *A.D.*2d 55, 58 (1st Dept.1992) ("executives are within the class of employees protected by § 198(1–a) from a plain reading of the statute."). Unlike the executive in *Gottlieb*, Mr. Yanowitz has affirmatively alleged violations of the NYLL and is pursuing damages related to same. (*See*, Patin Decl., Exhibit A).

As to the remainder of the case law cited by Divatex on this Point, it all predates *Ryan*. (Def. Mem. at 4-6). The sole exception is the unpublished decision in *Moras v. Marco Polo Network, Inc.,* 11 Civ. 2081 (PAE), 2012 U.S. Dist. LEXIS 181110, at *31 (S.D.N.Y. Dec. 20, 2012), which is a misleading citation because the issue in that case was the amount of the wages, not a refusal to pay wages, and further, plaintiff did not allege any substantive violation of the NYLL statutory provisions.

Finally, totally oblivious of *Ryan*, Divatex argues *Watcher v. Kim*, 82 *A.D.*3d 658 (1st Dept. 2011), as a minority decision in which the First Department permitted an executive employee to recover unpaid bonus as wages under the NYLL, but did not decide whether non-payment was a violation of the NYLL. To the extent *Watcher* did not provide final guidance on the NYLL violation aspect of withholding wages, the Court of Appeals' decision in *Ryan* did, emphatically finding that a non-payment of a vested bonus to an executive is a violation of the NYLL. *Ryan*, *supra,* 19 *N.Y.*3d at 16.

In sum, under *Ryan* and *Pachter*, executives such as the Plaintiff are employees within the meaning of NYLL and are thus entitled to both liquidated damages and attorney's fees where their wages are withheld, reduced or not paid, as the Defendant did in this case. Moreover, *Ryan* specified that a failure to pay an earned and vested bonus constitutes a violation of NYLL. Here, Mr. Yanowitz's Retention Bonus was a clear and absolute, guaranteed aspect of his wages, as set by the Employment Agreement. (*See*, Patin Decl. Exhibit B at § 3, ¶ (a)(2)). This $190,333.00, became vested on December 31, 2014, the last date of Plaintiff's employment with Defendant. Even further, Defendant not once, but twice, in writing acknowledged this bonus and promised its payment to Plaintiff. (*See*, Yanowitz ¶¶ 2-3, Exhibits A, B). The holdings in *Ryan* and *Pachter* not only eviscerate Defendants' Motion to Dismiss, but also mandate granting Plaintiff's motion for summary judgment.

In light of the foregoing, Plaintiff is entitled to judgment in the amount of $190,333.00 under the NYLL, and all relief provided under NYLL § 198 (1-a).

**B.      Plaintiff Is Entitled To Judgment And Recovery Under the New York Labor Law For His Performance Bonus of $105,000.00**

Plaintiff acknowledges the import of *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220 (2000), and its progeny cited by the Defendant in Point II of its Memorandum (*see*, Def. Mem. at 7) that typically, performance bonuses tied to a company's performance are not recoverable under the NYLL. However, it is argued that this case is distinguishable from the authority provided by the Defendant because Plaintiff's "Performance Bonus" was vested and Mr. Yanowitz maintained his employment status through December 31, 2014.[6]

---

[6] In this respect, it is worth noting that under *Ryan*, the Court of Appeals specifically distinguished *Truelove* because the bonus in *Truelove* was discretionary, additional remuneration. *Ryan, supra,* 19 *N.Y.*3d 1 at 16. The Performance Bonus under Mr. Yanowitz's contract is mandatory and not discretionary.

On December 29, 2014, Plaintiff received a letter from David Greenstein, CEO of Defendant and discussed with him the terms of the letter and Plaintiff's separation from the company. (Yanowitz Aff., ¶ 3, Exhibit B). In this letter the Defendant acknowledged amounts due to Plaintiff:

> Your final paycheck through December 31, 2014 shall be made by direct deposit on the scheduled payroll date. <u>You will also be paid your Retention Bonus in the amount of $190,333.00 and a performance bonus in the amount of $105,000.00.</u>  All amounts are subject to required deductions and withholdings.

*Id*. (emphasis added).

