UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RITCHARD YANOWITZ,

                Plaintiff,

    -against-

DIVATEX HOME FASHION, INC.,

                Defendant.

15 Civ. 807 (KBF)

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE SECOND COUNT OF PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

I.    THE OVERWHELMING MAJORITY OF COURTS TO DECIDE THE ISSUE
BOTH BEFORE AND AFTER THE NEW YORK COURT OF APPEALS'
DECISION IN *RYAN* HAVE HELD THAT SECTION 193 DOES NOT APPLY
TO AN ALLEGED FAILURE TO PAY WAGES ............................................................. 2

II.    PLAINTIFF ADMITS THAT THE PERFORMANCE BONUS IS NOT A
WAGE BECAUSE IT IS EXPRESSLY TIED TO THE PERFORMANCE OF
DIVATEX ........................................................................................................................ 6

III.    NEW YORK LABOR LAW § 198-c'S EXCLUSION OF EXECUTIVES
APPLIES TO CIVIL AND CRIMINAL CASES ALIKE, AND PLAINTIFF
THEREFORE MAY NOT RECOVER THE ALLEGEDLY UNPAID
VACATION PAY .............................................................................................................. 8

IV.    ABSENT A VIABLE LABOR CLAIM, PLAINTIFF'S DEMAND FOR
LIQUIDATED DAMAGES AND ATTORNEYS' FEES SHOULD BE
STRICKEN ...................................................................................................................... 9

V.    AMENDMENT IS FUTILE BECAUSE PLAINTIFF CANNOT ASSERT ANY
COLORABLE CLAIM UNDER THE LABOR LAW ................................................... 10

CONCLUSION .......................................................................................................................... 10

APPENDIX ................................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

Cases

*Bar-Tur v. Arience Capital Mgmt., L.P.*,
   490 F. App'x 392 (2d Cir. 2012) ............................................7

*Church v. St. Mary's Healthcare*,
   11 Civ. 1198 (NAM/ATB), 2012 U.S. Dist. LEXIS 138338 (N.D.N.Y. Sept. 25,
   2012) .........................................................5

*Cohen v. ACM Med. Lab.*,
   178 Misc. 2d 130, 678 N.Y.S.2d 432 (Sup. Ct., Monroe Cnty. 1998) ............2, 8, 9

*Edwards v. Shrader-Bridgeport Int'l, Inc.*,
   205 F. Supp. 2d 3 (N.D.N.Y. 2002) ...............................8, 9

*Fraiberg v. 4Kids Entertainment, Inc.*,
   75 A.D.3d 580, 906 N.Y.S.2d 64 (2d Dep't 2010) ....................8

*Gerzog v. London Fog Corp.*,
   907 F. Supp. 590 (E.D.N.Y. 1995) ..............................8, 9

*Hart v. Rick's N.Y. Cabaret Int'l*,
   967 F. Supp. 2d 901 (S.D.N.Y. 2013) ............................5

*Hernandez v. Intercos Am., Inc.*,
   06 Civ. 13314 (GEL), 2007 U.S. Dist. LEXIS 93026 (S.D.N.Y. Dec. 19, 2007) ............7

*Ireton-Hewitt v. Champion Home Builders Co.*,
   501 F. Supp. 2d 341 (N.D.N.Y. 2007) ..........................3, 7

*Kane v. Waterfront Media, Inc.*,
   0604007/2007, 2008 N.Y. Misc. LEXIS 10796, 2007 N.Y. Slip Op. 34370(U) (Sup.
   Ct., N.Y. Cnty. Aug. 22, 2008) ................................3

*Kletter v. Fleming*,
   32 A.D.3d 566, 820 N.Y.S.2d 348 (3d Dep't 2006) .........................1, 3

*Levion v. Versus Société Générale*,
   822 F. Supp. 2d 390 (S.D.N.Y. 2011) ...........................7

*Malinowski v. Wall St. Source, Inc.*,
   09 Civ. 9592 (PAE), 2012 U.S. Dist. LEXIS 11575 (S.D.N.Y. Jan. 31, 2012) ...................3, 9

*Metchick v. Bidermann Indus. Corp.*,
   91 Civ. 2329 (PNL), 1993 U.S. Dist. LEXIS 4278 (S.D.N.Y. Apr. 7, 1993)..........................9

