UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITCHARD YANOWITZ,<br><br>       Plaintiff,<br><br> - against -<br><br>DIVATEX HOME FASHION, INC.,<br><br>       Defendant.<br><br>DIVATEX HOME FASHION, INC.,<br><br>       Counterclaim Plaintiff,<br><br> - against -<br><br>RITCHARD YANOWITZ and<br>BRANDON YANOWITZ,<br><br>       Counterclaim Defendants. | 15 Civ. 807 (KBF) |

## DECLARATION OF ANNE C. PATIN, ESQ.

I, Anne C. Patin, Esq., pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am a member of Seward & Kissel LLP, attorneys for Defendant-Counterclaim Plaintiff Divatex Home Fashion, Inc. ("Divatex" or "Defendant"). I make this declaration in support of Defendant's Motion to Defer or Deny Plaintiff's Motion for Summary Judgment and Allowing Defendant to Take Discovery pursuant to Federal Rule of Civil Procedure 56(d).

2. On February 3, 2015, Plaintiff-Counterclaim Defendant Ritchard Yanowitz ("Plaintiff") filed a two-count Complaint, asserting claims for breach of contract and violation of the New York Labor Law. Plaintiff claims that he is owed a Retention Bonus in the amount of

$190,333, a Performance Bonus in the amount of $105,000, and vacation pay in the amount of $13,529.82, plus liquidated damages and attorney'

3. On March 26, 2015, Divatex filed a motion to dismiss Plaintiff's claim for violation of the New York Labor Law, because (1) Plaintiff does not allege any "deductions" from his purported wages and therefore cannot state a claim under N.Y. Labor Law § 193, (2) Plaintiff's Performance Bonus is based entirely on the performance of Divatex and is therefore not a "wage," and (3) Plaintiff cannot state a claim to recover vacation pay under the New York Labor Law – a "wage supplement" – because he was an executive earning more than $900 per week while employed by Divatex.

4. On April 9, 2015, before Divatex had answered the Complaint, Plaintiff filed a motion for summary judgment, along with his opposition to the motion to dismiss the wage claim, claiming that there are no genuine issues of material fact, and that he is entitled, as a matter of law, to judgment on his claims for breach of contract and violation of the New York Labor Law.

5. On April 15, 2015, Divatex filed its Answer to Plaintiff's Complaint, which included eleven counterclaims against Plaintiff and his son, another former Divatex employee, alleging, among other things, that Plaintiff breached the contract on which the Complaint is based, breached his fiduciary duty, and engaged in other tortious conduct. Divatex filed the Counterclaims based on information and knowledge currently available to Divatex that was obtained from individuals employed by Divatex and documents in the custody, possession and control of Divatex.

6. Although Divatex respectfully submits that the information and knowledge on which it based its Counterclaims create genuine issues of material fact that preclude this Court

from granting Plaintiff's motion for summary judgment, *see* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, dated April 27, 2015 (the "Opposition"), in an abundance of caution, Divatex files the instant motion pursuant to Federal Rule of Civil Procedure 56(d), seeking an order deferring or denying consideration of Plaintiff's motion for summary judgment and allowing Divatex time to take discovery relevant to Plaintiff's Complaint and Divatex's Counterclaims.

7. Specifically, and as set forth in the separate Declaration of David Greenstein, dated April 23, 2015 ("Greenstein Decl."), submitted in connection with the Opposition, "it was clear to Divatex by no later than February 11, 2015, that, at a minimum, Plaintiff breached his post-employment obligations to Divatex and his agreement to protect Divatex's confidential information and trade secrets as a result of his conduct in January and February 2015." Greenstein Decl. ¶ 28. Moreover, Greenstein stated that "it appears that Plaintiff also engaged in conduct prior to December 31, 2014 that may constitute, among other things, a breach of his fiduciary duty of loyalty owed to Divatex and "cause" under the Employment Agreement, and only through discovery will Divatex know the full extent of Plaintiff's misconduct." *Id.* ¶ 29; *see also id.* ¶ 25.

8. Divatex therefore requires discovery of, among other things:

- Plaintiff's communications with his son, Brandon Yanowitz, including communications surrounding his resignation from Divatex on June 10, 2014, and in the months thereafter when Plaintiff was still employed by Divatex and owed it a fiduciary duty of loyalty.

- Plaintiff's communications with Keeco Home and/or Grassi Associates ("Keeco"), including any communications prior to December 31, 2014 which would establish that Plaintiff breached his duty of loyalty or engaged in other conduct that may constitute "cause" under his employment agreement.

- Plaintiff's communications with Companies A, B, C,[1] and/or other Divatex customers, including any communications prior to December 31, 2014 which would establish that Plaintiff breached his duty of loyalty or engaged in other conduct that may constitute "cause" under his employment agreement.

- Any actions taken by Plaintiff and his son, Brandon Yanowitz, relating to their employment with Keeco, their solicitation of Companies A, B, C, and/or other Divatex customers for purposes other than those set forth in their written employment agreements.

- The number of vacation days Plaintiff contends he was permitted to take in 2014 and the number of vacation days Plaintiff contends he actually took in 2014.

9. This information is expected to create genuine issues of fact as to whether Plaintiff breached his fiduciary duty of loyalty prior to his final day of employment with Divatex, whether Plaintiff engaged in conduct prior to his final day of employment with Divatex that would have allowed Divatex to terminate his employment "for cause" under his employment agreement, whether Plaintiff adequately performed under his written employment agreement, including in the months following his final day of employment with Divatex when he was bound by certain restrictive covenants, and whether Plaintiff was owed any amounts for unused vacation time upon the conclusion of his employment with Divatex.  As set forth in the Opposition, these facts – if not already in dispute on the current record – are critical to a determination of whether Plaintiff is entitled to payment of any further amounts from Divatex.  However, discovery of these facts is not necessary for resolution of Plaintiff's New York Labor Law claim, which should be dismissed as a matter of law for the reasons set forth in Divatex's Motion to Dismiss the Second Count of Plaintiff's Complaint.  *See* ECF Nos. 15-17, 34.

---

[1] Companies A, B, and C are the designations used by Divatex in its Answer and Counterclaims, to avoid any further damage to its business or goodwill.

4

10. To date, the parties have exchanged no written or documentary discovery or taken any depositions. In fact, Plaintiff filed his motion for summary judgment prior to the Court's initial pretrial conference at which time a scheduling order was entered.

11. As noted above, Divatex filed the Counterclaims and the Opposition based on information and knowledge currently available to Divatex that was obtained from individuals employed by Divatex and documents in the custody, possession and control of Divatex. Absent additional discovery from Plaintiff, Brandon Yanowitz, and possibly other third parties, there is nothing further that Divatex can do to uncover the facts necessary to oppose Plaintiff's motion.

12. Divatex alleges, among other things, that Plaintiff breached his written employment agreement and his fiduciary duty, and that he did so by stealing and misappropriating Divatex's confidential pricing information and trade secrets in order to solicit Divatex's customers. Information relating to Plaintiff's surreptitious conduct to support these allegations would likely be found in Plaintiff's and his son's personal emails and files, and in Keeco's files. Divatex does not, except through discovery in this action, have access to this information.

13. Of course, it is equally possible that Plaintiff took steps to avoid memorializing his misconduct, in which case depositions of Plaintiff, Brandon Yanowitz, and possibly others, would be the only way in which Divatex could obtain information essential to the resolution of the issues presented by Plaintiff's pre-answer motion for summary judgment.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of April, 2015

                                                                         /s Anne C. Patin
                                                                            Anne C. Patin

SK 25855 0004 6500329