UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITCHARD YANOWITZ,<br><br>        Plaintiff,<br><br> - against -<br><br>DIVATEX HOME FASHION, INC.,<br><br>        Defendant.<br><br>DIVATEX HOME FASHION, INC.,<br><br>        Counterclaim Plaintiff,<br><br> - against -<br><br>RITCHARD YANOWITZ and<br>BRANDON YANOWITZ,<br><br>        Counterclaim Defendants. | 15 Civ. 807 (KBF) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DEFER OR DENY PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND ALLOWING DEFENDANT TO TAKE DISCOVERY**

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Defendant Divatex Home Fashion, Inc. ("Divatex" or "Defendant") respectfully submits this memorandum of law and the accompanying Declaration of Anne C. Patin, Esq., dated April 27, 2015, in support of its Motion to Defer or Deny Plaintiff's Motion for Summary Judgment and Allowing Defendant to Take Discovery.  Divatex also expressly incorporates by reference the Declaration of David Greenstein, dated April 23, 2015, submitted in opposition to Plaintiff's motion for summary judgment.

## PRELIMINARY STATEMENT

The filing of this motion is necessitated by the premature motion for summary judgment filed by Plaintiff Ritchard Yanowitz ("Plaintiff").  Indeed, before the parties exchanged a single page of discovery or asked a single question at a deposition, Plaintiff asks this Court to grant him judgment as a matter of law on all claims asserted in the Complaint.  He does so despite the fact that Divatex's Answer to the Complaint – which was not yet filed at the time Plaintiff moved for summary judgment – includes eleven counterclaims against Plaintiff and his son and former Divatex employee, Brandon Yanowitz, and calls into question both Plaintiff's performance under the very contract on which he seeks recovery in the Complaint, and his loyalty during his employment, which would result in forfeiture of amounts allegedly due during the period of disloyalty.  And, he does so while Divatex's motion to dismiss Plaintiff's New York Labor Law claim is pending.  Although Divatex has filed a separate memorandum of law in opposition to Plaintiff's motion for summary judgment and respectfully submits that genuine issues of fact exist on the current record, Divatex is simultaneously filing the instant motion in an abundance of caution, which demonstrates that there is additional information which precludes summary judgment absent further discovery.

Indeed, while Divatex's Counterclaims are based primarily on Plaintiff's conduct following his final day of employment – December 31, 2014 – Divatex has alleged facts that could lead to further evidence to prove that Plaintiff's misconduct began far earlier, in which case he may have breached his fiduciary duty of loyalty owed to Divatex or engaged in conduct that would have allowed Divatex to terminate Plaintiff's employment "for cause" under his written employment agreement. In either event, Plaintiff would not be entitled to a Retention Bonus, a Performance Bonus, vacation pay, or any other amounts, and summary judgment would unquestionably be denied. Divatex, however, has no way to establish these facts absent further discovery.

Accordingly, Divatex respectfully requests that this Court defer or deny Plaintiff's motion for summary judgment and allow the case to proceed to discovery.

## STATEMENT OF FACTS

The facts relevant to this motion are set forth in the accompanying Declaration of Anne C. Patin, Esq., dated April 27, 2015 ("Patin Decl."), and the Declaration of David Greenstein, dated April 23, 2015 ("Greenstein Decl."), submitted in opposition to Plaintiff's motion for summary judgment, both of which are expressly incorporated by reference herein.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

Fed. R. Civ. P. 56(d).[1] The rule is designed such that a party facing a motion for summary judgment without an opportunity to discover the facts necessary to defend the motion may so advise the court, in which case "the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *See G-I Holdings, Inc. v. Baron & Budd*, No. 01-cv-0216, 2002 U.S. Dist. LEXIS 19006, *9 (S.D.N.Y. Oct. 8, 2002); *see also Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995) (noting that "a party opposing a motion for summary judgment must have had the opportunity to discovery information that is essential to its opposition to the motion").

One of the central purposes of Rule 56(d) is to prevent a nonmoving party from being "railroaded" into summary judgment by a "premature motion." *See Celotex v. Catrett*, 477 U.S. 317, 326 (1986); *Dubai Islamic Bank v. Citibank, N.A.*, 162 F. Supp. 2d 659 (S.D.N.Y. 2000) (Rule 56(d) is a "safeguard against premature grants of summary judgment and 'should be applied with a spirit of liberality.'") (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)). Thus, the Second Circuit has held that a "denial of access to relevant information weighs in favor of the party opposing a motion for summary judgment." *Jones v. Hirschfeld*, No. 01-cv-7585, 2003 U.S. Dist. LEXIS 10370, *6 (S.D.N.Y. June 19, 2003) (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925 (2d Cir. 1985)). Discovery, rather than a decision on a motion for summary judgment, is typically appropriate where the material sought is "germane to the defense" and is neither "cumulative nor speculative." *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 312-13 (S.D.N.Y. 2009) (citing *Paddington Partners*, 34 F.3d at 1138.

