UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

RITCHARD YANOWITZ,

      Plaintiff,

  -against-

DIVATEX HOME FASHION, INC.,

      Defendant.

------------------------------------------------------------ X

DIVATEX HOME FASHION, INC.

      Counterclaim Plaintiff,

  -against-

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

      Counterclaim Defendants.

------------------------------------------------------------ X

Civil Action No.: 15-cv-00807 (KBF)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone: (212) 382-0909
*Attorneys for Plaintiff,*
*Ritchard Yanowitz*

TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS/PROCEDURAL HISTORY ............................................................... 3

ARGUMENT .................................................................................................................................. 3

POINT I .......................................................................................................................................... 3

    THE COURT SHOULD DISMISS DIVATEX'S COUNTERCLAIMS
    PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ............................... 3

POINT II ......................................................................................................................................... 6

    IN THE ALTERNATIVE, YANOWITZ IS ENTITLED
    TO A MORE DEFINITE STATEMENT OF THE ALLEGATIONS
    UNDERLYING DIVATEX'S COUNTERCLAIMS .............................................................. 6

        A.    Applicable Legal Standard ............................................................................. 6

        B.    The Deficiencies To Be Addressed Through The More Definite
             Statement ..................................................................................................... 10

CONCLUSION ............................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alpha Media Works, Inc. v. Perception Research Servs., Inc.,
    No. 09 CIV. 9563 GBD, 2012 WL 406914 (S.D.N.Y. Feb. 9, 2012) .............................. 11, 12

Arista Records, LLC v. Doe 3,
    604 F.3d 110, 120 (2d Cir. 2010) .......................................................................................... 8

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................ 4, 8, 9

Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc.,
    361 F. Supp. 2d 283 (S.D.N.Y. 2005) .................................................................................. 7

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .............................................. 3, 4, 8

Boykin v. KeyCorp,
    521 F.3d 202 (2d Cir. 2008) ................................................................................................. 9

Dore v. Wormley,
    690 F. Supp. 2d 176 (S.D.N.Y. 2010) ................................................................................ 13

In re Fosamax Products Liab. Litig.,
    No. 06 MD 1789 .................................................................................................................. 7

Heckl v. Walsh,
    122 A.D.3d 1252 (4th Dept. 2014) .................................................................................... 13

Installed Bldg. Products, LLC v. Cottrell,
    No. 13-CV-1112-ASC, 2014 WL 3729369 (W.D.N.Y. July 25, 2014) ............................... 9

Khoury v. Khoury,
    78 A.D.3d 903 (2d Dept. 2010) ........................................................................................... 6

Lama Holding Co. v. Smith Barney Inc.,
    88 N.Y.2d 413 (1996) .......................................................................................................... 5

Lovely Peoples Fashion, Inc. v. Magna Fabrics, Inc.,
    95 Civ. 8450, 1996 WL 732634 (S.D.N.Y.Dec.19, 1996) ................................................... 7

Marquardt–Glen Corp. v. Lumelite Corp.,
    11 F.R.D. 175 (S.D.N.Y. 1951) ......................................................................................... 13

Meese v. Miller,
 79 A.D.2d 237 (4th Dept. 1981) ............................................................................................6, 13

Papasan v. Allain,
 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ................................................................4

Pelman ex rel. Pelman v. McDonald's Corp.,
 396 F. Supp. 2d 439 (S.D.N.Y. 2005) .........................................................................................7

Precise-Mktg. Corp. v. Simpson Paper Co.,
 No. 95 CIV. 5629 (LMM), 1996 WL 285364 (S.D.N.Y. May 30, 1996) ...........................8, 13

**Other Authorities**

Federal Rule of Civil Procedure 8 ....................................................................................................3

Federal Rule of Civil Procedure 11 ...............................................................................................2, 9

Federal Rule of Civil Procedure 12(b)(6) ..........................................................................1, 2, 3, 14

Federal Rule of Civil Procedure 12(e) ..................................................................................... *passim*

Federal Rule of Civil Procedure 56(d) ........................................................................................3, 10

Plaintiff/Counterclaim Defendant Ritchard Yanowitz ("Yanowitz" or "Plaintiff") respectfully submits this Memorandum of Law in support of his Motion to Dismiss the Counterclaims alleged against him pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), requiring that Defendant/Counterclaim Plaintiff Divatex Home Fashion, Inc. ("Divatex" or "Defendant") provide a more definite statement of the basis for its Counterclaims as against Yanowitz.

