UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

RITCHARD YANOWITZ,                                    Civil Action No.:  15-cv-00807 (KBF)

      Plaintiff,

  -against-

DIVATEX HOME FASHION, INC.,

      Defendant.

------------------------------------------------------------- X

DIVATEX HOME FASHION, INC.,

      Counterclaim Plaintiff,

  -against-

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

      Counterclaim Defendants.

-------------------------------------------------------------X

---

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

---

PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY  10010
Telephone:  (212) 382-0909
*Attorneys for Plaintiff,*
*Ritchard Yanowitz*

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL ARGUMENT ............................................................................................................. 2

I.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS
     NEW YORK LABOR LAW CLAIMS ............................................................................ 2

          A.   Plaintiff Is Entitled To His Retention Bonus And Defendant's
               Arguments Pertaining To NYLL § 193 Are Irrelevant............................. 2

          B.   Defendant's Arguments Pertaining To *Ryan v. Kellogg*
               And NYLL § 193 Are Incorrect As A Matter Of Fact and Law................ 3

          C.   Plaintiff's Performance Bonus Became Vested as a Wage ........................ 4

          D.   Plaintiff Is Entitled To Two Weeks of Vacation Pay, As Confirmed
               By Divatex's Written Admission.................................................................. 5

II.  YANOWITZ IS ENTITLED TO AN AWARD OF LIQUIDATED DAMAGES,
     ATTORNEYS' FEES AND PREJUDGMENT INTEREST UNDER NYLL § 198,
     AS DIVATEX HAS FAILED TO MEET ITS BURDEN TO SHOW A GOOD
     FAITH BASIS FOR ITS UNDERPAYMENT OF WAGES AND IT IS
     LEGALLY IMPOSSIBLE FOR DIVATEX TO DO SO .................................................. 6

III. DEFENDANT'S BREACH OF CONTRACT DEFENSES ARE
     IRRELEVANT, INCORRECT AND UNSUPPORTED ................................................... 7

IV.  DISCOVERY IS NOT NECESSARY TO THE RESOLUTION
     OF THIS MOTION....................................................................................................... 10

CONCLUSION....................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Battenkill Veterinary Equine P.C. v. Cangelosi,*
    1 A.D.3d 856 (3d Dept. 2003) ................................................................... 9

*Church v. St. Mary's Healthcare,*
    11 Civ. 1198, 2012 U.S. Dist. LEXIS 138338 (N.D.N.Y. Sept. 25, 2012) ............................ 4

*Guadalupe v. Tri-State Employment, Mgmt. & Consulting, Inc.,*
    No. 10-CV-3840 NG CLP, 2013 WL 4547242 (E.D.N.Y. Aug. 28, 2013) ............................ 4

*Hart v. Rick's Cabaret Intern., Inc.,*
    987 F.Supp.2d 901 (S.D.N.Y. 2013) ................................................................... 4

*Hicks v. T.L. Cannon Corp.,*
    35 F.Supp.3d 329 (W.D.N.Y. Aug. 5, 2014) .......................................................... 7

*Island Sports Physical Therapy v. Kane,*
    84 A.D.3d 879 (2d Dept. 2011) ..................................................................... 10

*Kleinman v. Blue Ridge Foods, LLC,*
    32 Misc. 3d 1219(A), 934 N.Y.S.2d 34 (Sup. Ct. Kings Cnty. 2011) ................................... 7

*Mal Dunn Associates, Inc. v. Kranjac,*
    145 A.D.2d 472 (2d Dept. 1988) ................................................................... 10

*Moras v. Marco Polo Network, Inc.,*
    11 Civ. 2081 (PAE), 2012 U.S. Dist. LEXIS 181110 (S.D.N.Y. Dec. 20,
    2012) .......................................................................................... 4

*P&L Group, Inc. v. Garfinkel,*
    150 A.D.2d 663 (2d Dept. 1989) ............................................................ *passim*

*Pachter v. Bernard Hordes Group, Inc.,*
    10 N.Y. 609 (2008) ............................................................................... 5

*Ryan v. Kellogg Partners Institution Services,*
    19 N.Y.3d 1 (2012) ........................................................................ *passim*

