UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RITCHARD YANOWITZ,

    Plaintiff,

-against-

DIVATEX HOME FASHION, INC.,

    Defendant.

------------------------------------------------------------X

DIVATEX HOME FASHION, INC.,,

    Counterclaim Plaintiff,

-against-

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

    Counterclaim Defendants.

------------------------------------------------------------X

Civil Action No.: 15-cv-00807 (KBF)

**DECLARATION OF
BRUCE D. MELLER, ESQ.**

I, BRUCE D. MELLER, declare and state as follows:

    1.    I am a member of Peckar & Abramson, P.C., attorneys for Plaintiff, Ritchard Yanowitz ("Yanowitz"). I make this Declaration in reply to the opposition of Divatex Home Fashion, Inc. ("Divatex") and in further support of Plaintiff's Motion for Summary Judgment.

    2.    Annexed hereto as Exhibit A is a true and correct copy of the following portions of the Brief for Defendant-Appellant Kellogg Partners Institutional Services, submitted to the Appellate Division – First Department:

    (i)    The Brief Cover;

LAW OFFICES
**Peckar &
Abramson**
A Professional Corporation

(ii)   The Table of Contents;

(iii)   Concise Statement of Questions Involved; and

(iv)   Point V – "RESPONDENT'S CROSS MOTION FOR ATTORNEYS' FEES PURSUANT TO LABOR LAW § 198(1-a) WAS COMPLETELY WITHOUT BASIS UNDER THE LAW AND SHOULD HAVE BEEN DENIED."

Of the "Concise Statement of Questions Involved," the Court is respectfully referred to Question 6, which asks "Did the Trial Court err in granting Respondent's post-trial motion seeking attorneys' fees under Section 198 of the New York Labor Law?" [Exhibit A, p. 7]. This question presented is addressed by Point V, which argued at length that the plaintiff would not be "entitled to attorney's fees or liquidated damages pursuant to N.Y. Labor Law §§ 193 and 198(1-a)." [Exhibit A, p. 57]. This argument was rejected by the First Department.

3.   Annexed hereto as Exhibit B is a true and correct copy of the following portions of the Brief for Plaintiff-Respondent Daniel Ryan, submitted to the Appellate Division – First Department:

(i)   The Brief Cover;

(ii)   The Table of Contents;

(iii)   Counterstatement of Questions Involved; and

(iv)   Point V – "THE JURY'S FINDING THAT KELLOGG BREACHED THE CONTRACT TO PAY MR. RYAN $175,000 WARRANTS THE COURT'S DETERMINATION THAT MR. RYAN IS ENTITLED TO THE AWARD OF ATTORNEYS' FEES BECAUSE KELLOGG VIOLATED ARTICLE 6 OF THE NEW YORK LABOR LAW."

Of the "Counterstatement of Questions Involved," the Court is respectfully referred to Question 6, which asks "In upholding the unanimous Jury verdict that Defendant-Appellant breached its agreement to pay Plaintiff-Respondent wages in the form of a guaranteed bonus,

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

did the Trial Court correctly determine that Defendant-Appellant violated the New York Labor Law, which entitles Plaintiff-Respondent to the award of attorneys' fees?" [Exhibit B, p. 2]. This question presented is addressed by Point V, which argued that a "breach of contract to pay a non-discretionary bonus ... constitutes a violation of Article 6 of the New York Labor Law, §§ 190 et seq." and that said violation entitled the plaintiff to attorneys' fees. This argument was successful before the First Department. [Exhibit B, p. 48].

4. Annexed hereto as Exhibit C is a true and correct copy of the following portions of the Brief for Defendant-Appellant Kellogg Partners Institutional Services, submitted to the New York Court of Appeals:

(i) The Brief Cover;

(ii) The Table of Contents;

(iii) Concise Statement of Questions Involved; and

(iv) Point V – "RYAN'S CROSS MOTION FOR ATTORNEYS' FEES PURSUANT TO LABOR LAW § 198 WAS COMPLETELY WITHOUT BASIS UNDER THE LAW AND SHOULD HAVE BEEN DENIED."

Of the "Concise Statement of Questions Involved," the Court is respectfully referred to Question 7, which asks, "Did the majority err in affirming a grant of attorneys' fees to Ryan under the New York Labor Law?" [Exhibit C, p. 11]. This question presented is addressed by Point V, which argued that the plaintiff Ryan was not entitled to attorneys' fees under Labor Law §§ 193 and 198(1-a). [Exhibit C, p. 63]. This argument was rejected by the Court of Appeals.

5. Annexed hereto as Exhibit D is a true and correct copy of the following portions of the Brief for Plaintiff-Respondent Daniel Ryan, submitted to the New York Court of Appeals:

  (i)  The Brief Cover;

  (ii)  The Table of Contents;

  (iii)  Counterstatement of Questions Involved; and

  (iv)  Point V – "THE JURY'S FINDING THAT KELLOGG BREACHED THE CONTRACT TO PAY MR. RYAN $175,000 WARRANTS THE COURT'S DETERMINATION THAT MR. RYAN IS ENTITLED TO THE AWARD OF ATTORNEYS' FEES BECAUSE KELLOGG VIOLATED ARTICLE 6 OF THE NEW YORK LABOR LAW."

Of the "Counterstatement of Questions Involved," the Court is respectfully referred to Question 6, which asks "In upholding the unanimous Jury verdict that Kellogg breached its agreement to pay Mr. Ryan wages in the form of a guaranteed bonus, did the First Department correctly determine that, as a matter of law, there was sufficient evidence that Kellogg violated the New York Labor Law, which entitled Mr. Ryan to the award of attorneys' fees?" [Exhibit D, p. 11]. This question presented is addressed by Point V, which argued that a "breach of contract to pay a non-discretionary bonus … constitutes a violation of Article 6 of the New York Labor Law, §§ 190 et seq." and that said violation entitled the plaintiff to attorneys' fees under § 198(1-a). [Exhibit D, p. 60-61]. This argument was successful before the Court of Appeals. *See, Ryan v. Kellogg Partners Institutional Services*, 19 N.Y.3d 1, 16 (2012).

  I declare under the penalties of perjury that the foregoing is true and correct.

  Executed on this 15th day of May, 2015

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

  /s/ Bruce D. Meller
  Bruce D. Meller, Esq.