UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

RITCHARD YANOWITZ,

        Plaintiff,

    -against-

DIVATEX HOME FASHION, INC.,

        Defendant.

Civil Action No.:  15-cv-00807 (KBF)

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S STATEMENT
OF ADDITIONAL MATERIAL
FACTS RELEVANT TO PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT**

---------------------------------------------------------------- X

DIVATEX HOME FASHION, INC.,,

        Counterclaim Plaintiff,

    -against-

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

        Counterclaim Defendants.

---------------------------------------------------------------- X

    Plaintiff, Ritchard Yanowitz ("Yanowitz") respectfully submits its Rule 56.1 Response to defendant, Divatex Home Fashion, Inc.'s ("Divatex") assertion of Additional Material Facts Relevant to Plaintiff's Motion for Summary Judgment.

    Pursuant to Local Rule 56.1, each numbered Paragraph herein responds to the correspondingly numbered Paragraphs in Defendant's Assertion of Additional Material Facts and any admissions are made for the purposes of this motion only.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

### Response to Defendant's Assertion of Additional Facts #11

Plaintiff denies Defendant's characterization of the Employment Agreement entered into by and between Divatex and Yanowitz as of June 2008 and effective as of January 1, 2008 (the "Employment Agreement"), a copy of which is attached as Exhibit A to Divatex's Answer and Counterclaims (ECF No. 29).  Plaintiff avers that the purported quotations set forth by Divatex are incomplete, elipsed and not properly placed in context, so as to be misleading and/or incorrect.  Plaintiff respectfully refers to the Court to the Employment Agreement for its complete and accurate contents.  See Answer, Exhibit A.  Further, the assertions set forth do not establish the presence of a genuine dispute of material fact and the portions of the Employment Agreement referenced are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #12

Plaintiff admits that Divatex agreed to pay Plaintiff, among other things, Base Annual Salary, a Retention Bonus and a Performance Bonus.   Plaintiff denies Defendant's characterization of the Employment Agreement.  Plaintiff avers that the purported quotations set forth by Divatex are incomplete, elipsed and not properly placed in context, so as to be misleading and/or incorrect.  Plaintiff respectfully refers to the Court to the Employment Agreement for its complete and accurate contents.  See Answer, Exhibit A. Except as admitted, the assertions set forth do not establish the presence of a genuine dispute of material fact and the other portions of the Employment Agreement referenced are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #13

Plaintiff admits that Divatex agreed to pay Plaintiff, among other things, Base Annual Salary, a Retention Bonus and a Performance Bonus.   Plaintiff denies Defendant's

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

characterization of the Employment Agreement.  Plaintiff avers that the purported quotations set forth by Divatex are incomplete, elipsed and not properly placed in context, so as to be misleading and/or incorrect.  Plaintiff respectfully refers to the Court to the Employment Agreement for its complete and accurate contents.  Particularly misleading is Defendant's use of elipsed language in Paragraph 7 of the Employment Agreement in order to suggest the existence of a restrictive covenant applicable to Plaintiff.  No applicable restrictive covenant exists as to Plaintiff.    The express terms of the Employment Agreement drafted by Divatex's counsel (Yanowitz Declaration, ¶ 3) is predicated upon a "termination" as defined by the Employment Agreement and, in fact, states:

> (1) For a two (2) year period after termination of Executive's employment (a "Restricted Period") for any reason except if the Executive's employment is terminated by the Corporation at the end of the Initial Term pursuant to paragraph 2, or his employment is terminated pursuant to 5(d) or 5(e), <u>then during the period that the Executive is eligible to receive severance pay</u> (a "Restrictive Period"), the Executive will not, in the restricted area that is hereinafter defined directly or indirectly accept employment…….. (Answer, Exhibit A, ¶ 5 and ¶ 7(a)(1).  (Emphasis supplied).

Plaintiff is not receiving severance pay.  See Yanowitz Aff., Exhibit B.  Except as admitted, the assertions set forth do not establish the presence of a genuine dispute of material fact and the portions of the Employment Agreement referenced are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #14

Plaintiff admits that his employment concluded on December 31, 2014 pursuant to the terms of the Employment Agreement.  Except as admitted, Plaintiff denies Defendant's assertions as characterizations of the Employment Agreement.  Plaintiff respectfully refers the Court to the Employment Agreement for its complete terms and accurate content.  See Answer, Exhibit A.  Except as admitted, the assertions set forth do not establish the

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

presence of a genuine dispute of material fact and the portions of the Employment Agreement referenced are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #15

Plaintiff denies Defendant's characterization of the Employment Agreement. Plaintiff respectfully refers to the Court to the Employment Agreement for its complete and accurate contents. See Answer, Exhibit A. Further, the assertions set forth do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #16

