UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

RITCHARD YANOWITZ,   Civil Action No.: 15-cv-00807 (KBF)

    Plaintiff,

-against-

DIVATEX HOME FASHION, INC.,

    Defendant.

-------------------------------------------------------------- X

DIVATEX HOME FASHION, INC.,

    Counterclaim Plaintiff,

-against-

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

    Counterclaim Defendants.

-------------------------------------------------------------- X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DEFER OR DENY PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND ALLOWING
DEFENDANT TO TAKE DISCOVERY**

PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY  10010
Telephone:  (212) 382-0909
*Attorneys for Plaintiff,*
*Ritchard Yanowitz*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT

    DISCOVERY IS NOT NECESSARY TO THE RESOLUTION
    OF THE MOTION FOR SUMMARY JUDGMENT ............................................................ 3

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Battenkill Veterinary Equine P.C. v. Cangelosi,*
  1 A.D.3d 856 (3d Dept. 2003) .................................................................................................9

*Cont'l Cas. Co. v. Marshall Granger & Co., LLP,*
  921 F. Supp. 2d 111 (S.D.N.Y. 2013) ......................................................................................3

*DePaola v. City of New York,*
  No. 13 CIV. 315 (KBF), 2013 WL 5597465 (S.D.N.Y. Oct. 9, 2013) aff'd, 586
  F. App'x 70 (2d Cir. 2014) .......................................................................................................4

*Dubai Islamic Bank v. Citibank, N.A.,*
  126 F. Supp. 2d 659 (S.D.N.Y. 2000) ......................................................................................5

*Federal Housing Finance Agency v. HSBC N. Am. Holdings Inc.,*
  33 F. Supp. 3d 455 (S.D.N.Y. 2014) ........................................................................................4

*G-I Holdings, Inc. v. Baron & Budd,*
  No. 01 CIV. 0216 (RWS), 2002 WL 31251702 (S.D.N.Y. Oct. 8, 2002) ................................4

*Gramercy Park Animal Ctr., Inc. v. Novick,*
  41 N.Y.2d 874 (1977) ..............................................................................................................9

*Handel v. Nisselson,*
  No. 81675, 1998 WL 889041 (S.D.N.Y. Dec. 18, 1998) .........................................................9

*Sahu v. Union Carbide Corp.,*
  262 F.R.D. 308 (S.D.N.Y. 2009) .............................................................................................5

*Sahu v. Union Carbide Corp.,*
  No. 07 CIV. 2156 (JFK), 2014 WL 3765556 (S.D.N.Y. July 30, 2014) ..................................4

*In re UFG Int'l, Inc.,*
  225 B.R. 51 (S.D.N.Y. 1998) ...................................................................................................9

**Other Authorities**

Federal Rule of Civil Procedure 11 .................................................................................1, 5

Federal Rule of Civil Procedure 56(d).......................................................................... *passim*

Federal Rule of Civil Procedure 56(f) ..................................................................................5

## PRELIMINARY STATEMENT

Plaintiff Ritchard Yanowitz ("Yanowitz") submits this Memorandum of Law in opposition to Defendant Divatex Home Fashion, Inc.'s ("Divatex") Motion to Defer or Deny Yanowitz's Motion for Summary Judgment and Allowing Defendant to Take Discovery under Federal Rule of Civil Procedure 56(d).

There are no discovery issues that should delay the grant of Summary Judgment.

As to Count II of the Complaint, Divatex admits that "discovery of these facts is not necessary for resolution of Plaintiff's New York Labor Law claim," *See*, Patin Decl., ECF No. 39, ¶ 9. Yanowitz agrees. Accordingly, both parties acknowledge that Count II is ripe for Summary Judgment.

