```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RITCHARD YANOWITZ,                                                :
                                                                  :
                              Plaintiff,                          :
                                                                  :
        -v-                                                       :
                                                                  :
DIVATEX HOME FASHION, INC.,                                       :
                                                                  :      15-cv-807 (KBF)
                              Defendant.                          :
------------------------------------------------------------------X
DIVATEX HOME FASHION, INC.,                                       :
                                                                  :      MEMORANDUM
                  Counterclaim Plaintiff,                         :     DECISION & ORDER
                                                                  :
        -v-                                                       :
                                                                  :
RITCHARD YANOWITZ and BRANDON                                     :
YANOWITZ,                                                         :
                                                                  :
                  Counterclaim Defendants.                        :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 21, 2015

KATHERINE B. FORREST, District Judge:

      This action was commenced by Ritchard Yanowitz ("Yanowitz" or "plaintiff") against his former employer, Divatex Home Fashion, Inc. ("Divatex" or "defendant") for breach of an employment contract (Count One) and New York Labor Law ("NYLL") violations (Count Two). (ECF No. 1.) Defendant has asserted a number of counterclaims against Yanowitz and his son, Brandon Yanowitz. (ECF No. 29.) The principal assertion in each of those counterclaims is that both Yanowitzs breached their employment contracts and tortiously interfered with defendant's business by misappropriating confidential information and trade secrets, entering into competition against defendant, and soliciting its customers.

Before this Court are three motions: defendant's motion to dismiss Count Two for NYLL violations in its entirety[1], Yanowitz the-elder's motion for summary judgment as to both counts, and defendant's motion for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.[2]  (ECF Nos. 15, 18, 38.)  For the reasons set forth below, defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART, plaintiff's motion for summary judgment is DENIED, and defendant's 56(d) motion is DENIED as moot.

I. DISCUSSION

A. <u>Defendant's Motion to Dismiss</u>

The Court applies to defendant's motion the familiar standards applicable to a motion to dismiss.  See <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007).

Plaintiff asserts a claim pursuant to the NYLL for failure to pay a retention bonus ("Retention Bonus"), failure to pay a performance bonus ("Performance Bonus"), and unpaid vacation time.  (Complaint ("Compl.") ¶ 17 (A-C), ECF No. 1.)  Defendant has moved to dismiss this claim on the bases that (1) NYLL § 193 applies only to deductions from wages, not non-payment of wages; (2) the Performance Bonus is not a "wage" under the standard set forth in <u>Truelove v. Ne. Capital & Advisory, Inc.</u>, 95 N.Y.2d 220 (N.Y. 2000); and (3) executives who earn more than $900 per week are precluded from recovering wage supplements, including unpaid

---

[1] Defendant has not moved to dismiss Count One.

[2] Defendant has not yet filed a reply in support of its 56(d) motion.

2

vacation time, pursuant to NYLL § 198-c.  Defendant is correct as to the Performance Bonus and vacation time, but is incorrect as to the Retention Bonus.

The Performance Bonus is, on its face, dependent solely on Divatex's achievement of certain performance metrics, not on plaintiff's own performance. (See Employment Agreement § 3(a)(3), ECF No. 17-2.)[3]  It is therefore the type of bonus which the Court of Appeals in Truelove held is not a "wage" within the meaning of NYLL § 190(1).  See Truelove, 95 N.Y.2d at 224 ("[T]he more restrictive statutory definition of 'wages' . . . excludes incentive compensation 'based on factors falling outside the scope of the employee's actual work.' . . . Discretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship, falls outside the protection of the statute." (citation omitted)).[4]  Accordingly, Yanowitz's claim for payment of the Performance Bonus under the NYLL must be dismissed.

---

[3] While plaintiff's employment agreement is not attached to the Complaint, it is incorporated by reference therein and properly considered in connection with defendant's motion to dismiss.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (in resolving a motion to dismiss, the court may consider documents which are incorporated by reference in—or which are "integral" to—the complaint).

[4] Plaintiff argues that Truelove is distinguishable because the Performance Bonus was vested and non-discretionary as of December 31, 2014, plaintiff's final day of employment at Divatex.  However, on the Court's interpretation of Truelove, a bonus contingent on the employer's performance—even if vested and non-discretionary—is not a "wage" within the meaning of the NYLL.  See Truelove, 95 N.Y.2d at 223-24 ("Courts have construed this statutory definition as excluding certain forms of "incentive compensation" that are more in the nature of a profit-sharing arrangement and are both contingent and dependent, at least in part, on the financial success of the business enterprise.  We arrive at the same conclusion with respect to plaintiff's bonus compensation arrangement. (citations omitted)); see also Guiry v. Goldman, Sachs & Co., 814 N.Y.S.2d 617, 619-20 (N.Y. App. Div. 2006) ("[E]ven if we assume (in plaintiff's favor) that Goldman had no discretion in determining whether to award equity-based compensation to a given employee in a given year, the equity-based compensation still should not qualify as 'wages,' in our view, since such compensation served the function of an incentive, and its ultimate value to the employee was 'dependent, at least in part, on the financial success of the business enterprise.'  Although the cash bonus in Truelove was discretionary, Truelove nevertheless strongly suggests that compensation having such characteristics does not constitute 'wages,' whether or not it was discretionary." (citation omitted)).

