**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RITCHARD YANOWITZ,

                  Plaintiff,

    - against -

DIVATEX HOME FASHION, INC.,

                  Defendant.

15 Civ. 807 (KBF)

DIVATEX HOME FASHION, INC.,

                  Counterclaim Plaintiff,

    - against -

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

                  Counterclaim Defendants.

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS OR,**
**IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 3

ARGUMENT ................................................................................................................ 3

I.      THE MOTION TO DISMISS SHOULD BE DENIED AS DIVATEX HAS
        SUFFICIENTLY ALLEGED NINE COUNTERCLAIMS AGAINST
        PLAINTIFF........................................................................................................ 3

        A.      Divatex Has Sufficiently Alleged The Basis For Its Information And
                Belief..................................................................................................... 4

        B.      Divatex Has Stated A Claim For Tortious Interference With Contract Or
                Prospective Economic Advantage ........................................................ 7

        C.      Divatex Has Stated A Claim For Conversion and Replevin.................. 9

II.     PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT SHOULD
        BE DENIED...................................................................................................... 10

CONCLUSION........................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

## CASES

*Advanced Commc'ns Techs., Inc. v. Li,*
    No. 05-cv-4628, 2005 U.S. Dist. LEXIS 30135 (S.D.N.Y. Nov. 30, 2005).....................10

*Arista Records, LLC v. Doe 3,*
    604 F.3d 110 (2d Cir. 2010).......................................................................................4, 6

*Bomar Resources, Inc. v. Sierra Rutile Ltd.,*
    90 Civ. 3773 (JFK), 1991 U.S. Dist. LEXIS 396  (S.D.N.Y. Jan. 15, 1991) ....................8

*Boothe v. TRW Credit Data,*
    523 F. Supp. 631 (S.D.N.Y. 1981)...................................................................................11

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2002)..............................................................................................3

*Don Buchwald Assocs. v. Rich,*
    281 A.D.2d 329, 723 N.Y.S.2d 8 (1st Dep't 2001) ...........................................................8

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ............................................................................................................4

*Keiler v. Harlequin Enters.,*
    751 F.3d 64 (2d Cir. 2014)................................................................................................4

*Kirlin v. Conopco,*
    No. 94-cv-2675, 1995 U.S. Dist. LEXIS 368 (S.D.N.Y. Jan. 13, 1995) ..........................10

*Lefkowitz v. John Wiley & Sons, Inc.,*
    13 Civ. 6414 (KPF), 2014 U.S. Dist. LEXIS 75650 (S.D.N.Y. June 2, 2014)...................4

*Litwin v. Blackstone Group*, L.P.,
    634 F.3d 706 (2d Cir. 2011)..............................................................................................3

*McNamara v. Buhler, Inc.,*
    No. 98-cv-0759E, 1999 U.S. Dist. LEXIS 1437 (W.D.N.Y. Jan. 16, 1999) ....................11

*Nostrum Pharms., LLC v. Dixit,*
    13 Civ. 8718 (CM) (AJP), 2015 U.S. Dist. LEXIS 63117 (S.D.N.Y. May 8, 2015)..........8

*Posner v. Lewis,*
    80 A.D.3d 308, 912 N.Y.S.2d 53 (1st Dep't 2010) ...........................................................8

## OTHER SOURCES

Fed. R. Civ. P. 8...........................................................................................................................4

Defendant and Counterclaim-Plaintiff Divatex Home Fashion, Inc. ("Defendant" or "Divatex"), by and through its attorneys Seward & Kissel LLP, respectfully submits this Memorandum of Law in Opposition to Plaintiff and Counterclaim-Defendant Ritchard Yanowitz's ("Plaintiff" or "Yanowitz") Motion To Dismiss Defendant's Counterclaims Or, In The Alternative, For A More Definite Statement.[1]

