UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
RITCHARD YANOWITZ,                           Civil Action No.: 15-cv-00807 (KBF)

    Plaintiff,

-against-


DIVATEX HOME FASHION, INC.,

    Defendant.
---------------------------------------------------------------- X
DIVATEX HOME FASHION, INC.

    Counterclaim Plaintiff,

-against-

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

    Counterclaim Defendants.
---------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone: (212) 382-0909
*Attorneys for Plaintiff,
Ritchard Yanowitz and Defendant
on the Counterclaim, Brandon Yanowitz*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................... 3

DIVATEX'S DEFICIENT AND INDEFINITE COUNTERCLAIMS
SHOULD BE DISMISSED IN WHOLE OR IN PART ................................................ 3

    A.    The Third Through Tenth Counterclaims Are Based Solely On A
Breach Of Contract Claim And Must, Therefore, Be Dismissed As
A Matter Of Law........................................................................................ 3

    B.    Divatex Has Not Identified Contracts Or Prospective Business
Advantages And The Fourth Counterclaim Must Be Dismissed................ 5

    C.    Divatex's Ninth and Tenth Counterclaims For Conversion And
Replevin Fail Because Divatex Has Not Alleged A Specific
Identifiable Item........................................................................................ 7

    D.    Divatex's Vague, Conclusory Allegations Made Upon "Information
And Belief" Do Not Have A Sufficient Basis To Survive
Dismissal.................................................................................................... 8

CONCLUSION............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Abreu,*
  527 B.R. 570 (Bankr. E.D.N.Y. 2015) ..................................................................................6, 7

*In re Adelphia Commc'ns Corp.,*
  No. 02-41729 (REG), 2007 WL 2403553 (Bankr. S.D.N.Y. Aug. 17, 2007) ...........................9

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ....................................................8, 9

*Avazpour Networking Servs., Inc. v. Falconstor Software, Inc.,*
  937 F. Supp. 2d 355 (E.D.N.Y. 2013) ......................................................................................4

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .........................................................8

*Bomar Resources, Inc. v. Sierra Rutile Ltd.,*
  90 Civ. 3773 (JFK), 1991 U.S. Dist. LEXIS 396 (S.D.N.Y. Jan. 15, 1991) .............................6

*Carmania Corp. N.V. v. Hambrecht Terrell Int'l,*
  705 F. Supp. 936 (S.D.N.Y. 1989) ............................................................................................4

*DM Research, Inc. v. Coll. of Am. Pathologists,*
  170 F.3d 53 (1st Cir. 1999) ....................................................................................................8, 9

*Feld v. Feld,*
  279 A.D.2d 393 (1st Dept. 2001) ..............................................................................................8

*Financial Structures Ltd. v. UBS AG,*
  77 A.D.3d 417 (1st Dept. 2010) ................................................................................................4

*Hargrave v. Oki Nursery, Inc.,*
  636 F.2d 897 (2d Cir. 1980) ......................................................................................................4

*Heckl v. Walsh,*
  122 A.D.3d 1252 (4th Dept. 2014) ............................................................................................7

*J.E. Morgan Knitting Mills, Inc. v. Reeves Bros.,*
  243 A.D.2d 422 (1st Dept. 1997) ..............................................................................................4

*Jacobs v. Continuum Health Partners, Inc.*,
    7 A.D.3d 312 (1st Dept. 2004) ........................................................................................ 6, 7

*John D. Park & Sons Co. v. National Wholesale Druggists' Ass'n*,
    30 A.D. 508 (1st Dept. 1898) ................................................................................................ 3

*Kahn v. Crames*,
    92 A.D.2d 634 (3d Dept. 1983) ............................................................................................ 7

*Manas v. VMS Associates, LLC*,
    53 A.D.3d 451 (1st Dept. 2008) ............................................................................................ 4

*Metro. Grp. Prop. & Cas. Ins. Co. v. Wellington*,
    42 Misc.3d 270 (Dist. Ct. Nassau Cnty. 2013) ..................................................................... 9

*Miller v. Volk & Huxley Inc.*,
    44 A.D.2d 810 (1st Dept. 1974) ............................................................................................ 4

*Nostrum Pharms., LLC v. Dixit,* 13 Civ. 8718 (CM (AJP), 2015 U.S. Dist. LEXIS
    63117 (S.D.N.Y. May 8, 2015) ............................................................................................. 6