As such, these amounts were vested as of December 31, 2014, and were due to Plaintiff with his final paycheck, which was scheduled for January 9, 2015. (*See*, Yanowitz Aff. ¶ 3). While discussing *Truelove*, the *Ryan* court noted that this promise to pay and the identification of amount, alone, was not enough, but also stated: "Citing our decision in *Hall* (supra), we noted that "the [employer's] bonus plan explicitly predicated the continuation of bonus payments upon the recipient's continued employment status." *Ryan*, *supra*, 19 *N.Y.*3d at 16 (citing *Hall v. United Parcel Services of America, Inc.*, 76 *N.Y.*2d 27 (1990)). In *Truelove*, the employee resigned employment after receiving the first quarterly payment and then, as an "ex-employee", was not entitled to receive the remaining quarterly payments under the bonus plan. Here, Mr. Yanowitz remained employed through the conclusion of his contract when the Performance Bonus was earned.

It is, therefore, argued that these facts remove the Performance Bonus from the reach of *Truelove*, and instead make it akin to the bonus addressed in *Ryan*.

It is also argued that Defendant acknowledged that its performance (annual sales increasing by 5% year-over-year), had already occurred, entitling Mr. Yanowitz to a Performance Bonus under the terms of the Employment Agreement. (*See*, Patin Decl., Exhibit

12

B, § 3, ¶ (3)). Thus, the Performance Bonus was no longer contingent on company performance, but had become a contractual sum, affirmed and ratified by the Defendant and guaranteed to the Plaintiff.  Finally, Defendant's argument that there has been no violation of the NYLL or breach of contract because the Performance Bonus was not due to be paid on December 31, 2014, only on or before March 31, 2015 (*see*, Def. Mem. at 9, n.5) is of no moment because the Defendant stated a refusal to pay on January 8, 2015 (Yanowitz Aff. ¶ 4, Exhibit C) and did not pay the Performance Bonus on March 31, 2015.

C.      **Plaintiff Is Entitled To Judgment and Recovery Under The New York Labor Law For Unpaid Vacation Pay In The Amount Of $13,529.82**

In Point III, Defendant glosses over case law to cloud the merits of Plaintiff's claim to vacation pay under the New York Labor Law.  In this respect, it is conceded that New York Labor Law § 198-c does not apply to "executives" who earn more than $900 a week, with respect to <u>criminal penalties</u> for a failure to pay benefits or wage supplements.  *See*, NYLL § 198-c; *see also, Pachter, supra,* 10 *N.Y.*3d at 615.  Contrary to Defendant's allegations (*see*, Def. Mem. at 10), Section 198-c does not apply to, and makes no reference to, civil damages stemming from an employer's failure to pay benefits or wage supplements. *See*, NYLL § 198-c. Rather, Section 198-c explicitly leaves open the civil recovery under other facets of the law, while discussing the criminal penalties that may be issued pursuant to that section.  In this respect, Section 198-c provides:

> <u>In addition to any other penalty or punishment otherwise prescribed by law</u>, any employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in section one hundred ninety-eight-a of this article. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.

NYLL § 198-c(1) (emphasis added).

Defendant cites five cases to support its argument in Point III that Section 198-c's exclusion of an "executive" prevents Plaintiff from recovering "wage supplements" of any kind under the NYLL. However, four of the cases predate *Pachter*. Moreover, the most recent case cited in Point III, the unpublished decision in *Wagner v. Edisonlearning, Inc.*, No. 09 CIV. 831(SAS), 2009 WL 1055728, at *1, 2009 U.S. Dist. LEXIS 32965, (S.D.N.Y. Apr. 17, 2009), itself recognizes that "**application of section 198-c(3) is not entirely settled**". (Emphasis added). Further, *Wagner* went on to cite in a footnote another Southern District of New York case which found that severance benefits (a form of "wage supplements" as defined under § 198-c) were within the scope of the NYLL's protection, irrespective of that plaintiff's status as an executive. *Id.* at *2, n. 28.[7] (citing *Metchick v. Bidermann Indus. Corp.*, No. 91 CIV. 2329 (PNL), 1993 WL 106139, at *4 (S.D.N.Y. Apr. 7, 1993) (denying defendants' motion for summary judgment where plaintiff executive sought to recover the "wage supplement" of "separation pay" under NYLL)).

Plaintiff submits that this Court should follow the well-reasoned *Metchick* decision, because it honors a line of reasoning that mirrors a rationale that was later adopted in *Pachter, supra, 10 N.Y.3d* at 616, that an executive is an "employee" protected under the NYLL. *See*, *Metchick, supra,* 1993 WL 106139, at *3-4, *compare with Pachter, supra, 10 N.Y.3d* at 615 (both cases tracing the structure of Labor Law § 190 to include executives as "employees"). As such, an executive should be entitled to all of the NYLL's civil protections. Taking this argument to its logical conclusion, just as *Metchick* correctly found that the executive was protected under the

---

[7] While *Wagner* also addressed *Pachter*'s reference to 198-c's exclusion of executives, 10 *N.Y.*3d at 615, Plaintiff avers that *Wagner* and Defendants over broaden this exclusion past the criminal penalties since *Pachter* itself does not extend the exclusion beyond the bounds of § 198-c itself, but merely comments on the explicit exclusion. *See, Pachter, supra,* 10 *N.Y.*3d at 615.