*Monagle v. Scholastic, Inc.*,
   06 Civ. 14342 (GEL), 2007 U.S. Dist. LEXIS 19788 (S.D.N.Y. Mar. 9, 2007)..............3, 8, 9

**TABLE OF AUTHORITIES (cont'd)**

*Moras v. Marco Polo Network, Inc.*,
   11 Civ. 2081 (PAE), 2012 U.S. Dist. LEXIS 181110 (S.D.N.Y. Dec. 20, 2012) .........1, 3, 4, 5

*Naderi v. North Shore-Long Island Jewish Health Sys.*,
   Index No. 158028/13, 2014 N.Y. Misc. LEXIS 863, 2014 N.Y. Slip Op. 30485(U)
   (Sup. Ct. N.Y. Cnty. Feb. 28, 2014) ....................................................................................9

*Pachter v. Bernard Hodes Group, Inc.*,
   10 N.Y.3d 609, 891 N.E.2d 279, 861 N.Y.S.2d 246 (2008).............................................4, 8, 9

*Ryan v. Kellogg Partners Institutional Servs.*,
   19 N.Y.3d 1, 968 N.E.2d 947, 945 N.Y.S.2d 593 (2012)................................................ *passim*

*Ryan v. Kellogg Partners Institutional Servs.*,
   79 A.D.3d 447, 914 N.Y.S.2d 81 (1st Dep't 2010) ....................................................................4

*Ryan v. Kellogg Partners Institutional Servs.*,
   2010 N.Y. Misc. LEXIS 6740, 2010 N.Y. Slip Op. 33771(U) (Sup. Ct., N.Y. Cnty.
   Jan. 4, 2010)................................................................................................................................4

*Truelove v. Northeast Capital & Advisory, Inc.*,
   95 N.Y.2d 220, 738 N.E.2d 770, 715 N.Y.S.2d 366 (2000).......................................... *passim*

*Wachter v. Kim*,
   82 A.D.3d 658, 920 N.Y.S.2d 66 (1st Dep't 2011) ...................................................................6

*Wachter v. Kim*,
   Index No. 650532/2008 (Sup. Ct., N.Y. Cnty. Jan. 11, 2013)..................................................5

*Wagner v. EdisonLearning, Inc.*,
   09 Civ. 831 (SAS), 2009 U.S. Dist. LEXIS 32965 (S.D.N.Y. Apr. 17, 2009).................2, 8, 9

*Wang v. Hearst Corp.*,
   12 Civ. 793 (HB), 2013 U.S. Dist. LEXIS 3768 (S.D.N.Y. Jan. 9, 2013)...............................5

*Wiggins v. Hain Pure Protein Corp.*,
   829 F. Supp. 2d 231 (S.D.N.Y. 2011)........................................................................................3

<u>Statutes and Rules</u>

Fed. R. Civ. P. 12.............................................................................................................................1

N.Y. Labor Law § 190 .....................................................................................................................4

N.Y. Labor Law § 191 ...................................................................................................................10

N.Y. Labor Law § 193 .......................................................................................................... *passim*

N.Y. Labor Law § 198 .............................................................................................................3, 4, 9

N.Y. Labor Law § 198-c ....................................................................................................... *passim*

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Divatex Home Fashion, Inc. ("Divatex"), by and through its attorneys Seward & Kissel LLP, respectfully submits this reply memorandum of law in further support of its Motion to Dismiss the Second Count in the Complaint of Plaintiff Ritchard Yanowitz ("Plaintiff" or "Yanowitz").

## PRELIMINARY STATEMENT

In his Opposition Brief, Plaintiff concedes three simple points, which provide this Court the basis to grant Divatex's motion to dismiss:

First, Plaintiff admits that he does not allege any "deductions" to his purported wages, but instead the non-payment of certain amounts. *See* Opp. Br. at 6 (admitting that the Complaint alleges a "failure to pay" rather than any specified "deduction"); *see also id.* at 16 (admitting that the Complaint alleges only that "defendant refused to pay Plaintiff wages in violation of the NYLL"). Thus, Plaintiff has failed to state a claim under New York Labor Law § 193. *See Moras v. Marco Polo Network, Inc.*, 11 Civ. 2081 (PAE), 2012 U.S. Dist. LEXIS 181110, at *31 (S.D.N.Y. Dec. 20, 2012); *Kletter v. Fleming*, 32 A.D.3d 566, 567, 820 N.Y.S.2d 348, 350 (3d Dep't 2006).