---

[1] Prior to a 2010 amendment, Fed. R. Civ. P. 56(d) was contained in Fed. R. Civ. P. 56(f). Thus, many of the cases cited herein refer to the former Rule 56(f), which is identical in substance to the current Rule 56(d).

To determine whether a Rule 56(d) motion should be granted, courts in the Second Circuit require that the affidavit or declaration accompanying the motion establish (1) what facts are sought to resist a motion for summary judgment and how they are to be obtained; (2) how those facts are reasonably expected to create genuine issues of material fact; (3) what effort affiant has made to obtain them; and (4) why the affiant was unsuccessful in those efforts. *See Am. Home Assur. Co. v. Zim Jam*, 418 F. Supp. 2d 537 (S.D.N.Y. 2006) (granting motion for additional discovery, which the Court noted "is designed to further the truth-seeking process"). Divatex easily satisfies this test here.

The accompanying declarations of Anne C. Patin, Esq. and David Greenstein provide all that is necessary to grant Divatex's motion. Specifically, Divatex requires discovery of, among other things:

- Plaintiff's communications with his son, Brandon Yanowitz, including communications surrounding his resignation from Divatex on June 10, 2014, and in the months thereafter when Plaintiff was still employed by Divatex and owed it a fiduciary duty of loyalty.

- Plaintiff's communications with Keeco Home and/or Grassi Associates ("Keeco"), including any communications prior to December 31, 2014 which would establish that Plaintiff breached his duty of loyalty or engaged in other conduct that may constitute "cause" under his employment agreement.

- Plaintiff's communications with Companies A, B, C,[2] and/or other Divatex customers, including any communications prior to December 31, 2014 which would establish that Plaintiff breached his duty of loyalty or engaged in other conduct that may constitute "cause" under his employment agreement.

- Any actions taken by Plaintiff and his son, Brandon Yanowitz, relating to their employment with Keeco, their solicitation of Companies A, B, C, and/or other Divatex customers for purposes other than those set forth in their written employment agreements.

---

[2] Companies A, B, and C are the designations used by Divatex in its Answer and Counterclaims, to avoid any further damage to its business or goodwill.

- The number of vacation days Plaintiff contends he was permitted to take in 2014 and the number of vacation days Plaintiff contends he actually took in 2014.

Patin Decl. ¶ 8; *see also* Greenstein Decl. ¶ 30.  This information is expected to create genuine issues of fact as to whether Plaintiff breached his fiduciary duty of loyalty prior to his final day of employment with Divatex, whether Plaintiff engaged in conduct prior to his final day of employment with Divatex that would constitute "cause" under his employment agreement, whether Plaintiff adequately performed under his written employment agreement, including in the months following his final day of employment with Divatex when he was bound by certain restrictive covenants, and whether Plaintiff was owed any amounts for unused vacation time upon the conclusion of his employment with Divatex.  Patin Decl. ¶ 9.  As set forth in Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, dated April 27, 2015, these facts – if not already in dispute on the current record – are critical to a determination of whether Plaintiff is entitled to payment of any further amounts from Divatex.  *Id.*

To date, the parties have exchanged no written or documentary discovery or taken any depositions, and absent additional discovery from Plaintiff, Brandon Yanowitz, and possibly other third parties, there is nothing further that Divatex can do to uncover the facts necessary to oppose Plaintiff's motion.  *Id.* ¶¶ 10-11.  Divatex alleges, among other things, that Plaintiff breached his written employment agreement and his fiduciary duty, and that he did so by stealing and misappropriating Divatex's confidential pricing information and trade secrets in order to solicit Divatex's customers.  *Id.* ¶ 12; *see also* Greenstein Decl. ¶¶ 20-29.  Information relating to Plaintiff's surreptitious conduct to support these allegations would likely be found in Plaintiff's and his son's personal emails and files, and in Keeco's files.  Patin Decl. ¶ 12.  Divatex does not, except through discovery in this action, have access to this information.  *Id.*  Of course, it is

equally possible that Plaintiff took steps to avoid memorializing his misconduct, in which case depositions of Plaintiff, Brandon Yanowitz, and possibly others, would be the only way in which Divatex could obtain information essential to the resolution of the issues presented by Plaintiff's pre-answer motion for summary judgment. *Id.* ¶ 13. But, without any discovery at all, it will be difficult, if not impossible, for Divatex to submit an opposition to Plaintiff's motion for summary judgment that adequately sets forth the necessary facts to defeat the motion.

## CONCLUSION

For the foregoing reasons, Divatex respectfully requests that the Court grant its motion, enter an order deferring or denying Plaintiff's motion for summary judgment and allowing Divatex to take discovery, and grant Divatex such other or further relief as the Court deems just and proper.

New York, New York
April 27, 2015

SEWARD & KISSEL LLP

By:   /s Anne C. Patin
    Anne C. Patin
    Michael B. Weitman
One Battery Park Plaza
New York, New York 10004
(212) 574-1200

*Attorneys for Divatex Home Fashion, Inc.*

SK 25855 0004 6511620

6