## PRELIMINARY STATEMENT

In response to the Complaint, Divatex has asserted eleven Counterclaims (ECF No. 29), nine of which are asserted in whole or in part against Plaintiff.[1] The Counterclaims are imaginative, accusatory, conclusory and primarily predicated upon information and belief. While using buzz words, such as "conspiracy", "confidential information", and "trade secrets", the Counterclaims do not identify the basis for the buzz words or the information on which belief is founded. As a result, the Counterclaims constitute nothing but speculation and unsupported conclusions. They do not set forth facts to sufficiently state a cause of action and should be dismissed in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Furthermore, Yanowitz cannot adequately frame or provide a responsive pleading. Stated most simply, Divatex's Counterclaims are too vaguely pleaded and too deeply reliant on speculation such that it is prejudicial for Yanowitz to be forced to articulate a responsive answer to the Counterclaims as they currently stand. Therefore, in the alternative, if the Court is not

---

[1] Nine Counterclaims are also asserted against Brandon Yanowitz, in whole or in part, who has been pled by Divatex to be a "Counterclaim Defendant". The infirmities in the pleading addressed to Ritchard Yanowitz apply in equal force to Brandon Yanowitz, who will likely make a motion to address the pleading when it is time for him to respond to the Counterclaims.

inclined to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6), a more definite statement is required from Divatex on the following items:

(i) Divatex must clarify or set forth sufficient allegations of facts that can reasonably support the 21 paragraphs of Divatex's Counterclaims that were made "upon information and belief";

(ii) Divatex must provide a clear and precise explanation or specification of the nature or identity of the alleged "confidential information" and "trade secrets" allegedly obtained and used by Counterclaim Defendants;

(iii) Divatex must clarify its obscure reference to its customers/potential customers currently identified throughout its counterclaims only as "Companies A, B, C, and/or others" through a precise identification of these entities and a more detailed description of their seller-customer relationship;

(iv) Divatex must specify the contract(s)/written agreement(s) referenced in the Fourth Counterclaim; and

(v) Divatex must provide a precise identification of the tangible items or property that underlie the replevin and conversion causes of action.

Without the aforesaid information, Yanowitz cannot directly respond to the allegations, and counsel for Yanowitz would be remiss in its Federal Rule of Civil Procedure 11 obligations to certify that Yanowitz's contentions are warranted to the best of his and counsel's knowledge, information, and belief, because neither Yanowitz nor his counsel have any understanding of Defendants' bald and vague accusations.

Accordingly, the Counterclaims should be dismissed because they are not properly supported by factual allegations. In the alternative, a more definite statement is necessary to a full and fair litigation of these claims, and it is vital at this preliminary juncture.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

A detailed recitation of the facts of this case is not necessary for the present motion. This motion relates to the Answer and Counterclaims filed by Divatex on April 16, 2015. Also pending before the Court is Divatex's Motion to Dismiss, filed March 26, 2015, and Ritchard Yanowitz's Motion for Summary Judgment, filed April 9, 2015. In response to the Motion for Summary Judgment, Divatex has also moved for an order pursuant to Federal Rule of Civil Procedure 56(d), deferring or denying consideration of the Motion for Summary Judgment pending discovery.

## ARGUMENT

### POINT I

### THE COURT SHOULD DISMISS DIVATEX'S COUNTERCLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

The Federal Rules of Civil Procedure provide, in pertinent part, that "[a] pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a). This Rule runs in tandem with Federal Rule of Civil Procedure 12(b)(6), which provides that a claim or claims may be dismissed on the ground that the claimant has failed to state a claim upon which relief may be granted.

As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, supra, 550 U.S. at 555); see also, Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, supra, 556 U.S. at 678 (quoting Twombly, supra, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Twombly, supra, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

To survive this Motion to Dismiss, this Court would have to find that Defendant's Counterclaims "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, supra, 556 U.S. at 678 (citing Twombly, supra, 550 U.S. at 570). In this regard, "naked assertion[s]" devoid of "further factual enhancement" do not suffice to carry the Counterclaims here, nor will they serve to defeat the Motion to Dismiss. Id. (Citing Twombly, supra, 550 U.S. at 557).