*Truelove v. Northeast Capital & Advisory, Inc.,*
    95 N.Y.2d 220 (2000) ............................................................................. 5

*Wang v. Hearst Corp.,*
    12 Civ. 793 (HB), 2013 U.S. Dist. LEXIS 3768 (S.D.N.Y. Jan. 9, 2013) ............................... 4

*Watcher v. Kim,*
   Index No. 650532/2008 (Sup. Ct. N.Y. Cnty. Jan. 11, 2013)......................................................4

*Zubair v. EnTech Eng'g P.C.,*
   808 F. Supp. 2d 592 (S.D.N.Y. 2011).............................................................................................7

**Statutes**

New York Labor Law §§ 190 through 198...........................................................................................2

New York Labor Law § 193 ........................................................................................................1, 2, 3, 4

New York Labor Law § 198 ........................................................................................................1, 2, 6, 7

**Other Authorities**

52 N.Y. Jur.2d Employment Relations § 148 ............................................................................7, 9

Federal Rule of Civil Procedure 56(d)......................................................................................10

## PRELIMINARY STATEMENT

Showing no remorse for its failure to address *Ryan v. Kellogg Partners Institution Services*, 19 N.Y.3d 1 (2012), in its Motion to Dismiss, Divatex Home Fashion, Inc.'s ("Divatex") opposition to Ritchard Yanowitz's ("Yanowitz") Motion for Summary Judgment asserts that the Court of Appeals holding is *dicta* because "no party briefed or argued – nor did the Court of Appeals decide – whether § 193 of the Labor Law applies to a failure to pay wages."[1]  ECF # 34, p. 3.

Defendant's sole focus upon § 193 is misguided and its assertions are incorrect.  Plaintiff leaves it to the Court to read the penultimate paragraph of the Court's decision and decide whether it is a "holding" or *dicta*.

Second, Defendant's assertions are factually flawed.  Section 193 was, indeed, cited and addressed in the briefs filed with the Court of Appeals in the context of the broader issues presented – which are identical to the issues before this Court – (a) is a vested bonus a wage; and (b) the propriety of an award of attorneys' fees under § 198 of the New York Labor Law ("NYLL") based upon a failure to pay wages.  *See*, Meller Decl., ¶¶ 2-5, and Exs. A-D.

Defendant's opposition otherwise focuses upon contract arguments premised upon accusation, including an invitation to address the mostly irrelevant and speculative thirty-one paragraph Declaration of David Greenstein. ECF # 37.  Except to address the documented falsehood contained in paragraph 23 of that Declaration, Plaintiff declines Defendant's invitation to create a factual dispute where no relevant dispute exists.[2]

---

[1] Defendant's Reply Memorandum of Law in Further Support of its Motion to Dismiss the Second Count of the Complaint is expressly incorporated into its opposition to this Motion.  ECF # 35, pp. 2, 18; directing the Court's attention to ECF ## 15-17, 34.

[2] The Reply Declaration of Ritchard Yanowitz does also contain two (2) clarifying paragraphs (¶¶ 3 and 4), although they are not necessarily relevant to the questions before the Court.

Rather, Plaintiff will primarily address the NYLL issues which, upon a grant of Summary Judgment, will moot the relief sought in the First Count, albeit that Defendant's written admissions provide ample support for Summary Judgment on that cause of action. Plaintiff's focus accords with Divatex's recognition that "discovery of these facts is not necessary for resolution of Plaintiff's New York Labor Law claim" (Patin Decl., ¶ 9, ECF # 39), confirming both parties' agreement that Yanowitz's NYLL claims are ripe for Summary Judgment.

## LEGAL ARGUMENT

**I.     PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS NEW YORK LABOR LAW CLAIMS.**

      **A.     Plaintiff Is Entitled To His Retention Bonus And Defendant's Arguments Pertaining To NYLL § 193 Are Irrelevant.**

Divatex argues that § 193 of the NYLL applies only to "deductions" and not a "failure to pay wages". This argument ignores the obvious.