Plaintiff denies Defendant's characterization of the Employment Agreement. Plaintiff avers that the purported quotations set forth by Divatex are incomplete, elipsed and not properly placed in context, so as to be misleading and/or incorrect. Plaintiff respectfully refers to the Court to the Employment Agreement for its complete and accurate contents. See Answer, Exhibit A. Further, the assertions set forth do not establish the presence of a genuine dispute of material fact and the portions of the Employment Agreement referenced are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #17

Plaintiff admits that Brandon Yanowitz is his son and that he gave 2 weeks' notice of leaving the employ of Divatex on June 10, 2014. Further, the assertions of Paragraph 17 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

### Response to Defendant's Assertion of Additional Facts #18

Plaintiff admits that he has seen Exhibit B to Defendant's Answer. Except as admitted, Plaintiff denies Defendant's characterization of the document it defines as the "Brandon Agreement", and respectfully refers to the Court to the Brandon Agreement for its complete and accurate contents. See Answer, Exhibit B. Further, the assertions of Paragraph 18 do not establish the presence of a genuine dispute of material fact, they do not relate to Plaintiff and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #19

Plaintiff can make no response to the assertions set forth in Paragraph 19, as they are predicated solely upon the alleged knowledge of David Greenstein. Plaintiff avers that on the date that Brandon Yanowitz gave "two weeks' notice", his employment was terminated by the direction of David Greenstein. Yanowitz Declaration, ¶ 4. Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 19 by admissible evidence. Plaintiff further avers that the assertions of Paragraph 19 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #20

Plaintiff denies the assertions of Paragraph 20, as the employment of Brandon Yanowitz was terminated by the direction of David Greenstein on the same day that Brandon Yanowitz furnished two weeks' notice, and that the "exit interview" was not performed by David Greenstein (Yanowitz Declaration, ¶ 4) and, hence, he could have no personal knowledge of what, if anything, was actually said to Brandon Yanowitz, except if it were

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

hearsay, which is inadmissible evidence.  Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 20 by admissible evidence.  Plaintiff further avers that the assertions of Paragraph 20 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #21

Plaintiff admits that he was not previously advised by his son of his plans to resign from Divatex or to join Keeco as of June 10, 2014.  Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 20 by admissible evidence.  Plaintiff further avers that the assertions of Paragraph 21 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #22

Plaintiff denies the speculations, conclusions and accusations contained in Paragraph 22 which Defendant asserts as facts.  Plaintiff cannot further, directly respond to Paragraph 22 because Defendant's vague assertions are not disclosed as to Company A and/or information and belief.  See Motion to Dismiss or Alternatively, for a More Definite Statement, ECF No. 41-42.  Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 22 by admissible evidence.  Plaintiff further avers that the assertions of Paragraph 22 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

### Response to Defendant's Assertion of Additional Facts #23

Plaintiff denies the conclusions and accusations contained in Paragraph 23 which Defendant asserts as facts. Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 23 by admissible evidence. Plaintiff further avers that the assertions of Paragraph 23 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #24

Plaintiff can make no direct response to the assertions set forth in Paragraph 24 because Defendant's vague assertions are not disclosed as to Company A or to the "great efforts" or "meetings". See Motion to Dismiss or Alternatively, for a More Definite Statement, ECF No 41-42. Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 24 by admissible evidence. Plaintiff further avers that the assertions of Paragraph 24 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #25

Plaintiff admits receipt of the letter dated October 31, 2014. Except as admitted, Plaintiff denies the Defendant's characterization of the letter dated October 31, 2014. Plaintiff respectfully refers the Court to the October 31, 2014 letter for its complete and accurate contents. See Yanowitz Aff., Exhibit A.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

**Response to Defendant's Assertion of Additional Facts #26**

Plaintiff admits receipt of an unsigned letter on December 29, 2014, which was dated December 31, 2015.  Plaintiff denies the Defendant's characterization of the letter dated December 31, 2015.  Plaintiff respectfully refers the Court to the December 31, 2014 letter for its complete and accurate contents.  See Yanowitz Aff., Exhibit B.   Plaintiff avers that the terms of payment set forth in the December 31, 2014 letter are terms and conditions of the Employment Agreement (Employment Agreement, ¶ 3) and were not created by the December 31, 2014 letter or for any other reason.

**Response to Defendant's Assertion of Additional Facts #27**

Plaintiff denies the characterization of the December 31, 2014 letter and respectfully refers the Court to the December 31, 2014 letter for its complete and accurate contents.  See Yanowitz Aff., Exhibit B.