As to Count I, Defendant has asserted defenses and eleven Counterclaims. Clearly, no party can properly claim they do not have sufficient facts to oppose Summary Judgment on a contract claim if they possess sufficient facts to plead eleven Counterclaims in response to the claim on which Summary Judgment is sought. Indeed, Federal Rule of Civil Procedure 11 would preclude such conduct. To this point, Defendant has sworn under oath that the Counterclaims have been asserted "based on information and knowledge currently available to Divatex that was obtained from individuals employed by Divatex and documents in the custody, possession and control of Divatex." *See, id.* at ¶ 5. Therefore, Divatex represents the existence of the documents and knowledge of individuals who can execute Affidavits in opposition to Summary Judgment. The fact that Divatex chose not to proffer any of this alleged evidence in opposition to Yanowitz's Motion for Summary Judgment is either a conscious choice, a testament to the fact that the Counterclaims lack any true factual basis or an admission that the Counterclaims are based on speculation. A Federal Rule of Civil Procedure 56(d) motion is not available to support litigation strategy or speculation.

Similarly, no basis exists for this motion as it is for the purpose of delay. Since this case was initiated in February 2015, Divatex has done nothing to seek discovery from Yanowitz, Brandon Yanowitz, vendors/customers that have allegedly been "stolen" from Divatex, or any other entity that allegedly has documents or information relevant to this action. Clearly, this lack of effort reflects dilatory conduct and the lack of any real need for the discovery that Divatex speculates may corroborate its accusations.[1]

Federal Rule of Civil Procedure 56(d) is also not meant to be used as a tool to engage in a fishing expedition in the hopes that it will lead to support an excuse for nonpayment. Divatex has set forth nothing to support its accusations against Plaintiff of disloyalty, conspiracy, and misappropriation of trade secrets. Nor has it shown a likelihood that such material even exists.

In point of fact, the documents which have been submitted to the Court, all of which are signed by Divatex, conclusively establish the key material facts relevant to the motion. Namely, (i) Yanowitz's employment ended as of December 31, 2014; (ii) Yanowitz's final paycheck was to include his salary, a "Retention Bonus" in the sum of $190,333.00, a "Performance Bonus" in the sum of $105,000.00, and three weeks of vacation pay; and (iii) Divatex did not pay Yanowitz his Retention Bonus, Performance Bonus, and two weeks' vacation pay. This is all that matters for a resolution of the Summary Judgment motion.

---

[1] Although off the subject of the motion, as the Court will note by a reading of the Counterclaims, they are primarily directed to the alleged conduct of Brandon Yanowitz ("Brandon"), not the Plaintiff. Brandon was terminated on June 10, 2014 and no complaints have been voiced by Divatex until it was time to pay Plaintiff his wages. Yanowitz Summary Judgment Decl., ¶ 4. Additionally, Brandon Yanowitz was not even served with process until May 13, 2015 and that was a result of counsel's initiation of a conversation and acceptance of the service of process. See ECF No. 43.

## LEGAL ARGUMENT

## DISCOVERY IS NOT NECESSARY TO THE RESOLUTION OF THE MOTION FOR SUMMARY JUDGMENT

As to Count II of the Complaint, Divatex's counsel has admitted that, "discovery of these facts is not necessary for resolution of Plaintiff's New York Labor Law claim," *See*, Patin Decl., ¶ 9, ECF No. 39.  Yanowitz agrees that discovery is unnecessary and as such, there is no dispute that the New York Labor Law claims asserted in Count II of Yanowitz's Complaint can be decided at this juncture.

This leaves before the Court the sole issue as to whether discovery is needed on Count I (Breach of Contract). Divatex cannot satisfy its burden under Federal Rule of Civil Procedure 56(d).