Plaintiff has also failed to state a claim under the NYLL for unpaid vacation time. NYLL § 198-c—which governs wage supplements such as vacation pay—expressly carves out executives who earn in excess of $900 per week. See N.Y. Lab. Law § 198-c(3). Plaintiff's employment contract leaves no doubt that his weekly wages were in excess of that amount. Accordingly, plaintiff's NYLL claim for unpaid vacation time must be dismissed.[5]

In contrast, plaintiff has stated a claim under the NYLL for payment of the Retention Bonus. Unlike the Performance Bonus, the Retention Bonus is not contingent on Divatex's performance. (See Employment Agreement § 3(a)(2).) In that regard, the Retention Bonus is akin to that discussed in Ryan v. Kellogg Partners Institutional Servs., 19 N.Y.3d 1 (N.Y. 2012), in which the Court of Appeals held that a non-discretionary bonus which is "expressly linked" to "labor or services personally rendered"—and which has vested prior to termination—is a "wage" under NYLL § 190(1), and failure to pay such bonus is a violation of NYLL § 193. Id. at 16 (alteration, citation, and internal quotation marks omitted). Accordingly, defendant's motion as to this portion of plaintiff's NYLL claim must be denied.

---

[5] Plaintiff argues that § 198-c is limited to criminal liability and does not apply in civil cases. However, courts have repeatedly applied § 198-c's exclusion in civil cases. See, e.g., Wagner v. Edisonlearning, Inc., No. 09 CIV. 831(SAS), 2009 WL 1055728, at *3 (S.D.N.Y. Apr. 17, 2009) (dismissing a § 193 claim given plaintiff's "executive status and the explicit exclusion of executives from the protection of wage supplements as wages," and rejecting the argument that "section 198-c(3) is inapplicable because that provision refers solely to section 198-c(1) dealing with criminal penalties"); see also Monagle v. Scholastic, Inc., No. 06 CIV. 14342 GEL, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007); Fraiberg v. 4Kids Entm't, Inc., 75 A.D.3d 580, 583 (N.Y. App. Div. 2010); Pachter v. Bernard Hodes Grp., Inc., 891 N.E.2d 279, 282 (N.Y. 2008). Plaintiff relies on Metchick v. Bidermann Indus. Corp., No. 91 CIV. 2329 (PNL), 1993 WL 106139, at *4 (S.D.N.Y. Apr. 7, 1993), but Metchick is an outlier and, in any event, did not address § 198-c(3) one way or the other.

B.  <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff's motion for summary judgment is premature.  While this Court accepts motions at any time when properly made, here, plaintiff's affirmative claims and defendant's counterclaims are so inextricably intertwined that they must be decided together.  See <u>Created Gemstones, Inc. v. Union Carbide Corp.</u>, 47 N.Y.2d 250, 252-53 (N.Y. 1979) ("We hold that summary judgment may not be granted on a seller's counterclaim for goods sold and delivered where there are unresolved factual issues, in the buyer's action for damages, concerning whether the seller breached the underlying contract of sale."); <u>Vanier v. Vanier</u>, 119 A.D.2d 903, 904 (N.Y. App. Div. 1986) ("If the counterclaim and main claim are inextricably interwoven, partial summary judgment is inappropriate." (citing <u>Union Carbide</u>, 47 N.Y.2d at 254)).  Indeed, the Employment Agreement conditions Yanowitz's compensation on his promise to abide by various restrictive covenants.  (<u>See</u> Employment Agreement ¶ 7.)  It is clear from the briefing before the Court on this motion that there are many facts yet to be developed relating to Yanowitz's alleged breaches of the Employment Agreement through customer solicitation and misappropriation of confidential materials and trade secrets.  Accordingly, plaintiff's summary judgment motion is DENIED with leave to renew as appropriate on a fully developed record.[6]

---

[6] The Court notes that plaintiff's NYLL claim "rises or falls with his breach of contract claim," <u>Graff v. Enodis Corp.</u>, No. 02 CIV. 5922 (JSR), 2003 WL 1702026, at *1 n.2 (S.D.N.Y. Mar. 28, 2003), and thus also is not amenable to resolution on summary judgment at this juncture.  See <u>Tierney v. Capricorn Investors, L.P.</u>, 592 N.Y.S.2d 700, 703 (N.Y. App. Div. 1993) ("[A] plaintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages.").

II.     CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART, plaintiff's motion for summary judgment is DENIED, and defendant's 56(d) motion is DENIED as moot.  The Clerk of Court is directed to terminate the motions at ECF Nos. 15, 18, and 38.

SO ORDERED.

Dated:      New York, New York
            May 21, 2015

                                         _____
                                              KATHERINE B. FORREST
                                              United States District Judge