## PRELIMINARY STATEMENT

On the heels of Plaintiff's pre-Answer motion for summary judgment, made before *any* discovery took place, Plaintiff asks this Court in 3½ pages of argument to dismiss each of Divatex's nine counterclaims against him. Plaintiff's back-to-back dilatory and baseless motions have wasted the parties' and the Court's resources and delayed resolution of this matter on the merits. It would appear that Plaintiff has no interest in answering the allegations against him, because once required to do so, he will be forced to admit that he flagrantly breached his contract, his fiduciary duty owed to Divatex, and engaged in other tortious conduct, all of which has caused Divatex to suffer millions of dollars in damages. Indeed, the Court has already determined that Divatex's counterclaims include "many facts yet to be developed relating to Yanowitz's alleged breaches of the Employment Agreement through customer solicitation and misappropriation of confidential materials and trade secrets," *see* Memorandum Decision And Order, dated May 21, 2015 (ECF No. 51) at 5. The motion should be denied for the following reasons:

<u>First</u>, Plaintiff's blanket attack of all nine counterclaims as "vague and conclusory" or improperly pled on "information and belief" is plainly without merit. Divatex

---

[1] By letter dated May 29, 2015 (ECF No. 52), Plaintiff's counsel, who also represents counterclaim defendant Brandon Yanowitz, requested permission for Brandon Yanowitz to join in this motion, which request was granted on June 1, 2015 (ECF No. 53). Divatex's arguments herein apply equally to both counterclaim defendants.

has pled an extraordinary amount of detail to support its counterclaims – far more than the Federal Rules require – including the precise dates on which Plaintiff or his son and counterclaim-defendant, Brandon Yanowitz, met with Divatex's customers on behalf of a competitor in violation of their contractual and fiduciary obligations owed to Divatex.  Claiming ignorance of the identities of Companies A, B, and C (despite attaching a letter to his own affidavit that identifies two of them by name), Plaintiff sets up the quintessential straw-man argument.  The counterclaims are sufficiently pleaded, and the basis for Divatex's "information and belief" supporting certain allegations is apparent when the counterclaims are read as a whole.

Second, Plaintiff does not specifically address six of the nine counterclaims, implicitly admitting they are sufficiently pleaded notwithstanding his blanket accusations of "vagueness."  Of those three that he does address – tortious interference, conversion, and replevin – Divatex has sufficiently stated claims upon which relief may be granted.  For example, Divatex has alleged the existence and Plaintiff's knowledge of contracts with which Plaintiff tortiously interfered; it need not, contrary to Plaintiff's arguments, spell out in excruciating detail the specifics of those contracts.

Third, Plaintiff's alternative request for a more definite statement has no basis in law, as such requests are rarely granted and only where a pleading is so vague and ambiguous that it is unintelligible.  Here, Plaintiff's professed ignorance of the basis for the counterclaims against him is belied by even the current, yet-to-be fully developed record, which includes a contract that describes precisely what Divatex considers (and Plaintiff has agreed) to be "confidential information," allegations that, at the very least, Plaintiff and his son stole and misused Divatex's confidential pricing information in soliciting Divatex's customers on behalf

of a competitor, and a pre-litigation letter from Divatex to Plaintiff that describes in equal if not more detail the facts underlying Divatex's counterclaims.  The letter identifies Companies A and B by name, and thus, Plaintiff's claim that he is "left to guesswork" as to their identities rings hollow.[2]  *See* Mov. Br. at 12.

For all of these reasons, and as set forth in further detail below, the motion should be denied.