*PKG Grp., LLC v. Gamma Croma, S.p.A.*,
    446 F. Supp. 2d 249 (S.D.N.Y. 2006) ................................................................................... 6

*In re Refco Sec. Litig.*,
    759 F. Supp. 2d 301 (S.D.N.Y. 2010) ................................................................................... 8

*Rose v. Goldman, Sachs & Co.*,
    163 F. Supp. 2d 238 (S.D.N.Y. 2001) ................................................................................... 9

*Stabilimento Metallurgico Ligure v. Joseph*,
    189 A.D. 173 (1st Dept. 1919) .............................................................................................. 4

*Sudul v. Computer Outsourcing Servs.*,
    868 F. Supp. 59 (S.D.N.Y. 1994) .......................................................................................... 4

*Wolff v. Rare Medium, Inc.*,
    210 F. Supp. 2d 490 (S.D.N.Y. 2002), *aff'd*, 65 F. App'x 736 (2d Cir. 2003) ..................... 6

**Other Authorities**

Federal Rule of Civil Procedure 8(a) .............................................................................................. 8, 9

Federal Rule of Civil Procedure 12(a)(4) .......................................................................................... 1

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 10

Federal Rule of Civil Procedure 12(e) ............................................................................................. 10

Federal Rule of Civil Procedure Rule 26 ..................................................................................1, 2

Federal Rule of Civil Procedure 33 ................................................................................................10

# PRELIMINARY STATEMENT

In response to Plaintiff's Motion for Summary Judgment (ECF No. 18), Divatex Home Fashion, Inc. ("Divatex") filed its Answer and Counterclaims.[1] ECF No. 29.[2] In nine of the eleven Counterclaims, Divatex asserts damages "estimated to be in excess of $4 million". *See, Id.* at pp. 23-25.[3] The alleged damages are pled in paragraphs 39 and 40, as resulting from alleged improper solicitation by Brandon Yanowitz ("Brandon"). The alleged impropriety of the solicitation is based upon the Brandon Agreement as defined in paragraph 9. The remaining 95 paragraphs do not plead the existence of any damages. Two Counterclaims seek the return of property which Plaintiff and Brandon allegedly took in violation of agreements relating to their prior employment by Divatex. To "spice up" its opposition, Divatex littered its pleading with adjectives and unsupported, unsavory accusatory allegations regarding corporations, contracts, prospective business advantages, trade secrets, property, and confidential information, all of which are unidentified.

To further cloak its allegations with an aura of legitimacy, Divatex submitted the Declaration of its counsel in which she swore under oath: "Divatex filed the Counterclaims based on information and knowledge currently available to Divatex that was obtained from individuals employed by Divatex and documents in the custody, possession and control of Divatex."[4] ECF No. 39, ¶ 5.

---

[1] As there was a Motion to Dismiss pending (ECF No. 15), Divatex had no obligation to file the Answer and Counterclaim, nor was there any purpose to do so at that time, except as a response to the Motion for Summary Judgment. *See,* Fed. R. Civ. P. 12(a)(4).

[2] The pleading was originally filed at ECF No. 25. Because the pleading disclosed Ritchard Yanowitz's ("Ritchard") social security number, it was removed from the docket and refiled as ECF No. 29.

[3] Divatex's Rule 26 Disclosure also identifies its current total alleged damages as estimated to be in excess of $4 million. (Meller Decl., Exhibit A).

[4] Such a statement goes to the heart of Yanowitz's contentions contained in the present motion. If Ms. Patin's Declaration is to be believed – as she intended the Court to believe – Divatex must have information which it is withholding, and if it has no such information, then its Counterclaims have no basis in fact.