NYLL, and that "the payments sought by Metchick, which comprise separation pay based on his previous salary payments, are within the scope of the term 'wages' as used in § 198(1–a)," (1993 WL 106139, at *4), so too must Mr. Yanowitz's vacation pay be protected under the NYLL (albeit, not under the portion of the law regarding criminal sanctions). As such, Plaintiff should prevail on its claim for $13,529.82 in vacation pay and all relief provided under NYLL § 198(1-a).

> **D.    Plaintiff Is Entitled To Attorneys' Fees In An Amount To Be Determined By The Court, Liquidated Damages Equal To 100% Of The Total Amount Of Wages Found To Be Due, Prejudgment Interest And Other Relief The Court Deems Proper Under NYLL § 198(1-a).**

Defendant's argument in Point IV of its moving Memorandum of Law is an acknowledgment that Mr. Yanowitz is entitled to relief under NYLL § 198 as noted above. *Ryan* and *Pachter* are dispositive authority that Mr. Yanowitz is protected under NYLL and that Divatex violated the NYLL. Under *Ryan*, once the employee prevailed, it *ipso facto*, entitled him to recovery under § 198(1–a)). *See, Ryan, supra*, 19 *N.Y.*3d at 16.

Accordingly, Plaintiff is entitled to recover his wages, together with attorneys' fees to be determined by the Court, and liquidated damages equal to 100% of the total amount of wages found to be due, plus prejudgment interest, costs and such other and further relief as the Court deems just and equitable.

> **E.    Defendant Is Not Entitled To Dismissal of Any Aspect of Count Two of The Complaint.**

Defendant argues that the words "deduction from wages" was not used in the complaint and, hence, no NYLL claim has been plead. The substantive legal insignificance of this assertion is found in the *Ryan* court's decision. Otherwise, factually, the Complaint sufficiently pleads that the Defendant improperly withheld/reduced/chose not to pay Plaintiff's duly earned wages in

violation of the NYLL.  The Complaint gives the Defendant "fair notice" of Plaintiff's claims

and the grounds upon which they rest.  *Erickson v. Pardus*, 551 *U.S.* 89, 93, 127 *S. Ct.* 2197,

2199, 167 *L. Ed.* 2d 1081 (2007) (a pleading "must give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests.") (quoting *Bell Atl. Corp. v. Twombly*, 550 *U.S.*

544, 555, 127 *S. Ct.* 1955, 167 *L. Ed.* 2d 929 (2007)); *see also*, *Ashcroft v. Iqbal*, 556 *U.S.* 662,

678, 129 *S. Ct.* 1937, 1949, 173 *L. Ed.* 2d 868 (2009); *Bigio v. Coca-Cola Co.*, 675 *F.*3d 163,

173 (2d Cir. 2012).

The Plaintiff alleges that Defendant refused to pay Plaintiff wages in violation of the

NYLL and withheld earned contractual compensation. (*See*, Complaint, Patin Decl. at Exhibit

A).  The Complaint provides that the Defendant acted "in knowing violation of the NYLL

including, but not limited to, Section 193." (*Id.* at ¶ 13 (emphasis added)).  The Complaint seeks

recovery of wages, compensation, liquidated damages and attorneys' fees as a direct consequence

of Defendant's failure to pay. (*Id.* at ¶ 15).  Additionally, of course, the Defendant knows it has

been sued under the NYLL, as it has brought its motion.  Hence, the Complaint satisfies the

pleading standards enunciated in *Iqbal* and *Twombly*.

Assuming, *arguendo*, that it did not, the Plaintiff requests and must be afforded an

opportunity to amend the Complaint. *See*, *Ronzani v. Sanofi S.A.*, 899 *F.*2d 195, 198 (2d Cir.