Second, Plaintiff admits that the Performance Bonus is based entirely on the performance of Divatex, as opposed to Plaintiff's individual performance, *see* Opp. Br. at 3, and admits that "typically, performance bonuses tied to a company's performance are not recoverable under the NYLL," *see id.* at 11; *see also Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224, 738 N.E.2d 770, 772, 715 N.Y.S.2d 366, 368 (2000).

Third, Plaintiff admits that New York Labor Law § 198-c, the statutory basis to recover "wage supplements" such as Plaintiff's allegedly unpaid vacation pay, does not apply to Plaintiff, an executive earning more than $900 per week. *See* Opp. Br. at 11 (admitting that Plaintiff is an executive); *id.* at 13 ("conced[ing] that New York Labor Law § 198-c does not

apply to 'executives'"); *see also Wagner v. EdisonLearning, Inc.*, 09 Civ. 831 (SAS), 2009 U.S. Dist. LEXIS 32965, at *10 (S.D.N.Y. Apr. 17, 2009); *Cohen v. ACM Med. Lab.*, 178 Misc. 2d 130, 135, 678 N.Y.S.2d 432, 435 (Sup. Ct., Monroe Cnty. 1998).

For these reasons, the motion should be granted.  Plaintiff nevertheless argues that (1) dismissal is not warranted under the Court of Appeals' decision in *Ryan v. Kellogg Partners Institutional Servs.*, 19 N.Y.3d 1, 968 N.E.2d 947, 945 N.Y.S.2d 593 (2012), a case in which the issue of whether § 193 applies to an alleged failure to pay wages (as opposed to an improper deduction from wages) was neither briefed, argued, or decided; (2) as a general matter, executives such as Plaintiff are covered under the New York Labor Law, an uncontroversial principle of law that has nothing to do with the premise of Divatex's motion; (3) this Court should ignore the Court of Appeals' decision in *Truelove*, which held that a performance bonus tied to a company's performance is not a "wage;" and (4) New York Labor Law § 198-c is limited to criminal actions despite numerous cases holding that executives may not assert civil claims to "wage supplements."  As set forth in further detail below, Plaintiff's arguments are insufficient to revive his deficient pleading.

Accordingly, the Court should dismiss Plaintiff's second count for statutory wages with prejudice and strike his demand for liquidated damages and attorneys' fees.

## ARGUMENT

## I.    THE OVERWHELMING MAJORITY OF COURTS TO DECIDE THE ISSUE BOTH BEFORE AND AFTER THE NEW YORK COURT OF APPEALS' DECISION IN *RYAN* HAVE HELD THAT SECTION 193 DOES NOT APPLY TO AN ALLEGED FAILURE TO PAY WAGES

In its Moving Brief, Divatex cited numerous New York federal and state court decisions that concluded a claim for the alleged failure to pay wages is not properly brought

under § 193.  *See* Mov. Br. at 5-6.[1]  Plaintiff makes no attempt to distinguish all but one of these

cases, arguing instead that the Court of Appeals' subsequent decision in *Ryan v. Kellogg*

*Partners Institutional Servs.*, 19 N.Y.3d 1, 968 N.E.2d 947, 945 N.Y.S.2d 593 (2012), governs

this case while chastising counsel for failing to bring it to the Court's attention.  Opp. Br. at 8.

However, *Ryan* has no application here and there was no need for Divatex to cite it.  In *Ryan*, the

Court of Appeals was not presented with the question of whether § 193 applies to a claim for

failure to pay wages.  Additionally, several decisions after *Ryan* have continued to reach the

same conclusion as those decided before *Ryan* which Plaintiff so casually dismisses – a claim for

failure to pay wages is not properly brought under § 193.  For this reason alone, Plaintiff's

second count should be dismissed in its entirety.

        In *Ryan*, the plaintiff sought recovery of a bonus based on an oral agreement and

under the New York Labor Law.  *Ryan*, 19 N.Y.3d at 8, 968 N.E.2d at 950, 945 N.Y.S.2d at 595.