Defendant's Counterclaims fail the Twombly/Iqbal standard because the crux of Defendant's Counterclaims simply does not rise above the speculative level. Every critical accusatory allegation contained in the Counterclaims is made "upon information and belief" without further corroborative factual support. See, Counterclaims, ¶¶ 31, 32, 33, 35, 38, 41, 44, 48, 53, 56, 58, 66, 67, 72, 76, 81, 86, 87, 90, 91, 92. This Court cannot allow these claims to survive, as they are wholly born of suspicion and guesswork. Defendant does not set forth its

basis for the information on which its "belief" is founded, nor does it provide enough clarity for their plausibility to be judged.

In keeping with this pattern of obscurity, Defendant's Counterclaims are steeped in buzz words to create the illusion that their claims have merit. They use "adjectives" in lieu of factual assertions. Thus, upon a review of the Counterclaims, Defendant's harsh allegations melt away to be little more than puffery. Accordingly, as Defendant repeatedly refers to "confidential information" and "trade secrets" and makes reference to a "conspiracy" to use information to compete with Divatex and usurp its business opportunities and customers/potential customers, they identify neither the customers, the opportunities or the confidential information. See, e.g., Counterclaims, ¶ 1. Such vague and conclusory statements are insufficient to survive a motion to dismiss.

Finally, several causes of action proffered by Defendant through its Counterclaims have been pleaded without critical information or elements that need to be included for such claims to survive. First, the Fourth Counterclaim, for "Tortious Interference with a Contract or Prospective Business Advantage," lacks identification of the specific "written agreements" of its alleged current customers, "Companies A, B, and/or C". See, Counterclaims, ¶ 57. If there is no valid contract, there is no valid cause of action here. Moreover, Defendant failed to plead Yanowitz's knowledge of any such contract(s) and his intentional procurement of a breach of said contract(s). See, Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 424 (1996) (Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom) (citation omitted).

5

Likewise, the Ninth and Tenth Counterclaims (for replevin and conversion, respectively) are deficient because they fail to identify <u>specific</u> item(s) of personal property. <u>See, Khoury v. Khoury</u>, 78 A.D.3d 903, 904 (2d Dept. 2010) ("To state a cause of action for replevin, a plaintiff must allege that he or she owns specified property, or is lawfully entitled to possess it, and that the defendant has unlawfully withheld the property from the plaintiff") (citations omitted); <u>Meese v. Miller</u>, 79 A.D.2d 237, 242 (4th Dept. 1981) ("To establish conversion the plaintiff 'must demonstrate legal ownership or an immediate superior right of possession to a specific identifiable thing' … and that the defendant exercised an unauthorized dominion over that property … to the exclusion of the plaintiff's rights.") (citations omitted). Divatex's Counterclaims for replevin and conversion not only lack reference to a "specific identifiable thing or item," but also fail to demonstrate legal ownership to any alleged items or clarify the nature of Yanowitz's alleged "withholding" or "dominion" over such items. <u>See</u>, Counterclaims, ¶¶ 78-88. Instead, the Counterclaims merely reference a broad category of "documentation or information" which, only "upon information and belief," were allegedly taken, used, and controlled by Yanowitz (and Brandon Yanowitz). <u>See, id.</u>

These numerous deficiencies render the Counterclaims untenable and unable to survive this Motion to Dismiss. Accordingly, it is respectfully requested that this Court grant Plaintiff's Motion to Dismiss Defendant's Counterclaims.

<u>**POINT II**</u>

<u>**IN THE ALTERNATIVE, YANOWITZ IS ENTITLED
TO A MORE DEFINITE STATEMENT OF THE ALLEGATIONS
UNDERLYING DIVATEX'S COUNTERCLAIMS**</u>

**A.    Applicable Legal Standard**

Federal Rule of Civil Procedure 12(e) provides in relevant part the following:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