Yanowitz asserted claims for a willful violation of NYLL, "including, but not limited to, Section 193." *See*, Complaint, ECF # 1, ¶ 13 (emphasis added).[3]  The Retention Bonus is indisputably vested and earned.  It is, therefore, a "wage", as defined by § 190(1) of NYLL. *Ryan v. Kellogg Partners Institution Services*, 19 N.Y.3d 1, 16 (2012).  Divatex concedes that the wage was not paid. Section 198 (1-a) of the NYLL provides in relevant part:

> In any action instituted in the courts upon a wage claim by an employee … in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

---

[3] Divatex points out that the *Ryan* plaintiff asserted his claim in a very similar manner as did Yanowitz, alleging a "violation of Labor Law §§ 190 through 198," like Yanowitz's claim which pleads a violation of the NYLL including, but not limited to, section 193. *See*, ECF # 34, at p. 4, n. 3.

Divatex paid "zero" when wages of $190,333.00 are due on the Retention Bonus. Therefore, Divatex violated § 198(1-a) of the NYLL and Yanowitz is entitled to the full amount of the Retention Bonus underpayment, attorneys' fees, prejudgment interest and statutory liquidated damages.

### B.   Defendant's Arguments Pertaining To *Ryan v. Kellogg* And NYLL § 193 Are Incorrect As A Matter Of Fact and Law.

Defendant asserts that § 193 does not provide Plaintiff relief because it pertains to deductions only and not a failure to pay.[4]   According to Defendant's logic, a deduction of less than all sums due is a violation of law, but a deduction of all sums; *i.e.*, a failure to pay, does not violate the law.

Regardless of logic or the lack thereof, Defendant's limitations on § 193 are incorrect. To repeat the obvious, *Ryan v. Kellogg Partners Institution Services*, 19 N.Y.3d 1 (2012), is controlling precedent, which held that a failure or refusal to pay a duly vested bonus to an executive is a violation of NYLL § 193 entitling him to recovery, together with liquidated damages and attorneys' fees under NYLL § 198(1-a).   To avoid the application of *Ryan*, which is on all fours with this case, Defendant labels the holding as "*dicta*", arguing that no party briefed or argued the application of § 193 of the Labor Law.   *See*, ECF # 34 at p. 3.   While phrased under broader language, the questions presented to the Appellate Division and the Court of Appeals included whether a failure to pay a vested bonus is a violation of Article 6 of the NYLL, entitling the employee to an award of attorneys' fees.   In their arguments, both parties cited § 193.   *See*, Meller Decl., ¶¶ 2-5, and Exs. A-D.   Again, after consideration of the issue and arguments, the Court of Appeals held, in its penultimate paragraph[5] (not *dicta*) that an

---

[4] Defendant ignores § 193(3)(a), which prohibits charges and offsets against wages; such as Divatex's offset and charge of all outstanding sums due Plaintiff against its claim, which it later set forth in its eleven Counterclaims.

[5] One can only guess as to what the Court held, if not, that a failure to pay is a violation of § 193.

employer's failure to pay an earned and vested bonus is a violation of NYLL § 193, entitling a plaintiff to relief under § 198(1-a).  *Ryan*, *supra*, 19 N.Y.3d at 16.

Given that *Ryan* answers the central issue here, and that the propriety of relief under § 198(1-a) for "underpayments" is beyond dispute (*see*, Point I(A) above), it is a waste of effort to address or distinguish each of the cases proffered by Defendant at length.[6]  As no legal or factual dispute can exist, Yanowitz is entitled to judgment on this claim as a matter of law.

### C.   Plaintiff's Performance Bonus Became Vested as a Wage.

Defendant incorrectly asserts that "Plaintiff admits that the Performance Bonus is not a wage." *See*, ECF # 34, p. 6.  To the contrary, as of December 31, 2014, this Performance Bonus became "vested" and fully "earned"— *i.e.*, a "wage" as defined under NYLL § 190(1).  *See Ryan*, *supra*, 19 N.Y.3d at 16; *Guadalupe v. Tri-State Employment, Mgmt. & Consulting, Inc.*, No. 10-CV-3840 NG CLP, 2013 WL 4547242, at *10 (E.D.N.Y. Aug. 28, 2013) ("With respect to the New York Labor Law, the term 'wages' includes incentive compensation that has been 'earned' by an employee. … 'A bonus is 'earned' when the employee acquires a vested interest in the award and its payment is not conditioned upon some occurrence or left to the discretion of