**Response to Defendant's Assertion of Additional Facts #28**

Plaintiff denies the accusations and speculation contained in Paragraph 28 which Defendant asserts as facts.  Plaintiff can make no response to the vague assertions in Paragraph 28 to the extent it refers to the date "Divatex learned that Plaintiff was working for Keeco" or are predicated upon the alleged knowledge of an unnamed person at Divatex.  See Motion to Dismiss or Alternatively, for a More Definite Statement, ECF No. 41-42.  Plaintiff denies all other conclusions and assertions, including the assertion that there existed an "agreement not to work for a competitor during the two year Restricted Period". (Employment Agreement, ¶¶ 5 and 7; Yanowitz Aff., Exhibit B).  Plaintiff avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 28 by admissible evidence.  Plaintiff further avers that the assertions of Paragraph 28 do not

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #29

Plaintiff denies the speculations, conclusions and accusations contained in Paragraph 29 which Defendant asserts as facts. Plaintiff can not respond to Paragraph 29 because Defendant's vague assertions are not disclosed as to Company A and/or information and belief. See Motion to Dismiss or Alternatively, for More Definite Statement, ECF No. 41-42. Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 29 by admissible evidence. Plaintiff further avers that the assertions of Paragraph 29 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts # 30

Plaintiff denies Defendant's characterization of the letter dated January 8, 2015. Plaintiff respectfully refers the Court to the January 8, 2015 letter for its complete and accurate contents. See Yanowitz Aff, Exhibit C. Plaintiff can not respond to Paragraph 30 because Defendant's vague assertions are not disclosed as to Company A and B. See Motion to Dismiss or Alternatively, for More Definite Statement, ECF No. 41-42. Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 30 by admissible evidence. Plaintiff further avers that the assertions of Paragraph 30 do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.



LAW OFFICES
Peckar &
Abramson
A Professional Corporation

### Response to Defendant's Assertion of Additional Facts #31

Plaintiff denies the speculations, conclusions and accusations contained in Paragraph 31 which Defendant asserts as facts. Plaintiff cannot respond to Paragraph 31 because Defendant's vague assertions are not disclosed as to Company C and what Greenstein deems likely. See Motion to Dismiss or Alternatively, for More Definite Statement, ECF No. 41-42. Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 31 by admissible evidence. Plaintiff further avers that the assertions of Paragraph 31 do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #32

Plaintiff denies the speculations, conclusions and accusations contained in Paragraph 32 which Defendant asserts as facts. Plaintiff cannot respond to Paragraph 32 because Defendant's vague assertions are not disclosed as to Company C and/or what "appeared to Greenstein". See Motion to Dismiss or Alternatively, for More Definite Statement, ECF No. 41-42. Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 32 by admissible evidence. Plaintiff further avers that the assertions of Paragraph 32 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #33

Plaintiff cannot respond to Paragraph 33 because Defendant's vague assertions are not disclosed as to Company B and/or the undisclosed details learned by undisclosed individuals

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

at Divatex.  <u>See</u> Motion to Dismiss or Alternatively, for More Definite Statement, ECF No. 41-42.  Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 33 by admissible evidence.  Plaintiff further avers that the assertions of Paragraph 33 do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #34

Plaintiff cannot respond to Paragraph 34 because Defendant's vague assertions are not disclosed as to the identity of Company B or what it was forced to do.  <u>See</u> Motion to Dismiss or Alternatively, for More Definite Statement, ECF No. 41-42.  Plaintiff avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 34 by admissible evidence.  Plaintiff further avers that the assertions of Paragraph 34 do not relate to Plaintiff, do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

### Response to Defendant's Assertion of Additional Facts #35

Plaintiff denies the speculations, conclusions and accusations contained in Paragraph 35 which Defendant asserts as facts.  Plaintiff cannot respond to Paragraph 35 because Defendant's vague assertions are not disclosed by the references to "[b]ased on the foregoing".  <u>See</u> Motion to Dismiss or Alternatively, for More Definite Statement, ECF No. 41-42.  Otherwise, Plaintiff can make no response to the assertions set forth in Paragraph 35, as they are predicated solely upon what Divatex deems "clear"; <u>i.e.</u>, pure speculation. Plaintiff further avers that the Greenstein Declaration does not set forth facts to support the assertions of Paragraph 35 by admissible evidence.  Plaintiff further avers that the assertions

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

of Paragraph 35 do not establish the presence of a genuine dispute of material fact and are irrelevant to Plaintiff's Motion for Summary Judgment.

Facsimile or electronic signatures may be utilized in the execution and service of this document.  The Parties agree that facsimile or electronic signatures are binding in the same manner as original signatures.

May 15, 2015                                Respectfully submitted,
New York, New York


/s/ Bruce D. Meller
Bruce D. Meller, Esq.

PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone:  (212) 382-0909
Bmeller@pecklaw.com
Attorneys for Plaintiff Ritchard Yanowitz



LAW OFFICES

Peckar &
Abramson
A Professional Corporation