The Southern District of New York has comprehensively addressed the relevant standard under Federal Rule of Civil Procedure 56(d), as follows:

> Rule 56(d) gives the court discretion to deny or defer an otherwise supported motion for summary judgment to allow for further discovery if the nonmoving party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. Fed.R.Civ.P. 56(d). The affidavit must explain: " '[ (1) ] the nature of the uncompleted discovery; [ (2) ] how the facts sought are reasonably expected to create a genuine issue of material fact; [ (3) ] what efforts the affiant has made to obtain those facts; and [ (4) ] why those efforts were unsuccessful.' " *Hoffmann v. Airquip Heating & Air Conditioning*, 480 Fed.Appx. 110, 112 (2d Cir.2012) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994)). **Even where a Rule 56(d) affidavit is adequate, "a district court may refuse to allow additional discovery 'if it deems the request to be based on speculation as to what potentially could be discovered'—that is, a mere fishing expedition."** *Seneca Beverage Corp. v. Healthnow N.Y., Inc.*, 200 Fed.Appx. 25, 27 (2d Cir.2006) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 117 (2d Cir.2001)).

*Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 921 F. Supp. 2d 111, 126-27 (S.D.N.Y. 2013) (emphasis supplied).

"A court is free to reject a non-movant's Rule 56(d) requests 'if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be discovered; and a bare assertion that the evidence supporting [non-movant's] allegations is in the hands of the moving party is insufficient to justify the denial of summary judgment.'" *Federal Housing Finance Agency v. HSBC N. Am. Holdings Inc.*, 33 F. Supp. 3d 455, 481 (S.D.N.Y. 2014) (quoting *In re Dana Corp.*, 574 F.3d 129, 148–49 (2d Cir.2009)); *see also, Sahu v. Union Carbide Corp.*, No. 07 CIV. 2156 (JFK), 2014 WL 3765556, at *5 (S.D.N.Y. July 30, 2014) (same). For these reasons, a litigant "cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his [pleading], and amplifying them only with speculation about what discovery might uncover." *Sahu, supra*, 2014 WL 3765556, at *4 (quoting *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir.1981)).

"Absent a connection between the facts sought and the discovery to be conducted, plaintiff's general assertions about the need for discovery amount to the kind of fishing expedition that is not permitted by Rule 56(d) as a means to defeat summary judgment." *DePaola v. City of New York*, No. 13 CIV. 315 (KBF), 2013 WL 5597465, at *5 (S.D.N.Y. Oct. 9, 2013) *aff'd*, 586 F. App'x 70 (2d Cir. 2014) (citing *Paddington, supra*, 34 F.3d at 1138). Moreover, "general descriptions" of "broad categories of discovery" will not suffice to support a Rule 56(d) motion. *See, id.* Where a party "has failed to allege the facts he seeks and how discovery will assist in discovering those facts with any degree of specificity," it cannot be said that a court is "railroading" the party with Summary Judgment. *See, id.* at *5 (citations omitted).

The authority proffered by Divatex does not change the limitations on a Rule 56(d) request for further discovery. In fact, much of the case law proffered by Divatex appreciates the restrictions set forth above. *See, G-I Holdings, Inc. v. Baron & Budd*, No. 01 CIV. 0216 (RWS),

2002 WL 31251702, at *4 (S.D.N.Y. Oct. 8, 2002) (noting the 4-part test of sufficiency of a supporting affidavit for a Rule 56(d) motion and citing *Demry v. Extebank Deferred Comp.*, 216 F.3d 283, 286 (2d Cir.2000) (discovery should be denied where the requested discovery will not create a genuine dispute of material fact), and *Contemporary Mission Inc. v. United States Postal Serv.*, 648 F.2d 97, 102 (2d Cir. 1981) ("An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis on which to justify the denial of the motion.")); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 665 (S.D.N.Y. 2000) ("Rule 56(f), however, 'is not a shield against all Summary Judgment motions. Litigants seeking relief under the rule must show that the material sought is germane to the defense ....') (citations omitted); *Sahu v. Union Carbide Corp.*, 262 F.R.D. 308, 312 (S.D.N.Y. 2009) (Rule 56(f)[2] "does not, however, permit a plaintiff to engage in a 'fishing expedition.'"). While the authority submitted by Divatex warns of a premature grant of Summary Judgment, the simple truth is that this matter is so straightforward that Summary Judgment is wholly warranted.