## STATEMENT OF FACTS

Given the considerable motion practice to date, Divatex will not burden the Court with a recitation of the facts.  Suffice it to say, the facts alleged in Divatex's Answer and Counterclaims (the "Counterclaims") are presumed to be true for purposes of this motion and all reasonable inferences must be drawn in Divatex's favor.  *See Litwin v. Blackstone Group*, L.P., 634 F.3d 706, 716 (2d Cir. 2011); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

## ARGUMENT

## I.    THE MOTION TO DISMISS SHOULD BE DENIED AS DIVATEX HAS SUFFICIENTLY ALLEGED NINE COUNTERCLAIMS AGAINST PLAINTIFF

Plaintiff's motion to dismiss the Counterclaims consists primarily of a blanket (and baseless) attack on Divatex's allegations that are based on information and belief.  But, when read as a whole, the Counterclaims set forth sufficient detail to state nine claims against Plaintiff for his contractual breaches and other tortious conduct.  Tellingly, Plaintiff says little, if anything, about a number of the claims against him.  Insofar as he addresses any of the specific claims, his arguments are unavailing.  The motion should be denied.

---

[2]    Companies A, B, and C have also been identified by Divatex in its initial disclosures, served on May 11, 2015.

## A.   Divatex Has Sufficiently Alleged The Basis For Its Information And Belief

Plaintiff's primary argument for dismissal is that 21 of the Counterclaims' allegations are "made 'upon information and belief' without further corroborative factual support."  *See* Pl.'s Br. at 4.  Plaintiff has apparently ignored the Counterclaims' other 76 allegations and its exhibits, which provide the factual basis for Divatex's information and belief.

Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Indeed, the United States Supreme Court has held that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *see also Keiler v. Harlequin Enters.*, 751 F.3d 64, 71 (2d Cir. 2014) (noting that "*Twombly* does not impose a probability requirement at the pleading stage. . . . It simply requires factual allegations sufficient to raise a reasonable expectation that discovery is likely to generate evidence of liability." (internal citation omitted)).

Moreover, and as Plaintiff acknowledges, the Second Circuit has held that facts may be pled on information and belief either "where the facts are peculiarly within the possession and control of the defendant," or "where the belief is based on factual information that makes the inference of culpability plausible."  Mov. Br. at 9-10 (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted)); *see also Lefkowitz v. John Wiley & Sons, Inc.*, 13 Civ. 6414 (KPF), 2014 U.S. Dist. LEXIS 75650, at *27 (S.D.N.Y. June 2, 2014) ("It is also of no moment that many of Plaintiff's allegations are predicated 'upon information and belief.'  Prefacing allegations with this standard pleading qualification does not

4

eviscerate the sufficiency of a complaint." (citation omitted)).  The Counterclaims are sufficiently pleaded.

As alleged in the Counterclaims, Ritchard and Brandon Yanowitz were long-time executives employed in Divatex's sales department.  *See* Counterclaims ¶¶ 8-9.[3]  As employees in Divatex's sales department, they were privy to a wealth of Divatex's "Confidential Information" (as defined in their respective employment agreements), including customer lists and pricing information.  *See id.* ¶ 11.  Both Ritchard and Brandon Yanowitz entered into written contracts with Divatex in which they agreed, among other things, to hold in strict confidence Divatex's Confidential Information, not to solicit Divatex's customers for a two-year period after the conclusion of their employment with Divatex, and, in the case of Plaintiff, not to work for a Divatex competitor for the same two-year period.  *See id.* ¶¶ 8, 10, 12-23.  Ritchard admits that he supervised his son Brandon.  *See* Declaration of Ritchard Yanowitz, dated May 7, 2015, ¶ 4.

Not long after Brandon's voluntary resignation from Divatex to join a competitor, Keeco Home and/or Grassi Associates ("Keeco"), he was witnessed soliciting the business of a Divatex customer.  *See* Counterclaims, ¶ 29.  A few months later, and a mere days after Plaintiff's employment with Divatex ended and he joined his son at Keeco, Brandon Yanowitz was seen soliciting another Divatex customer.  *See id.* ¶¶ 30, 34.  Divatex immediately sent cease-and-desist letters to both Plaintiff and Brandon Yanowitz, detailing its allegations against them and identifying by name the two companies they were seen soliciting (Companies A and B).  *See id.* ¶ 36; *see also* Affidavit of Ritchard Yanowitz, sworn to Apr. 6, 2015, Ex. C. Approximately one week later, Brandon and Ritchard Yanowitz were both witnessed soliciting a

---

[3]     Although the exact length of Ritchard and Brandon Yanowitz's employment with Divatex is not alleged, Ritchard worked for Divatex for more than twenty years, and Brandon worked for Divatex for approximately nine years.

third Divatex customer (Company C) at an industry trade fair.  *See* Counterclaims ¶¶ 37-38.