After having used those pleadings to persuade the Court to deny the Motion for Summary Judgment, without prejudice, Divatex now takes a different path to oppose the present motion. First, it downplays the Patin Declaration, as not being intended to encompass the allegations of the Counterclaims but, rather, simply to establish a good faith investigation into Plaintiff's conduct and not mere speculation. ECF No. 56, p. 6, fn. 4. Stated otherwise, Divatex now seeks to avoid an obligation to plead facts by saying, in effect, the individuals and documents really offer no support for its allegations; except that Divatex "learned" that Brandon solicited Company "A", "B" and "C". ECF No. 29, ¶¶ 29, 34 and 37.[5]

Second, while Divatex's opposition offers no supplemental information, it justifies its conduct. Although the Counterclaims do not identify Companies "A", "B" and "C", Divatex contends Plaintiff and Brandon knew the identity of two Companies by virtue of a "cease and desist letter" (ECF No. 56, pp. 3, 5) and that it has cured its pleading deficiency by identifying the entities in its Initial Disclosures. However, Divatex fails to mention that its Initial Disclosures violate Federal Rule of Civil Procedure Rule 26 by failing to identify the individuals at Companies "A", "B" and "C" likely to have discoverable information that Divatex may use to support its claims *See* Meller Decl., Exhibit A. Second, Divatex dismisses the prejudice it is causing by asserting that the basis of its allegations can be found through discovery.

Primarily, however, Divatex justifies its failure to disclose the contracts with which Ritchard and Brandon Yanowitz allegedly interfered, the confidential information allegedly misappropriated or the subjects of the replevin and/or conversion by pointing to the terms of the "Ritchard Agreement" and "Brandon Agreement" as they are defined in paragraphs 8 and 9 of the Counterclaims ("collectively "Agreements"). In doing so, Divatex expressly confirms that all

---

[5] As to Ritchard, no solicitation is even alleged. Moreover, Divatex does not even mention that Companies "A", "B" and "C" are all pre-existing clients/customers of the current employer of Messrs. Yanowitz, which is a fact counsel had to know if a good faith investigation was performed.

2

of Divatex's causes of action are based on alleged violations of the Brandon Agreement and Ritchard Agreement; in other words, breach of contract claims. Accordingly, Counterclaims Three through Ten are either redundant breach of contract causes of action or causes of action for breach of contract, recast as "tort" and, therefore, subject to dismissal as a matter of New York law. If it is otherwise, then Divatex has failed to plead sufficient facts, mandating the dismissal of its Counterclaims or, in the alternative, an Order requiring Divatex to replead and disclose the specifics of its claim so that Plaintiff can respond and not suffer the prejudice which Divatex seeks to cause.

## ARGUMENT

### DIVATEX'S DEFICIENT AND INDEFINITE COUNTERCLAIMS SHOULD BE DISMISSED IN WHOLE OR IN PART.

**A. The Third Through Tenth Counterclaims Are Based Solely On A Breach Of Contract Claim And Must, Therefore, Be Dismissed As A Matter Of Law.**

After characterizing the terms of the Agreements in paragraphs 8-25, Divatex prefaces paragraph 29 of its Counterclaim with this statement:

> "RITCHARD AND BRANDON YANOWITZ'S BREACHES OF THEIR AGREEMENTS AND OTHER TORTIOUS CONDUCT."

The First and Second Counterclaims plead breach of contract claims. The Third through Tenth Counterclaims characterize the alleged breach of a duty or a tort, all of which are premised on the assertion that the Ritchard Agreement and Brandon Agreement are legally enforceable and have been violated.[6] Further to this point, all "estimated damages" are specifically tied to a claim that the Brandon Agreement was breached. ECF No. 29, ¶¶ 39-40.

For over 100 years, the law of New York has abhorred redundancy in pleadings and duplicative causes of action and, dismisses them. *See, John D. Park & Sons Co. v. National*

---

[6] Not to get too far ahead, but Divatex's claims of violations of legally enforceable Agreements are factually and legally preposterous.

3

*Wholesale Druggists' Ass'n*, 30 A.D. 508, 511 (1st Dept. 1898) (The essentials of a cause of action must be stated without redundancy); *Sudul v. Computer Outsourcing Servs.*, 868 F. Supp. 59, 61 (S.D.N.Y. 1994) (holding that a redundant claim should be stricken because it contained the same elements as another claim); *Miller v. Volk & Huxley Inc.*, 44 A.D.2d 810, 810 (1st Dept. 1974); *Stabilimento Metallurgico Ligure v. Joseph*, 189 A.D. 173, 178 (1st Dept. 1919) (unnecessary repetition presenting substantially the same issues is not tolerated in a pleading.). A claim that arises out of the identical facts and circumstances, and contains the same allegations, as the cause of action alleging breach of contract is duplicative in nature, warranting dismissal. *See, Financial Structures Ltd. v. UBS AG,* 77 A.D.3d 417, 419 (1st Dept. 2010); *J.E. Morgan Knitting Mills, Inc. v. Reeves Bros.,* 243 A.D.2d 422, 423 (1st Dept. 1997). This principle is further underscored where a plaintiff does not allege that it has sustained any damages in a duplicative cause of action that would not be recoverable under its breach of contract cause of action. *Manas v. VMS Associates, LLC*, 53 A.D.3d 451, 454 (1st Dept. 2008).