1990) ("When a motion to dismiss is granted, 'the usual practice is to grant leave to amend the

complaint.'") (citations omitted); *Porat v. Lincoln Towers Cmty. Ass'n*, 464 *F.*3d 274, 276 (2d

Cir. 2006) ("Without doubt, this circuit strongly favors liberal grant of an opportunity to replead

after dismissal of a complaint under Rule 12(b)(6)."); *In re Bear Stearns Companies, Inc. Sec.,*

*Derivative, & ERISA Litig.*, No. 07 CIV. 10453, 2011 WL 4357166, at *2 (S.D.N.Y. Sept. 13,

2011) ("There is a strong preference for allowing plaintiffs to amend inadequate pleadings.")

(citations omitted).    At that time, the same substantive pleading will be filed with additional

"descriptions" of Defendant's failure to pay and the Summary Judgment Motion will be re-filed

and then granted.

## POINT II

## PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS CONTRACT CLAIM

Though Plaintiff maintains that the New York Labor Law effectively resolves this entire

matter, Plaintiff is also entitled to summary judgment based on Defendant's breach of its clear

contractual obligation to pay.  Defendant's failure to remit the full amount of Mr. Yanowitz's

final paycheck (consisting of unused vacation pay, Retention Bonus and Performance Bonus)

constitutes a breach of Plaintiff's Employment Agreement (¶ 3) and of Defendant's other written

promises to pay these sums to Plaintiff.

To establish a breach of contract there must be (1) an agreement, (2) adequate

performance by the plaintiff, (3) breach by the defendant, and (4) damages.  *See, Fischer &*

*Mandell, LLP v. Citibank, N.A.*, 632 *F*.3d 793, 799 (2d Cir. 2011).  Here, there is an undisputed

Employment Agreement. (*See* Patin Decl., Exhibit B).  Furthermore, Defendant made a number

of promises to Plaintiff guaranteeing payment of contractually due compensation under the

Employment Agreement. (*See*, Yanowitz Aff. ¶¶ 2-3, Exhibits A and B; *see also,* Patin Decl.,

Exhibit B).   The Employment Agreement guarantees an annual Retention Bonus as well as a

Performance Bonus.[8]   (*See*, Patin Decl., Exhibit B). Similarly, the Employment Agreement

provides that the Plaintiff would receive vacation time. (*Id.,* Section 3, (e)).

---

[8] While Defendant has attempted to assert that it was not in breach of the agreement because the Performance Bonus would only become payable on March 31, 2015 (three months after the end of the calendar year in which it was earned), that statement is a non-sequiter because Defendant refused to pay the amount and still has not made this payment.

When the Defendant informed the Plaintiff that his employment would end on December 31, 2014, it also confirmed that Plaintiff would receive the $190,333.00 Retention Bonus. (*See,* Yanowitz Aff. Exhibit A). On or about December 29, 2014, Plaintiff met with David Greenstein, Defendant's Chief Executive Officer, who gave him a letter, outlining the outstanding wages and compensation to be paid to Plaintiff upon conclusion of his employment on December 31, 2014. (*See,* Yanowitz Aff. ¶ 3, Exhibit B).   Specifically, this letter provides:

> Your final paycheck through December 31, 2014 shall be made by direct deposit on the scheduled payroll date.  You will also be paid your Retention Bonus in the amount of $190,333.00 and a performance bonus in the amount of $105,000.00.  All amounts are subject to required deductions and withholdings.

(Yanowitz Aff., Exhibit B).

In sum, Defendant promised and is contractually obligated to make the following outstanding payments:

1.      "Retention Bonus" in the sum of $190,333.00;

2.      "Performance Bonus" in the sum of $105,000.00; and

3.      Two (2) weeks of vacation pay totaling the sum of $13,529.82.

These unequivocal contractual obligations and promises to pay the Plaintiff cannot be avoided by the Defendant. There can be no dispute that the Plaintiff was employed through December 31, 2014 and that the Defendant has refused to pay the compensation required by the Employment Agreement, as further memorialized by Defendant's written promises to pay.

At its simplest, Defendant's Memorandum of Law is an admission that the Defendant has withheld compensation due to Plaintiff.  Defendant argues and admits that it simply chose not to pay Mr. Yanowitz (in an attempt to avoid NYLL liquidated damages and attorney's fees). Hence, Defendant acknowledges its breach of the Employment Agreement, entitling Plaintiff to Summary Judgment on the First Count of its Complaint.

Based on the foregoing, the Court should enter summary judgment on the First Count of the Complaint.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that the Court grant Plaintiff's Motion for Summary Judgment and deny Defendant's Motion to Dismiss.

April 9, 2015                                    Respectfully submitted,
New York, New York


Bruce D. Meller

PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone:  (212) 382-0909
Bmeller@pecklaw.com
Attorneys for Plaintiff
Ritchard Yanowitz

#422626.2