After a jury trial, in which the plaintiff was awarded $175,000, the defendant filed several post-

trial motions, arguing that the jury's verdict was against the weight of the evidence and that

plaintiff's claims were based on an unenforceable oral agreement.  *Id.*  The plaintiff filed a cross-

motion, seeking attorneys' fees pursuant to Labor Law § 198(1-a) based on a willful violation of

the Labor Law.  *Id.*  No party briefed or argued – nor did the Court of Appeals decide – whether

§ 193 of the Labor Law applies to a failure to pay wages.[2]  This is apparent from the fact that

---

[1]    Citing *Moras*, 2012 U.S. Dist. LEXIS 181110, at *31; *Malinowski v. Wall St. Source, Inc.*, 09 Civ.
9592 (PAE), 2012 U.S. Dist. LEXIS 11575, at *9 n.5 (S.D.N.Y. Jan. 31, 2012); *Wiggins v. Hain*
*Pure Protein Corp.*, 829 F. Supp. 2d 231, 242 (S.D.N.Y. 2011); *Monagle v. Scholastic, Inc.*, 06 Civ.
14342 (GEL), 2007 U.S. Dist. LEXIS 19788, at *5 (S.D.N.Y. Mar. 9, 2007); *Ireton-Hewitt v.*
*Champion Home Builders Co.*, 501 F. Supp. 2d 341, 353 (N.D.N.Y. 2007); *Kletter*, 32 A.D.3d at
567, 820 N.Y.S.2d at 350; *Kane v. Waterfront Media, Inc.*, 0604007/2007, 2008 N.Y. Misc. LEXIS
10796, at *9, 2007 N.Y. Slip Op. 34370(U), at *8 (Sup. Ct., N.Y. Cnty. Aug. 22, 2008).

[2]    Plaintiff is well aware of this fact, as the same law firm that represented the defendant in *Ryan* and
could have made such an argument, Peckar & Abramson, P.C., represents the Plaintiff here.

§ 193 is not mentioned, even in passing, in either the trial court's decision, 2010 N.Y. Misc. LEXIS 6740, 2010 N.Y. Slip Op. 33771(U) (Sup. Ct., N.Y. Cnty. Jan. 4, 2010), or the decision by the First Department, 79 A.D.3d 447, 914 N.Y.S.2d 81 (1st Dep't 2010). The issue was therefore not before the Court of Appeals, and any reference to § 193 by the Court of Appeals is dicta.[3]

Indeed, the single sentence on which Plaintiff purports to rely is found in the section of *Ryan* addressing attorneys' fees under § 198(1-a). *See Ryan*, 19 N.Y.3d at 16, 968 N.E.2d at 956, 945 N.Y.S.2d at 602 ("Since Ryan's bonus therefore constitutes 'wages' within the meaning of Labor Law § 190(1), Kellogg's neglect to pay him the bonus violated Labor Law § 193.") (citing *Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 891 N.E.2d 279, 861 N.Y.S.2d 246 (2008)). This sentence was not the "holding" of *Ryan* as Plaintiff claims, *see* Opp. Br. at 7, and Plaintiff cites no case that would suggest *Ryan* overruled the numerous decisions cited by Divatex that were squarely presented with the question of whether § 193 applies to an alleged failure to pay wages and unanimously held it does not.

This Court need not take Divatex's word for it, as several courts that addressed the reach of § 193 after *Ryan* confirm that the statute is limited to claims for improper deductions, not non-payment. Divatex cited one of these cases in its Moving Brief – *Moras v. Marco Polo Network, Inc.*, 11 Civ. 2081 (PAE), 2012 U.S. Dist. LEXIS 181110 (S.D.N.Y. Dec. 20, 2012) – which Plaintiff writes off as "a misleading citation because the issue in that case was the amount of the wages, not a refusal to pay wages, and further, plaintiff did not allege any substantive violation of the NYLL statutory provisions." Opp. Br. at 10. On the contrary, *Moras* is directly on point. In *Moras*, the plaintiff alleged "that defendants violated New York Labor

---

[3]     In fact, the plaintiff in *Ryan* did not expressly assert a claim under § 193, but rather, a "violation of Labor Law §§ 190 through 198." *Ryan*, 19 N.Y.3d at 8, 968 N.E.2d at 950, 945 N.Y.S.2d at 595.

Law *by failing to pay him his salary*."  2012 U.S. Dist. LEXIS 181110, at *30 (emphasis added).