On a motion under Federal Rule of Civil Procedure 12(e), "[t]he movant must 'point out the defects complained of and the details desired.'" In re Fosamax Products Liab. Litig., No. 06 MD 1789 JFK, 2013 WL 6669706, at *2 (S.D.N.Y. Dec. 18, 2013) (quoting Fed.R.Civ.P. Rule 12(e)). "To the extent that plaintiffs' allegations are vague and conclusory, the Second Circuit strongly suggested that 'the cure for such deficiencies, in a claim not required to be plead with particularity, is a motion for a more definite statement under Rule 12(e).'" Pelman ex rel. Pelman v. McDonald's Corp., 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (quoting Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 512 (2d Cir. 2005)). Moreover, it is well understood in this Circuit that "[c]onclusory pleadings 'on information and belief' are inadequate as a matter of law." Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc., 361 F. Supp. 2d 283, 309, n. 21 (S.D.N.Y. 2005) (quoting Lesavoy v. Lane, 304 F.Supp.2d 520, 527 (S.D.N.Y.2004)); Lovely Peoples Fashion, Inc. v. Magna Fabrics, Inc., 95 Civ. 8450, 1996 WL 732634, at *5 (S.D.N.Y.Dec.19, 1996) (dismissing cause of action against a defendant when the complaint contained conclusory and unsupported allegations based "upon information and belief").

Aside from addressing vaguely articulated and/or conclusory allegations, a motion for a more definite statement may also be granted where "the movant shows that there actually is a substantial threshold question that may be dispositive, such as a critical date . . . ." Fosamax, 2013 WL 6669706, at *2 (emphasis supplied) (citing In re European Rail Pass Antitrust Litig., 166 F.Supp.2d 836, 844 (S.D.N.Y.2001), and quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 336 (3d ed. 2004), respectively). By way of example,

7

litigants have been required to provide a more definite statement under Rule 12(e) where they failed to explain whether an underlying contract was written or oral. See, Precise-Mktg. Corp. v. Simpson Paper Co., No. 95 CIV. 5629 (LMM), 1996 WL 285364, at *2 (S.D.N.Y. May 30, 1996). This was because a more definite statement on these grounds would be necessary for the threshold question as to whether the defendant could plead affirmative defenses based on applicable statutes of limitations and statutes of fraud. Id. (citing Marquardt–Glen Corp. v. Lumelite Corp., 11 F.R.D. 175, 176 (S.D.N.Y. 1951) (also granting Rule 12(e) motion on same grounds, where plaintiff failed to assert the contract's duration or whether it was written or oral)). Here, likewise, the ambiguities and broad allegations of the Counterclaims leave Yanowitz unable to adequately and properly frame his defense, or even a response in numerous respects.

A paramount concern in this regard, is that 21 critical paragraphs of the Counterclaims, which permeate 10 of the 11 Counterclaims (see, Counterclaims, ¶¶ 31, 32, 33, 35, 38, 41, 44, 48, 53, 56, 58, 66, 67, 72, 76, 81, 86, 87, 90, 91, 92) are composed of solely conclusory statements made "upon information and belief". They provide no supporting factual allegations that would allow Yanowitz to be able to adequately piece together enough detail so as to frame a proper response. Stated otherwise, a central deficiency of the Counterclaims is that all (or almost all) accusatory allegations contained therein have been made "upon information and belief", i.e., upon pure speculation. This is inappropriate and must be remedied at this juncture.

While it is conceded that certain assertions may be made "upon information and belief," the Second Circuit in Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) explained the careful standard to which such pleadings must be measured:

> The Twombly plausibility standard, which applies to all civil actions, see Iqbal, 129 S.Ct. at 1953, does not prevent a plaintiff from "pleading facts alleged 'upon

8

> information and belief' " where the facts are peculiarly within the possession and control of the defendant, see, e.g., Boykin v. KeyCorp, 521 F.3d 202, 215 (2d Cir. 2008), or where the belief is based on factual information that makes the inference of culpability plausible, see Iqbal, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").[2]

(citing Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Hence, an allegation proffered in a pleading made "upon information and belief" must be couched in enough factual content so as to allow a reasonable inference on the viability of the claim (i.e., enough factual information to make the allegation plausible) or where the facts are in the possession of the opposing party. See id.; see also, Installed Bldg. Products, LLC v. Cottrell, No. 13-CV-1112-ASC, 2014 WL 3729369, at *8 (W.D.N.Y. July 25, 2014) ("In other words, a complaint's information and belief pleadings may be sufficient to state a claim when the complaint also contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting Iqbal, 556 U.S. at 678.).