---

[6] The caselaw cited by Divatex in support of its Motion to Dismiss are inapplicable to the present matter, especially to the extent that they conflict with *Ryan*.  The central import of each case is whether the relief sought by the respective plaintiffs were "wages", and thus the court stopped short of addressing the failure to pay wages as a violation of § 193, as they must, since the Court of Appeals has spoken. *See*, *Ryan*, *supra*, 19 N.Y.3d at 16.  To briefly distinguish, Yanowitz is not a plaintiff who failed to seek relief under the NYLL in his complaint and the dispute here is not tantamount to disagreement over how his wages should be calculated. *See*, *Moras v. Marco Polo Network, Inc.*, 11 Civ. 2081 (PAE), 2012 U.S. Dist. LEXIS 181110, at *30-32 (S.D.N.Y. Dec. 20, 2012).  Yanowitz is not an exotic dancer seeking to recover offsets against daily tip-outs, as tips are not "wages" under the statute. *See*, *Hart v. Rick's Cabaret Intern., Inc.*, 987 F.Supp.2d 901 (S.D.N.Y. 2013) (note however here, the Court also found that the defendants were "liable...for violating § 193(3)(a)," which prohibits an employer from requiring "an employee to make any payment by separate transaction").  Yanowitz is not an unpaid intern who had no "wages" from which a deduction could be made. *See*, *Wang v. Hearst Corp.*, 12 Civ. 793 (HB), 2013 U.S. Dist. LEXIS 3768, at 4-6 (S.D.N.Y. Jan. 9, 2013).  Yanowitz is also not an employee seeking to obtain pay for hours worked during meal breaks, which is not governed by § 193 as wages. *See*, *Church v. St. Mary's Healthcare*, 11 Civ. 1198 (NAM/ATB), 2012 U.S. Dist. LEXIS 138338, at *10-11 (N.D.N.Y. Sept. 25, 2012).  *Watcher v. Kim*, Index No. 650532/2008 (Sup. Ct. N.Y. Cnty. Jan. 11, 2013), attached to Defendant's ECF No. 34, does not change this conclusion as the trial court simply overlooked the fact that the issue was answered with *Ryan*.  Additionally, that matter was on appeal when it then settled.

the employer.'"); *compare*, *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224 (2000) (bonus was discretionary, wholly subject to the non-reviewable determination of the employer).

Parties are free to agree when compensation is earned, vested and thus becomes a "wage". *Pachter v. Bernard Hordes Group, Inc.*, 10 N.Y. 609, 618 (2008). On December 29, 2014, Plaintiff was given a letter dated December 31, 2014 by David Greenstein, CEO of Defendant. *See*, Yanowitz Aff., Ex. A, ECF # 22. This letter confirmed that the Performance Bonus was earned and vested as of December 31, 2014. The wage was to be paid to Plaintiff in his final paycheck. On December 31, 2014, David Greenstein confirmed that the vested Performance Bonus earned was to be paid on January 9, 2015. *See* Yanowitz Decl., Ex. A.[7] Hence, before the Employment Agreement expired, the parties agreed that the Performance Bonus was a wage and Yanowitz is entitled to judgment as a matter of law.

### D.   Plaintiff Is Entitled To Two Weeks of Vacation Pay, As Confirmed By Divatex's Written Admission.

Putting aside the legal argument as to the scope of § 198-c, two weeks of vacation pay are due to Plaintiff as a vested wage.[8] The Personnel Status Change document executed by Mr. Greenstein acknowledges that vacation pay was vested before the Employment Agreement expired. The amount is also admitted by Divatex, as the document provides that Mr. Yanowitz's "Final Paycheck" would include 15 days' vacation pay (plus his Retention and Performance Bonus). *See*, Yanowitz Decl., Ex. A. Hence, regardless of Mr. Greenstein's statement that "Divatex paid to Plaintiff through direct deposit <u>all amounts owed to Plaintiff under the</u>

---

[7] In connection with the pending Motion to Dismiss, Divatex has contended that the Performance Bonus was not payable until March 31, 2015. ECF # 16, p. 9. Once again, this is an incorrect argument by Divatex.