Divatex has alleged eleven Counterclaims based upon documents in its possession and information from its employees. *See* Patin Decl., ECF No. 39, ¶ 5. Yet, nothing of substance has been offered. To the extent that Divatex asserts that it does not have sufficient evidence to support its pleading, then it has acknowledged a violation of Federal Rule of Civil Procedure 11 and admitted that its claims, at best, are based on accusation and speculation. While that is the undeniable truth, it is insufficient under Federal Rule of Civil Procedure 56(d).

It is not hyperbole to say that the Counterclaims assert few, if any, facts to support the conclusions and accusations contained in the pleading. It is not an overstatement to assert that there is not a scintilla of any direct evidence of any wrongful conduct by Ritchard Yanowitz. In

---

[2] As Defendant points out on page 3 of its Brief (ECF No. 40), Federal Rule of Civil Procedure 56(d) was previously reflected in Federal Rule of Civil Procedure 56(f) prior to a 2010 amendment.

5

point of fact, in essence, all that Divatex pleads is that Ritchard Yanowitz no longer works for Divatex, now works for Keeco, that there was a restrictive covenant against competition contained in Yanowitz's Employment Agreement and that he breached that provision post-employment. Otherwise, Divatex's Counterclaims are predicated on 21 paragraphs of "upon information and belief" with no identification of the basis of the information, and no factual allegations that reasonably support the bare assertions. Rather, Divatex proffers allusions to facts, "maybes", "could haves" and guesswork that there was a conspiracy to appropriate trade secrets and usurp its clients. Indeed, as to this "conspiracy", Divatex does not even allege that Plaintiff "stole" business. It only alleges solicitation, almost exclusively by Brandon – not Plaintiff! In other words, Divatex's request to defer the Summary Judgment is to promote delay and a fishing expedition.

Rather than simply accept the broad statements above, Yanowitz respectfully requests the Court to review the Counterclaims and allegations by Divatex and consider them with respect to the following "bullet point" observations.

- ¶ 8 – Yanowitz had an Employment Agreement. No wrongful conduct by Yanowitz alleged. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶¶ 9 and 10 – Allegations as to Brandon. Irrelevant to Yanowitz. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶ 11 – Allegation of existence of duties and information possessed by Yanowitz. Allegations to Brandon, irrelevant to Yanowitz. No wrongful conduct by Yanowitz alleged. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶¶ 12-24 – Characterization of terms of documents. No wrongful conduct by Yanowitz alleged. Allegations as to Brandon, irrelevant to Yanowitz. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶¶ 25-28 – References to expiration of Employment Agreement and characterization of documents and/or allegations of statements made by Divatex.

No wrongful conduct by Yanowitz alleged. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶ 29 – Allegations as to Brandon. Basis of information and belief not stated. Allegations as to father/son relationship, not employer/employee. No wrongful conduct by Yanowitz alleged. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶ 30 – Argumentative. Only alleged wrongdoing is based on alleged non-compete clause in Employment Agreement. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶ 31 – Basis of information and belief not stated. Allegation as to Brandon, irrelevant to Yanowitz. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶¶ 32-34 – Basis of information and belief not stated. Characterization of "Brandon Agreement" and Brandon conduct, irrelevant to Yanowitz. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶ 35 – Basis of information and belief not stated. No identity of "confidential information". Company "B" not identified, although known to Divatex. Allegations are only speculation as to Yanowitz.

- ¶ 36 – Characterization of document. Companies "A" and "B" not identified, although known to Divatex. There are no facts unavailable to Divatex.

- ¶¶ 37-38 – Attendance at Industry Fair and conversations with unidentified individuals and Company "C", although individuals and Company "C" known to Divatex. Allegations as to Brandon, irrelevant to Yanowitz. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶¶ 39-40 – Allegations as to Brandon, irrelevant to Yanowitz. Basis for information and belief not stated. Company "B" not identified, although known to Divatex. There are no facts unavailable to Divatex relevant to Yanowitz.

- ¶ 41 – Basis of information and belief not stated. Allegations are speculation only.