Divatex later learned that in soliciting Company B, Brandon Yanowitz was quoting against

Divatex's two incumbent programs with Company B in an amount approximately 2% to 3%

below Divatex's current rates, which Divatex considers Confidential Information.  *See id.* ¶ 39.

Divatex was thus forced to lower its pricing by approximately 3.5% to maintain its relationship

with that customer.  *See id.* ¶ 40.

        From these allegations – none of which are pled on information and belief – it

does not take a leap of faith to discern the basis for Divatex's information and belief that

(i) Brandon solicited his father and former supervisor to join him at Keeco as they were reunited

a mere days after Plaintiff's employment with Divatex concluded, *see* Counterclaims ¶ 31,

(ii) Ritchard was aware of Brandon's written agreement with Divatex, and vice-versa, given their

close familial and working relationship, *see id.* ¶¶ 32-33, 72, 76, and (iii) Ritchard and Brandon

Yanowitz assisted each other and utilized Divatex's Confidential Information in soliciting

Divatex's customers on behalf of Keeco, *see id.* ¶¶ 35, 38, 44, 48, 53, 56, 66, 67, 72, 76, 81, 86,

87, 90, 91.  The balance of the allegations challenged by Plaintiff consist of allegations about

Plaintiff's state of mind, *see id.* ¶¶ 58, 66, which are "peculiarly within the possession and

control" of Plaintiff.  *See Arista Records*, 604 F.3d at 120.[4]  Insofar as Plaintiff challenges

Divatex's allegations that he has solicited Divatex customers other than Companies A, B, and C,

*see* Counterclaims ¶ 41, or that his conduct is ongoing, *see id.* ¶ 41, these allegations are not

---

[4]    For the avoidance of doubt, the statement by Divatex's counsel in a previously-filed
declaration that the Counterclaims were filed "based on information and knowledge
currently available to Divatex that was obtained from individuals employed by Divatex
and documents in the custody, possession and control of Divatex," *see* Declaration of
Anne C. Patin, Esq., dated Apr. 27, 2015 (ECF No. 39), was not intended to encompass
every single allegation of the Complaint, but rather, to establish that Divatex filed its
Counterclaims following a good-faith investigation into Plaintiff's conduct and not mere
speculation.

needed to sustain Divatex's Counterclaims, and will simply be the subject of discovery.  Thus, Plaintiff's sweeping attack of the Counterclaims' allegations that are based on information and belief is unavailing.

Nor does Plaintiff's claim that Divatex's Counterclaims are "vague and conclusory," and "little more than puffery" fare any better.  *See* Mov. Br. at 5.  To support his attack, Plaintiff cites a single allegation: paragraph 1, which is merely a summary of the action, followed by 96 paragraphs of more detailed allegations.

### B. Divatex Has Stated A Claim For Tortious Interference With Contract Or Prospective Economic Advantage

In his limited attack on the individual counterclaims, Plaintiff argues that Divatex has not pled a claim for tortious interference with contract or prospective economic advantage, because this claim "lacks identification of the specific 'written agreements' of [Divatex's] alleged current customers, 'Companies A, B, and/or C,'" and because Divatex purportedly "failed to plead Yanowitz's knowledge of any such contract(s) and his intentional procurement of a breach of said contract(s)."  Mov. Br. at 5.  This argument fails for several reasons.