It is also true that all of Divatex's tort claims which sound in contract must be dismissed. Simply put, Divatex cannot cast a contract claim into tort. "[W]here a plaintiff is seeking merely to obtain the benefit of a contractual bargain through an action in tort, the tort claim is precluded as duplicative." *Avazpour Networking Servs., Inc. v. Falconstor Software, Inc.*, 937 F. Supp. 2d 355, 362 (E.D.N.Y. 2013); *see also, Hargrave v. Oki Nursery, Inc.*, 636 F.2d 897, 899 (2d Cir. 1980) (where "the only interest at stake is that of holding the defendant to a promise ... the plaintiff may not transmogrify the contract claim into one for tort"); *cf Carmania Corp. N.V. v. Hambrecht Terrell Int'l,* 705 F. Supp. 936, 938-39 (S.D.N.Y. 1989) (economic losses are not recoverable in tort under New York law).

The Third through Tenth Counterclaims are all based on an alleged breach of the Agreements. They allege no damages independent of the "solicitation" breach alleged in paragraphs 34, 39 and 40. These allegations do not turn into separate claims, or tort claims based upon the breach of fiduciary duty allegedly created by the Agreements (Third Counterclaim), interference with contract or with business relations based on confidential information defined by the Agreements (Fourth Counterclaim), misappropriation of trade secrets defined by the Agreements (Fifth Counterclaim), unfair competition based on confidential information defined by the Agreements (Sixth Counterclaim), aiding and abetting a breach of contract[7] (Seventh and Eighth Counterclaims), or the replevin and conversion claims for return of property covered by the Agreements (Ninth and Tenth Counterclaims). All of these Counterclaims simply repeat that Plaintiff and/or his son have allegedly breached their Agreements in some manner and each seek the same damages. This is not only clear by the terms of the Counterclaims, but also by Divatex's express opposition to this motion, which consistently cites the Agreements as the basis of its non-specific allegations. As a result, these Counterclaims must be dismissed as a matter of New York law.

### B. Divatex Has Not Identified Contracts Or Prospective Business Advantages And The Fourth Counterclaim Must Be Dismissed.

It is not sufficient to merely allege that a contract has been interfered with and/or vaguely refer to an alleged contract, as Divatex has done. Specific identification of a contract is a necessity for a party to successfully pled a tortious interference with contract and survive a motion to dismiss. Southern District of New York decisions are precisely on-point:

> Similarly, the Amended Complaint also fails to state a valid claim for tortious interference with contractual relations **because it does not identify a valid**

---

[7] Our research discloses a cause of action for aiding and abetting a "tort" but not for aiding and abetting a breach of contract.

**existing contract with Morgan Stanley.** *See G.I. Holdings Co. Inc. v. Blum & Fink, Inc.*, No. 99 Civ. 11637, 2000 WL 1182798, at *14 (S.D.N.Y. Aug.18, 2000) … Even viewing these allegations in a light most favorable to Plaintiffs, **the allegations in the Amended Complaint are insufficient to establish that a valid contract existed. Like the Original Complaint, the Amended Complaint fails to allege the type or term of the alleged contract** between Plaintiffs and Morgan Stanley. *See Wolff,* 171 F.Supp.2d at 359. As a result, Plaintiffs' Amended Complaint does not sufficiently plead the elements for a claim of tortious interference with contractual relations. *See G.I. Holdings Co. Inc.*, No. 01 Civ. 0216, 2000 WL 1182798, at *14 (2001) (**concluding that an allegation of interference with contractual relations is insufficient where the plaintiff does not refer to a valid existing contract or any terms of the contract**).

*Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 498-99 (S.D.N.Y. 2002), *aff'd*, 65 F. App'x 736 (2d Cir. 2003) (emphasis added).[8]

Divatex's tortious interference with prospective business advantage claims are no different – they, too, require the allegation of specific facts to support them. *See, Jacobs v. Continuum Health Partners, Inc.*, 7 A.D.3d 312, 313 (1st Dept. 2004); *In re Abreu*, 527 B.R. 570, 587 (Bankr. E.D.N.Y. 2015) ("As with the tortious interference with a contract claim, the Complaint does not contain facts, other than conclusory allegations, to support an inference that the Harris Beach Defendants acted for a wrongful purpose or used dishonest, unfair, or improper means, in their dealings with the Plaintiff."). In fact, the Southern District of New York has recognized that this claim "is a difficult one to sustain, with requirements 'more demanding than those for interference with [the] performance of an existing contract.'" *PKG Grp., LLC v. Gamma Croma, S.p.A.*, 446 F. Supp. 2d 249, 251 (S.D.N.Y. 2006) (quoting *Fine v. Dudley D. Doernberg & Co.*, 203 A.D.2d 419, 419 (2d Dept. 1994)).

---

[8] The caselaw cited by Divatex supports the Motion to Dismiss. Divatex cites the authority of "*Nostrum Pharms., LLC v. Dixit,* 13 Civ. 8718 (CM (AJP), 2015 U.S. Dist. LEXIS 63117, at *20 (S.D.N.Y. May 8, 2015) (claim for tortious interference stated where **complaint <u>identifies</u> a contract with a third party**, alleges defendant's awareness of that contract, alleges that defendant knowingly and willfully interfered with that contract, and alleges damages); *Bomar Resources, Inc. v. Sierra Rutile Ltd.*, 90 Civ. 3773 (JFK), 1991 U.S. Dist. LEXIS 396, at *26 (S.D.N.Y. Jan. 15, 1991) (same)." ECF No. 56, p. 8 (emphasis added).

6

"Under New York law, the elements of tortious interference with a prospective economic advantage are: '(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship.'" *Abreu, supra*, 527 B.R. at 587 (citing *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008)). Stated otherwise, "[t]o state a cause of action for tortious interference with prospective business advantage, it must be alleged that the conduct by defendant that allegedly interfered with plaintiff's prospects either was undertaken for the sole purpose of harming plaintiff, or that such conduct was wrongful or improper independent of the interference allegedly caused thereby." *Jacobs, supra*, 7 A.D.3d at 313 (citing *Alexander & Alexander of New York v. Fritzen*, 68 N.Y.2d 968, 969 (1986)). Divatex has done nothing to meet this standard. It has not specifically identified one contract or prospective business advantage that has been interfered with, and for this reason, the Fourth Counterclaim cannot survive.

C. **Divatex's Ninth and Tenth Counterclaims For Conversion And Replevin Fail Because Divatex Has Not Alleged A Specific Identifiable Item.**

"To maintain a cause of action for conversion a plaintiff must establish legal ownership or an immediate superior right of possession to a specific identifiable thing...." *Kahn v. Crames*, 92 A.D.2d 634, 635 (3d Dept. 1983). Very similarly, "replevin is a remedy employed to recover a specific, identifiable item of personal property." *Heckl v. Walsh*, 122 A.D.3d 1252, 1254 (4th Dept. 2014) (citations omitted). A general category of abstract items, as described by Divatex, is not sufficient to meet either standard. Moreover, intangible, abstract items (what Divatex describes as "confidential information") of corporate ownership are not the kind of "personal property" for which a replevin action is meant to be used. *See id*. As a final note, "[a] cause of

7

action for replevin or conversion requires a demand for the property and refusal." *Feld v. Feld*, 279 A.D.2d 393, 394 (1st Dept. 2001) (citations omitted).

Divatex's attempts to save its conversion and replevin causes of action by quoting and characterizing terms in the Agreements, in fact, requires their dismissal. ECF No. 56, p. 9. Finally, "[a] claim for conversion will not lie where damages are merely sought for breach of contract.[9] *In re Refco Sec. Litig.*, 759 F. Supp. 2d 301, 327 (S.D.N.Y. 2010) (quoting *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F.Supp.2d 133, 148 (S.D.N.Y.2000)).

### D. Divatex's Vague, Conclusory Allegations Made Upon "Information And Belief" Do Not Have A Sufficient Basis To Survive Dismissal.