Although the Court faulted the plaintiff for failing to "reference any particular provision of the

Labor Law," the Court nevertheless walked through each section of the statute to determine

whether *any* applied.  *Id.*  In its discussion of § 193, the Court stated: "Nor can Moras sustain a

claim under section 193.  Section 193 has nothing to do with failure to pay wages . . . , governing

instead the specific subject of making deductions from wages."  *Id.* at *31.  Thus, the Court

considered whether § 193 applied to a failure to pay wages after *Ryan* and held that it did not.

      Similarly, in *Hart v. Rick's N.Y. Cabaret Int'l*, 967 F. Supp. 2d 901 (S.D.N.Y.

2013), also decided after *Ryan*, the Court rejected the very same argument Plaintiff makes here:

> Plaintiffs argue that § 193(1) should also be read to prohibit
> deductions from what they term "earned wages," *i.e.*, the wages to
> which [plaintiff] was legally entitled to receive from [defendant],
> even if such wages were never paid. Pl. Br. at 14-17.  But that is
> not a tenable reading of the statute, as *the clause "deduction[s]
> from the wages of an employee" naturally presupposes deductions
> from actual, paid wages. Because plaintiffs were never paid such
> wages, defendants are not liable under § 193(1).*

*Id.* at 952 (emphasis added).  In *Wang v. Hearst Corp.*, 12 Civ. 793 (HB), 2013 U.S. Dist. LEXIS

3768 (S.D.N.Y. Jan. 9, 2013), another post-*Ryan* decision, Judge Baer reached a similar

conclusion:  "[U]nder Section 193, [a] 'deduction' literally is an act of taking away or

subtraction. . . . In other words, there can be no 'deduction' within the meaning of the statute

when there is nothing from which to take away or subtract."  *Id.* at *8 (internal quotation marks

omitted); *see also Church v. St. Mary's Healthcare*, 11 Civ. 1198 (NAM/ATB), 2012 U.S. Dist.

LEXIS 138338, at *10-11 (N.D.N.Y. Sept. 25, 2012) (dismissing claim under § 193 based on

defendant's failure to pay plaintiffs for hours they allegedly worked).  And, at least one state

court has reached the same conclusion after *Ryan*.  *See Wachter v. Kim*, Index No. 650532/2008

(Sup. Ct., N.Y. Cnty. Jan. 11, 2013) ("Because Wachter merely alleges the failure to pay wages

rather then [sic] a specific unauthorized deduction from his wages, his claim for violation of section 193 of the Labor Law fails.").[4]  *Wachter* is particularly notable both because it was decided after the Court of Appeals decided *Ryan* and after an earlier First Department decision in the same case (cited in the Mov. Br. at 6) that allowed a plaintiff's § 193 claim for an unpaid bonus to survive a motion to dismiss, although the court was not presented with the question of whether non-payment qualified as a deduction.  *See Wachter v. Kim*, 82 A.D.3d 658, 663, 920 N.Y.S.2d 66, 71 (1st Dep't 2011).

It is also signifiant that the New York Legislature amended § 193 in the months after *Ryan*, but failed to address or consider including in the amended text of the statute a "failure to pay wages."  *See* N.Y. Assembly Bill A10785-2011 (June 18, 2012).  If, as Plaintiff argues, *Ryan* is "the controlling precedent in the State of New York on the very issues Defendant places before the Court," *see* Opp. Br. at 2, then it is not only Divatex that is "totally oblivious of *Ryan*," *see id.* at 10, but also the New York State Legislature, three federal district court judges, and one state court judge.  Of course, this is not so.  Because the Complaint does not, and cannot, allege any "deduction" from Plaintiff's purported wages, the second count should be dismissed.

## II.   PLAINTIFF ADMITS THAT THE PERFORMANCE BONUS IS NOT A WAGE BECAUSE IT IS EXPRESSLY TIED TO THE PERFORMANCE OF DIVATEX

In addressing whether the Performance Bonus is a "wage," Plaintiff admits that under the Court of Appeals' decision in *Truelove* and its progeny, "performance bonuses tied to a company's performance are not recoverable under the NYLL."  Opp. Br. at 11.  No further analysis is necessary.  On its face, and by Plaintiff's concession, the Performance Bonus is not a

---

[4]   For the Court's convenience, a copy of the trial court's unpublished decision in *Wachter v. Kim* is attached hereto in an appendix.