In is inarguable here that the facts underlying the Counterclaims are not those "peculiarly within the possession and control" of Yanowitz. Divatex's counsel recently admitted the following:

---

[2] Such a duty to meet the Twombly/Iqbal pleading standard goes hand-in-hand with the obligations of Federal Rule of Civil Procedure 11:
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

> On April 15, 2015, Divatex filed its Answer to Plaintiff's Complaint, which included eleven counterclaims against Plaintiff and his son, another former Divatex employee, alleging, among other things, that Plaintiff breached the contract on which the Complaint is based, breached his fiduciary duty, and engaged in other tortious conduct. Divatex filed the Counterclaims based on information and knowledge currently available to Divatex that was obtained from individuals employed by Divatex and documents in the custody, possession and control of Divatex.

See, ECF No. 39, Declaration of Anne C. Patin, Esq., submitted in support of Defendant's Motion to Defer or Deny Plaintiff's Motion for Summary Judgment and Allowing Defendant to Take Discovery pursuant to Federal Rule of Civil Procedure 56(d), dated April 27, 2015 ("Patin Decl."). However, despite readily admitting that the facts and information underlying its claims are within Divatex's possession, it failed to include them in its pleadings. Moreover, aside from the "information and belief" allegations, Divatex's Counterclaims also make use of various broad references and allusions to items and entities that are not specifically identified. This leaves Yanowitz in the position of having to compile a responsive pleading with less than enough detail, while being and mired in uncertainty as to the allegations to which he is responding.

To remedy this, the Court must order Divatex to produce a more definite statement clarifying these vague and conclusory areas that are broadly asserted and to better detail those allegations that are based on information and belief and/or speculation.

    **B.**    **The Deficiencies To Be Addressed Through The More Definite Statement**

As described above, a fundamental problem with Divatex's Counterclaims is its vague and conclusory allegations, such as those made "upon information and belief," which must be remedied through a more definite statement clarifying and setting forth detailed facts which underlie Divatex's speculation and vagueness. However, there are other defective aspects of the Counterclaims which also require further detail.

First, Divatex must provide a clear and precise explanation or specification of the nature or identity of the alleged "confidential information" and "trade secrets" allegedly obtained and used by Counterclaim Defendants. The category of "confidential information and trade secrets" is broad, and Divatex has left Yanowitz with little guidance as to what Divatex claims is confidential or a trade secret. The Southern District of New York itself has been suspect of vague allegations pertaining to "trade secrets," and has readily dealt away with such loose and unsupported allegations when met with the proper motion. See, Alpha Media Works, Inc. v. Perception Research Servs., Inc., No. 09 CIV. 9563 GBD, 2012 WL 406914, at *4 (S.D.N.Y. Feb. 9, 2012) (granting summary judgment and noting that "[a]n allegation on 'information and belief', without admissible evidence to support it, cannot prove that Defendant used trade secrets in breach of an agreement between the parties."). While the present motion before the Court does not at this time seek summary judgment as to these claims, a more definite statement should suffice to advise the parties of the nature and grounds of the allegations being asserted by Divatex, based on alleged "confidential information" and "trade secrets".

Divatex has alleged that the Counterclaim Defendants "conspired" to obtain "highly confidential information to unfairly compete with Divatex." See, Counterclaims, ¶ 1. Divatex then goes on to reference "confidential information and trade secrets" throughout the remainder of the Counterclaims, without context or otherwise reference to the nature of the "secrets," and often based on information and belief. True, at times Divatex articulates "confidential pricing information," however, even this minor specification is not enough to advise Yanowitz of the precise secrets sought to be protected and enforced by Divatex. Given that Divatex offers various products to various vendors at a range of prices, simple reference to "pricing" is far from

11

affording Yanowitz with the notice and information necessary to advise him of the precise nature of the claims being asserted against him.

Second, Divatex must be compelled to identify the customers/potential customers which it identifies as "Companies A, B, C, and/or others" in its Counterclaims and how they relate to the separate Counterclaims. See, Counterclaims, ¶¶ 29; 34-40, 44, 48, 56-57, 67, 72, 76. There is simply no reason for the obscurity and the lack of precision which leaves Yanowitz wholly unaware as to which entities Divatex claims were "stolen" from it. See, id. In fact, identification of these entities goes right to the heart of a defense, as the identity of each entity comes coupled with its own facts and circumstances as to why it may have wanted to cease doing business with Divatex or why it chose a competitor over Divatex. Without identification of each entity, Yanowitz is left to guesswork as to each reference, or if the entity was truly a customer of Divatex, or perhaps of Divatex and "Keeco" both, and/or Divatex, Keeco and others.[3] Yanowitz must be advised as to the identity of these entities and be afforded some degree of detail of the relationship of each company with Divatex so as to properly be able to assert a response or defense to the allegations.