[8] For the sake of page limitation, Plaintiff refers the Court to its Memorandum in Support of its Motion for Summary Judgment (ECF # 21, pp. 13-15) as to its legal analysis of the breadth of this provision.

Employment Agreement, which consisted of his unpaid salary through December 31, 2014 and one week's vacation pay, less applicable withholdings and deductions" (emphasis supplied) (Greenstein Decl., ECF # 37, ¶ 23), the Personnel Status Change document proves his sworn statement to be false.  Accordingly, wages of two weeks of vacation pay remains due and owing.

II.    **YANOWITZ IS ENTITLED TO AN AWARD OF LIQUIDATED DAMAGES, ATTORNEYS' FEES AND PREJUDGMENT INTEREST UNDER NYLL § 198, AS DIVATEX HAS FAILED TO MEET ITS BURDEN TO SHOW A GOOD FAITH BASIS FOR ITS UNDERPAYMENT OF WAGES AND IT IS LEGALLY IMPOSSIBLE FOR DIVATEX TO DO SO.**

Divatex has failed to meet its burden to establish a "good faith basis" that it believed that its underpayment of wages was in compliance with the law.  *See, Ryan, supra,* 19 N.Y.3D at 10, n. 8 ("the law was amended in 2009 to shift the burden to the employer to 'prove[] a good faith basis to believe that its underpayment of wages was in compliance with the law' in order to avoid liquidated damages").  Moreover, it is impossible for defendant to meet its burden.

Divatex justifies its non-payment based upon a purported violation by Yanowitz of a "non-compete" provision and speculation.  *See,* letter dated January 8, 2015, Yanowitz Aff., ¶ 4, Ex. C, ECF # 20.  Stated otherwise, it exercised self-help of withholding/charging based on an alleged contractual breach.  That is impermissible as a matter of law.  *P&L Group, Inc. v. Garfinkel,* 150 A.D.2d 663 (2d Dept. 1989), addressed this exact issue.[9]  An employer did not pay earned commissions – wages – because it alleged that the employee breached a restrictive covenant.  The court held:

> The plaintiff does not deny that the defendants earned the claimed commissions, but argues that the defendants are in material breach of covenants not to compete contained in the employment agreements and that those commissions are "inextricably intertwined" with the allegations set forth in the complaint. <u>We reject the plaintiff's argument. Unless authorized by law or by consent, an employer is not permitted the self-help remedy of withholding employees'</u>

---

[9] *See also,* NYLL § 193(3)(a).

compensation. Labor Law §§ 197 and 198 reflect a strong legislative policy aimed at protecting an employee's right to wages earned.  "The importance of this policy is underlined by the Legislature's decision to make its violation a misdemeanor punishable by a fine, jail, or both" (*Saunders v Big Bros.*, 115 Misc 2d 845, 848). Therefore, the defendants are entitled to their commissions and the court properly refused to vacate the default.

It is also apparent on this record that the plaintiff knowingly, deliberately and voluntarily disregarded its obligation under the Labor Law to pay the employees' commissions and, thus, the failure to pay the wages was 'willful'. Therefore, the award of liquidated damages was proper. (*see*, Labor Law §198).

*P&L Group, supra*, 150 A.D.2d at 664 (emphasis added); *see also*, 52 N.Y. Jur.2d Employment Relations § 148.

Moreover, NYLL § 198(1-a) requires "that the statutory liquidated damages must be imposed **as a matter of course** 'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" *Kleinman v. Blue Ridge Foods, LLC*, 32 Misc. 3d 1219(A), at *7, 934 N.Y.S.2d 34 (Sup. Ct. Kings Cnty. 2011) (emphasis added). Therefore, the court need not defer its determination on liquidated damages and Yanowitz is entitled to all relief under NYLL § 198(1-a).[10]

## III.    DEFENDANT'S BREACH OF CONTRACT DEFENSES ARE IRRELEVANT, INCORRECT AND UNSUPPORTED.

Defendant's breach of contract "defenses" live and die with the restrictive covenant that Divatex alleges has been breached.[11]  Again, for the purposes of the Second Count, the alleged restrictive covenant is irrelevant because under New York law, an employer is not entitled to the