- First Counterclaim – Based on claim of breach of alleged Restrictive Covenant post-employment. Repetition of earlier allegations with basis of information and belief not stated. There are no facts unavailable to Divatex relevant to Yanowitz.

- Second Counterclaim – Claim against Brandon only, irrelevant to Yanowitz.

- Third Counterclaim – Allegations of duty. Claim based on information and belief. Basis of information and belief not stated. There are no facts unavailable to Divatex.

- Fourth Counterclaim – As to Yanowitz, claim based on breach of alleged Restrictive Covenant post-employment and information and belief. Basis of information and belief not stated. Contracts and/or prospective business advantage not identified, although known to Divatex. There are no facts unavailable to Divatex relevant to Yanowitz.

- Fifth Counterclaim – Based on express assertion that confidential information was taken and used. Therefore, presumed ability to be expressly identified and stated. There are no facts unavailable to Divatex relevant to Yanowitz.

- Sixth Counterclaim – Claim based on information and belief. Basis of information and belief not stated. Repetitious to Third Counterclaim. Allegations as to Brandon, irrelevant to Yanowitz. There are no facts unavailable to Divatex relevant to Yanowitz.

- Seventh Counterclaim – Repetitious to references to customers and solicitation as the basis for claim. Companies not identified, although known to Divatex. Characterization of "Brandon Agreement". There are no facts unavailable to Divatex relevant to Yanowitz.

- Eighth Counterclaim – Claim against Brandon only. Irrelevant to Yanowitz.

- Ninth/Tenth Counterclaim – Property not identified. Basis of information and belief not stated. No basis stated for information that property not returned. There are no facts unavailable to Divatex relevant to Yanowitz.

- Eleventh Counterclaim. Injunction application. Irrelevant to motion.

As shown above, the only thing really alleged as to Ritchard Yanowitz is an alleged breach of a covenant not to compete, which Divatex contends was breached in January 2015 after his employment term expired. ECF No. 20, Exh. C

While it is outside the scope of this motion, to dismiss the assertion that an enforceable restrictive covenant existed in the Yanowitz Employment Agreement, for the purposes of this motion, it is relevant to note that the alleged covenant is explicitly tied to instances during which severance pay is received. It states at Article 7(a)(1) that it would apply:

8

>for a two (2) year period after termination of Executive's employment (a "Restricted Period") for any reason except if Executive's employment is terminated by the Corporation at the end of the Initial Term pursuant to paragraph 2 or his employment is terminated pursuant to paragraphs 5(d) or 5(e) then <u>during the period that the Executive is eligible to receive Severance Pay (a "Restricted Period") the Executive will not, in the Restricted Area (as hereinafter defined) directly or indirectly, accept employment with</u> . . . .

Employment Agreement, ECF No. 17, Ex. B, p. 7 (emphasis supplied). Yanowitz is not receiving severance pay, and there was no termination of his employment as "termination" as defined in the Employment Agreement in Article 5. If Divatex claims a differing interpretation of the provision, then an ambiguity exists. If an ambiguity exists, the alleged covenant fails as it was drafted by Divatex's legal counsel (*see*, Yanowitz Summary Judgment Decl., ¶ 3), and it must be construed against Divatex as the drafter. *Battenkill Veterinary Equine P.C. v. Cangelosi*, 1 A.D.3d 856, 858 (3d Dept. 2003) (quoting *DeCapua v. Dine-A-Mate*, 292 A.D.2d 489, 492 (2d Dept. 2002)). Accordingly, "[a]mbiguous terms will be resolved against the contract drafter." *Id.* (citing *In re: Saranac Cent. Sch. Dist. (Sweet Associates Inc.)*, 253 A.D.2d 566, 567 (3d Dept. 1998)).[3]

Hence, while Yanowitz contests the enforceability of the covenant or that he committed any breach (either during or post-employment), the above demonstrates that discovery is futile.