As an initial matter, Divatex has in fact pled that "[a]t all relevant times, Ritchard and Brandon Yanowitz were aware that Companies A, B, and/or C were current customers of Divatex *pursuant to written agreements*," and that "Ritchard and Brandon Yanowitz acted wrongfully, intentionally, maliciously and with the intent to harm Divatex and to cause such current and potential customers to end their relationship with Divatex."  Counterclaims, ¶¶ 57-58 (emphasis added).  The notion that Divatex must provide further factual detail about the contracts is a fiction, and Plaintiff cites nothing to support his demand for more information.  Nor does Plaintiff explain exactly what more is supposedly required.  Simply put, Divatex alleges that it had written agreements with Companies A, B, and C, that Plaintiff knew of these

agreements, and that Plaintiff intentionally interfered with them causing Divatex damages.  This is more than sufficient. *See Nostrum Pharms., LLC v. Dixit*, 13 Civ. 8718 (CM) (AJP), 2015 U.S. Dist. LEXIS 63117, at *20 (S.D.N.Y. May 8, 2015) (claim for tortious interference stated where complaint identifies a contract with a third party, alleges defendant's awareness of that contract, alleges that defendant knowingly and willfully interfered with that contract, and alleges damages); *Bomar Resources, Inc. v. Sierra Rutile Ltd.*, 90 Civ. 3773 (JFK), 1991 U.S. Dist. LEXIS 396, at *26 (S.D.N.Y. Jan. 15, 1991) (same).

More importantly, however, Plaintiff ignores that Divatex's fourth counterclaim is for tortious interference with contract *or prospective economic advantage*.  To state a claim for tortious interference with prospective economic advantage, Divatex must allege that "that [Yanowitz] directly interfered with a third party and that [he] acted wrongfully, by the use of dishonest, unfair, or improper means."  *Posner v. Lewis*, 80 A.D.3d 308, 312, 912 N.Y.S.2d 53, 56 (1st Dep't 2010).  To establish "wrongful means," it is more than sufficient to allege that Plaintiff's tortious acts were done by misappropriating Divatex's Confidential Information in breach of his contractual and fiduciary obligations.  *See Don Buchwald Assocs. v. Rich*, 281 A.D.2d 329, 330, 723 N.Y.S.2d 8, 8 (1st Dep't 2001) (claim for tortious interference with prospective economic relations stated where former employees copied confidential files in order to solicit their former employer's clients).

Here, Divatex has alleged Yanowitz's wrongful and intentional interference with Divatex's relationship with its customers by his attempts to undercut Divatex's prices through the use of its Confidential Information – specifically, its confidential pricing information – in violation of his contract and fiduciary duty, and that as a result, Divatex suffered damages

presently estimated to be in excess $4 million in damages.  *See* Counterclaims ¶ 40.  Divatex has

stated a claim for tortious interference with prospective economic advantage.

### C. Divatex Has Stated A Claim For Conversion and Replevin

Plaintiff also argues that Divatex's counterclaims for conversion and replevin fail

to identify the specific property that was taken, or that Plaintiff refused to return, and that

Divatex has failed to allege ownership of this property.  Mov. Br. at 6.  This is utterly false.

Divatex has specifically alleged that Plaintiff misappropriated Divatex's

confidential pricing information.  *See* Counterclaims ¶¶ 35, 36, 38, 41, 44, 53, 56, 61, 66, 67, 72,

90.  In any event, Plaintiff's employment agreement specifically defines "Confidential

Information" to include, among other things, "the Corporation's customer lists, customer

information, the Corporation's suppliers, supplier information, contractors, source of materials,

the cost and selling prices of its products, the Corporation's processing and manufacturing

techniques, designs, operations, pricing, strategies, books, financial statements, records,

processes, procedures, and programs related to the business of the Corporation, its divisions,

subsidiaries and/or affiliates."  *See* Counterclaims ¶ 13 & Ex. A, § 6.  In signing the agreement,

Plaintiff agreed that this information is not only confidential, but that it "represents valuable

assets and property *of the Corporation*."  *Id.* ¶ 14 (emphasis added); *see also id.* ¶ 82 (alleging

that "[t]his information is the sole and exclusive property of Divatex and is extremely valuable to

it.").  Thus, he should not be heard to complain that Divatex has "fail[ed] to demonstrate legal

ownership" over such information.  Mov. Br. at 6.