Divatex characterizes Plaintiff's Motion to Dismiss as a "blanket" attack on its Counterclaims – they are correct, Plaintiff does take issue with a breadth of vague, speculative, and unsupported allegations made throughout the course of each of Divatex's Counterclaims. Simply put, the deficiencies complained of by Plaintiff in Divatex's Counterclaims are endemic to the entirety of their pleading and are intended to cause prejudice.

While it is duly recognized that Federal Rule of Civil Procedure 8(a) simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief," a pleading with not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)). In considering the problems associated with "naked assertions," *Twombly* found guidance in *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999), which discussed the problematic nature of nonspecific, conclusory allegations. Addressing the *DM Research* decision, the Supreme Court noted: "[T]erms like 'conspiracy,' or even 'agreement,' are border-

---

[9] *See* Subheading A, *supra*.

8

line: they might well be sufficient in conjunction with a more specific allegation – **for example, identifying a written agreement or even a basis for inferring a tacit agreement**, ... but a court is not required to accept such terms as a sufficient basis for a complaint." *Id.* (emphasis added). This opinion has since been relied upon by this District in dismissing claims which have lacked allegations establishing a factual bases for the claims, "[e]ven though [the allegations are] measured under the more liberal pleading requirements of Rule 8(a)." *See, In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 WL 2403553, at *18 (Bankr. S.D.N.Y. Aug. 17, 2007).

As such, Divatex's allegations made on "information and belief" are not supportable as the Counterclaims do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See, Iqbal, supra*, 556 U.S. at 678 (citing *Twombly, supra*, 550 U.S. at 570). "Information and belief" allegations will be dismissed where the claimant "has done nothing more than to paraphrase relevant legal standards and assert, on information and belief" that illegal or illicit conduct has been perpetrated against them. *See, e.g., Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001); *Metro. Grp. Prop. & Cas. Ins. Co. v. Wellington*, 42 Misc.3d 270 (Dist. Ct. Nassau Cnty. 2013) (complaint was made "upon information and belief" and lacked any factual allegations supporting negligence claim).

The Court should not be misled by Divatex's citation to paragraphs in their Counterclaims to support their contentions since two are based on Divatex's acts (¶¶ 36, 61) and the balance are all based on information and belief. ECF No. 56, p. 6, citing Counterclaims, ¶¶ 32-33, 35, 38, 44, 48, 53, 56, 66, 67, 72, 76, 81, 86, 87, 90 and 91; *see also, id.* at pp. 9 and 12, citing Counterclaims, ¶¶ 35, 36, 38, 41, 44, 53, 56, 61, 66, 67, 72, 90.

Putting aside the law for a moment, Plaintiff requests the Court to examine some of the practical realities. First, why shouldn't Divatex be required to plead specific facts to support its conclusory pleading alleging unsavory conduct? Second, along with the Counterclaims, Divatex used the Patin Declaration (ECF No. 39) to successfully oppose a Summary Judgment Motion. Why shouldn't the knowledge of individuals and facts from the documents be pled? Third, why shouldn't Divatex be required to identify individuals "solicited" by Brandon, all of whom Divatex must call as witnesses to prove that it has lost business and suffered damages? Fourth, why should Ritchard and Brandon suffer prejudice by Divatex's purposeful silence and "hiding the ball", if proof exists? Fifth, discovery is not a sufficient substitute for knowledge of the factual basis of Divatex's claim. Given that interrogatories are limited in number to 25 (Federal Rule of Civil Procedure 33), why must these parties face a "Hobson's Choice" of using 21 interrogatories to obtain the basis for the "information and belief" allegations and ignore other salient points? Rhetorically, why must Messrs. Yanowitz spend more money on depositions to find out the basic facts which purportedly underlie Divatex's claim?

It is respectfully submitted that as a matter of law, there is no legal reason why the Third through Tenth Counterclaims should not be dismissed and no practical reason why, to the extent that any Counterclaims survive this matter, Divatex is not required to replead with specific allegations.

## **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that the Court enter an order dismissing Defendant's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

June 11, 2015
New York, New York

/s/ Bruce D. Meller
BRUCE D. MELLER, ESQ.
Peckar & Abramson, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone: (212) 382-0909
Bmeller@pecklaw.com
Attorneys for Plaintiff, Ritchard Yanowitz
and Defendant on the Counterclaim,
Brandon Yanowitz