"wage," and is therefore not the proper subject of a claim under the New York Labor Law.  *See* Mov. Br. at 8.[5]

Plaintiff nevertheless argues that *Truelove* is distinguishable because the Performance Bonus was vested and non-discretionary as of December 31, 2014, Plaintiff's final day of employment by Divatex.  Opp. Br. at 11.  In *Truelove*, the Court of Appeals held that an incentive bonus is not a "wage" if it is tied to the company's performance, as opposed to an individual's performance.  *Truelove*, 95 N.Y.2d at 223-24, 738 N.E.2d at 771-72, 715 N.Y.S.2d at 367-68.  The Court also held that an incentive bonus is not a "wage" if it is unvested and discretionary.  *Id.* at 224, 738 N.E.2d at 772, 715 N.Y.S.2d at 368.  But, neither *Truelove* nor any other New York court has ever held, as Plaintiff asks this Court to do here, that this is an either/or test.  In fact, Plaintiff admits that in *Ryan*, the Court of Appeals held that a "promise to pay and the identification of amount, alone, was not enough."  Opp. Br. at 12.  Indeed, in *Ryan*, the plaintiff's bonus was considered a wage because "[u]nlike the situation in *Truelove*, Ryan's bonus was 'expressly link[ed]' to his 'labor or services personally rendered.'"  *Ryan*, 19 N.Y.3d at 16, 968 N.E.2d at 956, 945 N.Y.S.2d at 602.

Here, unlike in *Ryan*, the Performance Bonus is based entirely on the performance of Divatex, not Plaintiff.  *See* Opp. Br. at 3 (Performance Bonus based on "Defendant's average annual sales").  Thus, the Performance Bonus is not a "wage" and not recoverable under the New York Labor Law.  *See* Mov. Br. at 8.

---

[5]   Citing *Truelove*, 95 N.Y.2d at 224, 738 N.E.2d at 772, 715 N.Y.S.2d at 368; *Bar-Tur v. Arience Capital Mgmt., L.P.*, 490 F. App'x 392, 394 (2d Cir. 2012); *Levion v. Versus Société Générale*, 822 F. Supp. 2d 390, 404 (S.D.N.Y. 2011); *Hernandez v. Intercos Am., Inc.*, 06 Civ. 13314 (GEL), 2007 U.S. Dist. LEXIS 93026, at *4 (S.D.N.Y. Dec. 19, 2007); *Ireton-Hewitt*, 501 F. Supp. 2d at 354.

**III.   NEW YORK LABOR LAW § 198-c'S EXCLUSION OF EXECUTIVES APPLIES TO CIVIL AND CRIMINAL CASES ALIKE, AND PLAINTIFF THEREFORE MAY NOT RECOVER THE ALLEGEDLY UNPAID VACATION PAY**

Plaintiff does not dispute that (1) he is an executive, *see* Opp. Br. at 11, (2) New York Labor Law § 198-c does not apply to executives, *see id.* at 13, and (3) the allegedly unpaid vacation pay is a "wage supplement," *see id*.  Because "wage supplements" are only recoverable through § 198-c, Divatex's motion to dismiss Plaintiff's Labor Law claim should, at a minimum, be dismissed insofar as Plaintiff seeks to recover the allegedly unpaid vacation pay.  *See* Mov. Br. at 9-10.[6]

To avoid this result, Plaintiff argues that § 198-c is limited to criminal cases, and the Court should ignore the numerous decisions cited by Divatex holding that executives may not recover "wage supplements" in civil cases.  *See* Opp. Br. at 14.  Plaintiff again makes no attempt to distinguish any of these cases.  Instead, Plaintiff argues that "four of the cases predate *Pachter*," decided in 2008.  *Id.*  But, the date of these decisions is irrelevant, because *Pachter* held only that "executives are employees for purposes of Labor Law article 6, *except where expressly excluded*."  *Pachter*, 10 N.Y.3d at 616, 891 N.E.2d at 283, 861 N.Y.S.2d at 250 (emphasis added).  Of course, § 198-c expressly excludes executives, which Plaintiff freely admits and *Pachter* itself recognized.  *See* Opp. Br. at 14 n.7.