Next, as to the Fourth Counterclaim, for "Tortious Interference with a Contract or Prospective Business Advantage," a critical piece of information is lacking from the claim that is necessary for Yanowitz to frame a response. Namely, Divatex must specifically identify the "written agreements" of its alleged current customers, "Companies A, B, and/or C". See, Counterclaims, ¶ 57. As it stands, Yanowitz cannot properly ascertain the truth or obtain sufficient knowledge so as to allow him to properly answer this allegation where the principal contracts are wholly unidentified. Moreover, on the wording of the allegation itself, it is unclear

---

[3] As the Court will learn, "customers" deal with many vendors in the textile business.

as to whether one, none, or all of "Companies A, B, and/or C" even hold contracts with Divatex. The requirement for a more definite statement in this regard is on par with the caselaw cited in Point II, Subpoint A, supra, that required further specificity of the allegations based on an alleged breach of contract. See, Precise-Mktg. Corp., supra, 1996 WL 285364, at *2; Marquardt–Glen, supra, 11 F.R.D. at 176.

Finally, as they currently stand, the Ninth and Tenth Counterclaims (for replevin and conversion respectively) are deficient. "A cause of action in replevin 'must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right.'" Dore v. Wormley, 690 F. Supp. 2d 176, 183 (S.D.N.Y. 2010) (quoting Batsidis v. Batsidis, 9 A.D.3d 342, 343 (2d Dept. 2004)). "Demand upon, and refusal of, the person in possession of the chattel to return it [are] essential elements of a cause of action in replevin." Dore, 690 F. Supp. 2d at 183 (quoting In re Peters, 34 A.D.3d 291 (1st Dept. 2006)). The Courts of New York have explained that "replevin is a remedy employed to recover a specific, identifiable item of personal property." Heckl v. Walsh, 122 A.D.3d 1252, 1254 (4th Dept. 2014) (citing Khoury, supra, 78 A.D.3d at 904).

Similar to replevin, "[c]onversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property." Meese, supra, 79 A.D.2d at 242 (citation omitted). As described in Point I, supra, to establish conversion, the person alleging such a claim "must demonstrate legal ownership or an immediate superior right of possession to a specific identifiable thing." Id. (quoting AMF Inc. v. Algo Distributors, Ltd., 48 A.D.2d 352, 356 (2d Dept. 1975)). The Counterclaims do not meet these standards and require clarification to remedy their deficiencies.

Divatex's Counterclaims for replevin and conversion lack reference to a "specific identifiable thing or item," and only reference a broad category of "documentation or information" which, only "upon information and belief", were allegedly taken, used, and controlled by Yanowitz (and Brandon Yanowitz). Moreover, these Counterclaims lack reference to any "demand upon, and refusal to return the items of", on the part of Yanowitz, the person allegedly in possession of said items — thereby failing to provide an essential element of the claim for replevin. Instead, the replevin cause of action merely indicates that "on information and belief" "documentation or information" was not returned to Divatex upon the cessation of Yanowitz's employment. This is simply insufficient detail for these claims and Yanowitz will need more specification in order for him to frame a proper response.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court enter an order dismissing Defendant's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), requiring Divatex to:

(i) clarify and/or provide sufficient allegations of facts that can reasonably support the 21 paragraphs of Divatex's Counterclaims that were made "upon information and belief";

(ii) explain and/or specify the nature or identity of the alleged "confidential information" and "trade secrets" allegedly obtained and used by Ritchard and Brandon Yanowitz;

(iii) identify and/or describe Divatex's customers/potential customers currently identified as "Companies A, B, C, and/or others" through a precise identification

of these entities and a more detailed description of their seller-customer relationship;

(iv)   specify the contract(s)/written agreement(s) referenced in the Fourth Counterclaim; and

(v)    identify the tangible items or property that underlie the replevin and conversion causes of action.

May 6, 2015
New York, New York

/s/ Bruce D. Meller
BRUCE D. MELLER, ESQ.
Peckar & Abramson, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone: (212) 382-0909
Bmeller@pecklaw.com
Attorneys for Plaintiff, Ritchard Yanowitz