---

[10] The onus is on Divatex to establish its good faith, and its reliance on *Hicks v. T.L. Cannon Corp.*, 35 F.Supp.3d 329, 349 (W.D.N.Y. Aug. 5, 2014), and *Zubair v. EnTech Eng'g P.C.*, 808 F. Supp. 2d 592, 601 (S.D.N.Y. 2011), in an attempt to defer the Court's award of liquidated damages is a red herring.  Both cases involved tangential claims under NYLL § 198 for liquidated damages, that were intertwined with Fair Labor Standards Act minimum wage issues that made the cases more intricate than here (in *Hicks*, there were even issues devoted to class certification of the plaintiff employees).

[11] With respect to Brandon Yanowitz, the multitude of allegations against him that are referenced in Divatex's opposition are simply irrelevant to the present motion.

self-help remedy of withholding wages in response to a perceived breach of a restrictive covenant. *See*, *P&L Group*, *supra*, 150 A.D.2d at 664; NYLL § 193(a)(3).

As to the First Count, there are many infirmities to Defendant's contentions, not the least of which is that the language contained in the Employment Agreement does not contain any applicable restrictive covenant. Despite the elipsing of language by Mr. Greenstein in his Declaration (ECF # 37, ¶ 5), the only restrictive covenant in the Yanowitz Employment Agreement is explicitly tied to instances during which severance pay is received.  It actually states at Article 7(a)(1):

> for a two (2) year period after termination of Executive's employment (a "Restricted Period") for any reason except if Executive's employment is terminated by the Corporation at the end of the Initial Term pursuant to paragraph 2 or his employment is terminated pursuant to paragraphs 5(d) or 5(e) <u>then during the period that the Executive is eligible to receive Severance Pay (a "Restricted Period") the Executive will not, in the Restricted Area (as hereinafter defined) directly or indirectly, accept employment with</u> . . . .

Employment Agreement, ECF # 17, Ex. B, p. 7 (emphasis supplied).

Thus, Defendant's "sole defense" is speculation, which is insufficient to defeat summary judgment.  Moreover, Divatex asserts that its Counterclaims are "based on information and knowledge currently available to Divatex that was obtained from individuals employed by Divatex and documents in the custody, possession and control of Divatex." Patin Decl., ¶ 9, ECF # 39.  However, nothing has been offered sufficient to defeat summary judgment.

Similarly, a review of the relevant bonus provisions in the Employment Agreement reveal that even in the case of a breach by Yanowitz, he would still be entitled to receive his Retention Bonus.  The provision pertaining to the Performance Bonus explicitly states that it will be awarded, provided that Yanowitz "has not breached or violated the terms of this Agreement." *See*, Employment Agreement, ECF # 17-2, p. 3, ¶ 3(3).  The provision pertaining to the Retention Bonus purposefully omits such a term, and instead provides that it will be paid as long

as Yanowitz was employed by the Defendant at the end of the calendar year. *See, Id.* ¶ 3, p. 2. This was a document prepared by Divatex's legal counsel (*See*, Yanowitz Decl., ¶ 3) and must be construed against Divatex as the drafter. *Battenkill Veterinary Equine P.C. v. Cangelosi*, 1 A.D.3d 856, 858 (3d Dept. 2003) (quoting *DeCapua v. Dine-A-Mate*, 292 A.D.2d 489, 492 (2d Dept. 2002)). Accordingly, "[a]mbiguous terms will be resolved against the contract drafter." *Id.* (citing *In re: Saranac Cent. Sch. Dist. (Sweet Associates Inc.)*, 253 A.D.2d 566, 567 (3d Dept. 1998)). While Yanowitz contests that he committed a breach, these terms alone entitle him to his Retention Bonus on his contract claim.