---

[3] Numerous other factual grounds (not addressed) and legal bases exist which make the alleged covenant not to compete unenforceable, such as: "A covenant against competition must be construed strictly and should not be extended beyond the literal meaning of its terms." *Battenkill Veterinary Equine P.C. v. Cangelosi*, 1 A.D.3d 856, 858 (3d Dept. 2003) (quoting *DeCapua v. Dine–A–Mate*, 292 A.D.2d 489, 492 (2d Dept. 2002). "Covenants not to compete should be strictly construed because of the 'powerful considerations of public policy which militate against sanctioning the loss of a man's livelihood.'" *Gramercy Park Animal Ctr., Inc. v. Novick*, 41 N.Y.2d 874, 874-75 (1977) (quoting *Purchasing Associates, Inc. v. Weitz*, 13 N.Y.2d 267, 270 (1963)). Accordingly, "[a]mbiguous terms will be resolved against the contract drafter." *Id.* (citing *In re Saranac Cent. Sch. Dist. (Sweet Associates Inc.)*, 253 A.D.2d 566, 567 (3d Dept. 1998)). Moreover, the Southern District of New York has concluded that "...in enforcing a non-competition covenant, a court must first find that the employer was willing to continue providing employment to the employee." *Handel v. Nisselson*, No. 81675, 1998 WL 889041, at *3 (S.D.N.Y. Dec. 18, 1998) (citations omitted). Therefore, the involuntary termination of employment will render a covenant not to compete unenforceable. *In re UFG Int'l, Inc.*, 225 B.R. 51, 55 (S.D.N.Y. 1998) ("Accordingly, an employee's otherwise enforceable restrictive covenant is unenforceable if the employee has been terminated involuntarily, unless the termination is for cause.") (citing *Post v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 48 N.Y.2d 84, 89 (1979)).

9

This leaves Divatex with no concrete basis for any of its accusations except speculation. Hence, Divatex's claimed need for discovery is based on nothing more than hope that through discovery it will find some support for its baseless assertions against Yanowitz. The fallacious nature of Divatex's Rule 56(d) motion is revealed through a reading of the very Declaration which purportedly supports Divatex's requests for further discovery. There, Divatex submits that "Divatex filed the Counterclaims based on information and knowledge currently available to Divatex that was obtained from individuals employed by Divatex and documents in the custody, possession and control of Divatex." *See* Patin Decl., ECF No. 39, ¶ 5. If Divatex is privy to such documents and knowledge, then why did it not proffer such materials as part of its opposition to Summary Judgment? This is because there is no evidence to corroborate Divatex's speculation and accusations. Again, Divatex cannot embark on a fishing expedition in the hopes of uncovering evidence to support its naked claims and to vindicate itself from its failure to pay.

Perhaps due to the realization that there is nothing to support Divatex's speculation, there has been a distinct lack of effort on the part of Divatex to attempt to uncover any of the information that it claims it requires. Since the initiation of this action, indeed, since Brandon's employment was expressly terminated in June 2014, Divatex has done nothing! It has not sought discovery from Yanowitz, Brandon Yanowitz, vendors/customers that have allegedly been "stolen" from Divatex, or any other entity that may allegedly have documents or information relevant to this action.

For all of these reasons, the Court must deny Divatex's Motion to Defer or Deny Yanowitz's Motion for Summary Judgment and Allowing Defendant to Take Discovery under Federal Rule of Civil Procedure 56(d).

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court deny Divatex's Motion to Defer or Deny Yanowitz's Motion for Summary Judgment and Allowing Defendant to Take Discovery under Federal Rule of Civil Procedure 56(d).

May 15, 2015  
New York, New York

Respectfully submitted,

*s/ Bruce D. Meller*  -
BRUCE D. MELLER, ESQ.  
PECKAR & ABRAMSON, P.C.  
41 Madison Avenue, 20th Floor  
New York, NY 10010  
Telephone: (212) 382-0909  
Bmeller@pecklaw.com  
Attorneys for Plaintiff  
Ritchard Yanowitz

#425394.1

11