Divatex also alleged that on or about December 29, 2014, Plaintiff was provided

with a copy of an unsigned letter that expressly reminded him of his continuing obligations under

his contract in respect of Confidential Information, and further requested that he immediately

return all company property and equipment in his possession or control, including but not limited to any documentation or information relating to the business of Divatex, its customers or potential customers.  *See* Counterclaims, ¶ 28; *see also id.* ¶ 80.  Divatex also alleged that Plaintiff "failed and refused to return all such company property and equipment and continues to wrongfully retain and use such property despite due demand."  *See id.* ¶ 81.  While the latter allegation was made upon information and belief, it is plainly obvious that the basis for the allegation is that Divatex demanded the return of its property, Plaintiff did not return any such property, and Divatex subsequently learned that Plaintiff was soliciting Divatex's customers through the use of Divatex's confidential pricing information.  Of course, Divatex cannot possibly have personal knowledge as to whether Plaintiff continues to actually possess such property.  Divatex has stated a claim for both conversion and replevin.

## II.   PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED

Plaintiff's motion for a more definite statement is equally without merit.  Plaintiff contends that "the ambiguities and broad allegations of the Counterclaims leave [him] unable to adequately and properly frame his defense, or even a response in numerous respects."  Mov. Br. at 8.  The Counterclaims contain more than sufficient detail, and Rule 12(e) relief is not warranted here.

The purpose of the Counterclaims is to "'inform [Yanowitz] of the general nature of the action and as to the incident[s] out of which [the] cause[s] of action arose.'"  *Kirlin v. Conopco*, 94 Civ. 2675 (AGS), 1995 U.S. Dist. LEXIS 368, at *8 (S.D.N.Y. Jan. 13, 1995) (citation omitted)).  Rule 12(e) is "designed to remedy unintelligible pleadings, not to correct for lack of detail."  *Id.* (citation omitted); *see also Advanced Commc'ns Techs.*, *Inc. v. Li*, 05 Civ. 4628 (RWS), 2005 U.S. Dist. LEXIS 30135, at *7 (S.D.N.Y. Nov. 30, 2005) (Rule 12(e) motion

should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it" (citation omitted)); *McNamara v. Buhler, Inc.*, No. 98-cv-0759E (H), 1999 U.S. Dist. LEXIS 1437, at *5 (W.D.N.Y. Jan. 16, 1999) ("A more particularized claim is appropriate when the Complaint is so vague as to be unintelligible, but not when it simply omits facts which may be obtained via pretrial discovery"). Indeed, the "preferred course" under the federal rules "is to encourage the use of discovery procedures to apprise the parties of the factual basis for the claims made in the pleadings." *Boothe v. TRW Credit Data*, 523 F. Supp. 631, 635 (S.D.N.Y. 1981) (citations omitted). Further, Rule 12(e) motions are generally "'disfavored,' largely because they often add little that discovery couldn't provide, while creating delay." *Kirlin*, 1995 U.S. Dist. LEXIS 368, at *9 (citation omitted).

In claiming he is unable to respond to the Counterclaims, Plaintiff first points to certain allegations made on information and belief. Mov. Br. at 7-10. As set forth above, Plaintiff is improperly reading these allegations in a vacuum. The Counterclaims include very specific allegations against Plaintiff and his son, Brandon. They include the precise dates on which they solicited Divatex's customers. They include the contractual provisions that they breached, the contractual provisions which define "Confidential Information," and specifically, that Plaintiff and his son misappropriated and continue to retain Divatex's confidential pricing information. Most importantly for purposes of this motion, however, they include the necessary context to support any allegations made upon information and belief. It is more than plausible to think that Plaintiff and his son, who worked together at Divatex for a number of years, acted in concert and misappropriated Divatex's Confidential Information, including its confidential pricing information, when they joined a competitor and were witnessed soliciting the business of