The more important question is whether § 198-c's exclusion of executives applies to civil cases.  As the overwhelming majority of courts to have addressed the issue have decided – both before *and* after *Pachter* – it does.  *See Fraiberg v. 4Kids Entertainment, Inc.*, 75 A.D.3d 580, 583, 906 N.Y.S.2d 64, 67 (2d Dep't 2010) (acknowledging the holding of *Pachter*, but

---

[6]   Citing *Wagner*, 2009 U.S. Dist. LEXIS 32965, at *10; *Monagle*, 2007 U.S. Dist. LEXIS 19788, at *5; *Edwards v. Shrader-Bridgeport Int'l, Inc.*, 205 F. Supp. 2d 3, 15 (N.D.N.Y. 2002); *Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 603 (E.D.N.Y. 1995); *Cohen*, 178 Misc. 2d at 135, 678 N.Y.S.2d at 435.

concluding that plaintiff could not recover "wage supplements" in a civil action because she was an executive excluded from coverage under § 198-c); *Naderi v. North Shore-Long Island Jewish Health Sys.*, Index No. 158028/13, 2014 N.Y. Misc. LEXIS 863, at *17-18, 2014 N.Y. Slip Op. 30485(U), at **11 (Sup. Ct. N.Y. Cnty. Feb. 28, 2014) (dismissing plaintiff-executive's claim for accrued vacation pay despite plaintiff-executive's arguments that § 198-c is limited to criminal cases); *see also Wagner*, 2009 U.S. Dist. LEXIS 32965, at *10; *Monagle*, 2007 U.S. Dist. LEXIS 19788, at *5; *Edwards*, 205 F. Supp. 2d at 15; *Gerzog*, 907 F. Supp. at 603; *Cohen*, 178 Misc. 2d at 135, 678 N.Y.S.2d at 435.  Thus, Plaintiff – an executive – cannot state a claim under New York Labor Law for the recovery of his allegedly unpaid vacation pay.[7]

## IV.   ABSENT A VIABLE LABOR CLAIM, PLAINTIFF'S DEMAND FOR LIQUIDATED DAMAGES AND ATTORNEYS' FEES SHOULD BE STRICKEN

Plaintiff does not dispute that if the Court dismisses his claims under New York Labor Law – as it should – he has no basis to recover liquidated damages or attorneys' fees under Labor Law §198(1-a).  Because Plaintiff has no Labor Law claim, *see supra*, Plaintiff is not entitled to any of the remedies outlined in § 198.  *See* Mov. Br. at 11 (citing *Malinowski*, 2012 U.S. Dist. LEXIS 11575, at *7-8).[8]

---

[7]   Plaintiff claims that *Metchick v. Bidermann Indus. Corp.*, 91 Civ. 2329 (PNL), 1993 U.S. Dist. LEXIS 4278 (S.D.N.Y. Apr. 7, 1993), supports his position that an executive may recover "wage supplements," despite the specific exclusion in § 198-c(3).  Plaintiff fails to mention, however, that the *Metchick* court did not address § 198-c(3) one way or the other.  *See Wagner*, 2009 U.S. Dist. LEXIS 32965, at *8 n.28.

[8]   For the avoidance of doubt, § 198 does not provide, as Plaintiff claims, that an employee who prevails on a Labor Law claim is "*ipso facto*" entitled to liquidated damages.  Opp. Br. at 15.  The statute does not mandate an award of liquidated damages if "the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law."  N.Y. Labor Law § 198 (1-a).

**V.      AMENDMENT IS FUTILE BECAUSE PLAINTIFF CANNOT ASSERT ANY COLORABLE CLAIM UNDER THE LABOR LAW**

In a final attempt to save his Labor Law claim, Plaintiff asks for the opportunity to amend his Complaint to add "additional 'descriptions'" of Divatex's alleged Labor Law violations.  Opp. Br. at 17.  There are no "additional descriptions" of Plaintiff's purported Labor Law claim that would make it any more viable, and it is irrelevant that Plaintiff vaguely alleged violations of the New York Labor Law "including, but not limited to, Section 193."  *See* Compl. ¶ 15.  Here, amendment is futile since (1) section 193 is limited to deductions from wages, and (2) section 191 (frequency of wages) and 198-c (benefits or wage supplements) are inapplicable to executives.  *See* Mov. Br. at 6.  There is simply no provision of the Labor Law under which Plaintiff can assert a claim here.

## CONCLUSION

For the foregoing reasons, and those in its Moving Brief, Divatex respectfully requests that the Court dismiss the second count of Plaintiff's Complaint with prejudice, strike his demand for liquidated damages and attorneys' fees, and grant Divatex such other or further relief as the Court deems just and proper.