The undeniable facts are that Yanowitz earned his compensation, including all sums sought prior to the end of his employment on December 31, 2014.[12] Defendant's abstract and unfounded suspicions and accusations of a conspiracy to use confidential information by Yanowitz and his son to compete with Divatex and/or usurp customers is not enough to defeat Yanowitz's wage claim.[13] Moreover, Defendant's forfeiture argument based on the "faithless servant" doctrine or breach of duty of loyalty, also has no bearing on the outcome of this motion

---

[12] Furthermore, a straightforward review of the relevant timeline of events reveals Divatex's dishonesty. As of January 8, 2015, Divatex "knew" that Yanowitz was going to work for a competitor. Yet, Divatex still paid Yanowitz *some* aspects of his final paycheck on January 9, 2015. Simply put, why would Divatex make a partial payment to Yanowitz where it claims that nothing was due to him? Moreover, to the extent that *any* sums were withheld as a response to learning that Yanowitz would be working for a competitor, *P & L Group, supra*, 150 A.D.2d at 664, specifically prohibits Divatex from taking self-help actions of withholding *any* wages.

[13] Guidance on this very issue has explained:

> Acts that might give rise to a right to discharge an employee are not in themselves sufficient to defeat a claim for the agreed compensation where the employee has fully completed his or her term of service unless the facts show a failure that is substantial, material, and strikes at the very essence of the contract or it appears that the parties intended that any such violation should render the contract of no effect.

52 N.Y. Jur. 2d Employment Relations § 148 (citing *Abramson v. Dry Goods Refolding Co.*, 166 N.Y.S. 771 (App. Term 1917)); *Herman v. Branch Motor Exp. Co.*, 67 Misc. 2d 444, 323 N.Y.S.2d 794 (N.Y. City Civ. Ct. 1971)). This section went on to reference the decision from *P & L Group, supra*, cautioning against the self-help remedy of withholding the employee's compensation.

as Divatex still would not be entitled to self-help, as to the Second Count.[14]  *See*, *P&L Group*, *supra*, 150 A.D.2d at 664.  Hence, the Court need not concern itself with the façade of a contractual impediment to summary judgment, and should grant Plaintiff summary judgment on his claims under Counts I and II of the Complaint.

## IV.   DISCOVERY IS NOT NECESSARY TO THE RESOLUTION OF THIS MOTION

There are no discovery issues that should delay the grant of summary judgment for three reasons.  First, Divatex admits that "discovery of these facts is not necessary for resolution of Plaintiff's New York Labor Law claim," *See*, Patin Decl., ECF # 39, ¶ 9.  Second, Defendant states that it has asserted its defenses and counterclaims based on its documents and the knowledge of its employees, yet did not include any as part of its response to the motions currently before the Court.  *See*, *id*. ¶ 5.  Third, the crux of Defendant's claims is based on speculation and accusation.  Discovery is not a tool to be employed in the hopes that it will lead to the fabrication of a claim and as an excuse for nonpayment of wages.  Plaintiff also notes that Defendant filed a Motion to Defer or Deny Plaintiff's Motion for Summary Judgment and To Allow Discovery pursuant to Federal Rule of Civil Procedure 56(d) and Plaintiff reserves his rights to address that issue in response to that motion.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court grant Plaintiff's Motion for Summary Judgment.

---

[14] There also was no breach of the duty of loyalty here and Defendant has proffered no facts or evidence to support its blanket assertions.  Preliminary inquiries to an employer's clients as to whether the client would continue to do business with the employee if the employee left the company have been found not to be a breach of the duty of loyalty.  *Mal Dunn Associates, Inc. v. Kranjac*, 145 A.D.2d 472, 474 (2d Dept. 1988).  This is true even in a setting where the employee herself went on to form her own competing business.  *See id.* As an ex-employee of Defendant to which no restrictive covenant applied (see above), it is of no consequence that Yanowitz now works for a competing company.  *See*, *Island Sports Physical Therapy v. Kane*, 84 A.D.3d 879, 880 (2d Dept. 2011).

May 15, 2015                                      Respectfully submitted,
New York, New York


                                                 */s/ Bruce D. Meller*
                                                 BRUCE D. MELLER, ESQ.
                                                 PECKAR & ABRAMSON, P.C.
                                                 41 Madison Avenue, 20th Floor
                                                 New York, NY 10010
                                                 Telephone:  (212) 382-0909
                                                 Bmeller@pecklaw.com
                                                 Attorneys for Plaintiff
                                                 Ritchard Yanowitz