Divatex's customers.  Indeed, Divatex knows that Brandon Yanowitz was in fact quoting against Divatex's two incumbent programs with at least one of those customers, and that this caused Divatex damages in excess of $4 million in annual sales.  *See* Counterclaims ¶¶ 40-41.  And, despite due demand, Plaintiff has never returned to Divatex any of its Confidential Information. *See id.* ¶¶ 80-81.

Plaintiff next claims that it needs "a clear and precise explanation or specification of the nature or identity of the alleged 'confidential information' and 'trade secrets'" that he misappropriated from Divatex.  Mov. Br. at 11.  Both Plaintiff's and Brandon Yanowitz's employment agreements include a detailed definition of what constitutes "Confidential Information," a definition to which they both agreed by signing those agreements.  *See* Counterclaims ¶¶ 13, 18; *see also id.* Ex. A, § 6, Ex. B, §2.  Nothing further is required. Discovery will reveal exactly what Plaintiff and his son stole from Divatex, not a motion for a more definite statement.  Yet, Divatex has alleged that Ritchard and Brandon Yanowitz took and misused Divatex's confidential pricing information in order to solicit Divatex's customers.  *See* Counterclaims ¶¶ 35, 36, 38, 41, 44, 53, 56, 61, 66, 67, 72, 90.

Plaintiff also claims that he is "wholly unaware as to which entities Divatex claims were 'stolen' from it."  Mov. Br. at 12.  This is belied by the record.  Indeed, Plaintiff himself attached to a prior motion a pre-litigation letter from Divatex, in which Divatex identified by name the companies that he was seen soliciting.  *See* Affidavit of Ritchard Yanowitz, sworn to Apr. 6, 2015, Ex. C.  Divatex has also identified Companies A, B, and C in its initial disclosures, served on May 11, 2015.  Moreover, Plaintiff's claim that "identification of these entities goes right to the heart of a defense, as the identity of each entity comes coupled with its own facts and circumstances as to why it may have wanted to cease doing business with

Divatex or why it chose a competitor over Divatex," *see* Mov. Br. at 12, ignores the contract on which this action is based.  Divatex does not contend that its customers cannot choose to do business with a competitor, but rather, that Plaintiff and Brandon Yanowitz cannot solicit those customers' business on behalf of Divatex's competitors and certainly cannot do so through the use of Divatex's Confidential Information.

Finally, Plaintiff claims that he requires more specificity with regards to Divatex's Counterclaims for tortious interference, conversion, and replevin, rehashing the same arguments he makes for dismissal.  As discussed above, Divatex has alleged the existence of agreements with Companies A, B, and C, Plaintiff's wrongful interference with those agreements through the use of its Confidential Information, and resulting damages.  Similarly, Divatex has alleged that Plaintiff took Divatex's Confidential Information, has wrongfully used it on behalf of Keeco to solicit Divatex's customers, and has refused to return it despite due demand.  Divatex has pled all that is needed for each of these Counterclaims and nothing further is required.

## CONCLUSION

For the foregoing reasons, Divatex respectfully requests that the Court deny

Plaintiff's Motion To Dismiss Defendant's Counterclaims Or, In The Alternative, For A More

Definite Statement, and grant Divatex such other or further relief as the Court deems just and

proper.

New York, New York
June 2, 2015

SEWARD & KISSEL LLP

By: ___/s Anne C. Patin_____
        Anne C. Patin
        Michael B. Weitman
        One Battery Park Plaza
        New York, New York  10004
        (212) 574-1200 (telephone)
        (212) 480-8421 (facsimile)

*Attorneys for Defendant*
*Divatex Home Fashion, Inc.*

SK 25855 0004 6634542

14