New York, New York
April 22, 2015

SEWARD & KISSEL LLP

By:    /s Anne C. Patin
          Anne C. Patin
          Michael B. Weitman
          One Battery Park Plaza
          New York, New York  10004
          (212) 574-1200 (telephone)
          (212) 480-8421 (facsimile)

*Attorneys for Defendant*
*Divatex Home Fashion, Inc.*

SK 25855 0004 6497960

# APPENDIX

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION
--------------------------------------------x
KARL J. WACHTER,

                    Plaintiff,                     Index No.
                                                   650532/08

          - against -

DOW KIM

                    Defendant.
--------------------------------------------x

**Charles E. Ramos, J.S.C.:**

     Plaintiff Karl Wachter moves for leave to reargue both his

and defendant Dow Kim's prior summary judgment motions solely as

they relate to the narrow ground upon which this Court dismissed

Wachter's claims under Labor Law §§ 193 and 198.

     Upon reargument, Wachter requests this Court vacate its

prior decision as they relate to Wachter's claims under the Labor

Law, and deny Kim's motion for summary judgment.

     The Court grants leave to reargue, and upon reargument, this

decision shall stand in the place and stead of this Court's prior

determination, dated July 18, 2012 (Decision).

     For a full recitation of the factual background in this

action, see this Court's prior Decision.

     Previously, Wachter moved for summary judgment on his claim

for violation of Labor Law §§ 193(1) and 198 on the ground that

his 2007 and 2008 guaranteed minimum compensation are "wages"

within the meaning of the statute.  Wachter argued that Kim's

failure to pay Wachter the unpaid balance of the 2007 and 2008

Compensation at the termination of his employment constituted an unlawful deduction from WACHTER's wages within the meaning of Labor Law § 193.   Wachter sought the full amount of his "wages," and argues that the amounts improperly deducted totals $450,000 of the 2007 Compensation and $1,869,231 of the 2008 Compensation. Wachter testified at his deposition that his base salary was $200,000 a year, and that he was paid $180,000 for the ten months that he was employed (Ex. B, annexed to Kim's Motion, Transcript [Tr.], at 379).

Kim separately moved for summary judgment to dismiss this claim on the basis that Wachter is not an "employee" and Kim is not an "employer" within those provisions of the Labor Law.

Previously, the First Department determined that the 2007 and 2008 compensation of not less than $2,000,000 in 2008 and a prorated portion thereof in 2007 constituted guaranteed sums certain that 'Diamond Lake' must pay to plaintiff and has no discretion not to pay.   On this basis, that court determined that Wachter sufficiently stated a claim for protected "wages" under Labor Law § 193 (1) and § 198 (*Wachter v Kim,* 82 AD3d 658 [1st Dept 2011]).

Section 193 of the Labor Law prohibits an employer from making "any deduction from the wages of an employee" unless permitted by law or authorized by the employee for certain payments made for the employee's benefit.   Section 198 of the

2

A-2

Labor Law entitles the employee to an award of attorney's fees.

In its decision, the First Department did not address whether the non-payment of Wachter's wages qualifies as a "deduction from wages," within the meaning of section 193 of the Labor Law.

Under well-established precedent, section 193 of the Labor Law does not apply when a plaintiff merely alleges a failure to pay wages and cannot cite to a specific deduction from wages (*see Kletter v Fleming,* 32 AD3d 566, 567 [3d Dept 2006]; *Monagle v Scholastic, Inc.,* 2007 WL 766282, *2 [SD NY 2007]; *Malinowski v Wall Street Source, Inc.,* 2012 WL 279450, fn 5 [SD NY 2012]; *Moras v Marco Polo Network, Inc.,* 2012 WL 6700231 [SD NY 2012]).

Because Wachter merely alleges the failure to pay wages rather then a specific unauthorized deduction from his wages, his claim for violation of section 193 of the Labor Law fails. Consequently, the request for attorney's fees under Labor Law § 198 also fails (*see  Gottlieb v Kenneth D. Laub & Co.,* 82 NY2d 457, 459 [1993], *rearg denied* 83 NY2d 801 [1994]).

Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to reargue is granted, and upon reargument, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied, and it is further

ORDERED that defendant's motion for summary judgment is

3

granted as to the claim for violations of the Labor Law Section 193, which is hereby dismissed and severed.

Dated: January 11, 2013

ENTER:

_____

J.S.C.

**CHARLES E. RAMOS**

4