UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

RITCHARD YANOWITZ,

        Plaintiff,

-against-

DIVATEX HOME FASHION, INC.,

        Defendant.

Index No: 15-cv-00807 (KBF)

**RITCHARD YANOWITZ'S ANSWER TO COUNTERCLAIM**

DIVATEX HOME FASHION, INC.,

        Counterclaim Plaintiff,

-against-

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

        Counterclaim Defendants.

------------------------------------------------------------------X

RITCHARD YANOWITZ ("Plaintiff"), by his attorneys, Peckar & Abramson, P.C., as and for his Answer to the Counterclaims of Divatex Home Fashion, Inc. ("Divatex"), states as follows:

## NATURE OF ACTION

1. Plaintiff denies the allegations of Paragraph 1.

## THE PARTIES

2. Plaintiff denies the allegations of Paragraph 2 except admits that Divatex is a New York corporation with a place of business at 261 Fifth Avenue, New York, New York.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

3.     Plaintiff admits the allegations of Paragraph 3.

4.     Plaintiff admits the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5.     Plaintiff denies the allegations of Paragraph 5 except admits that Divatex purports to state a claim in excess of $75,000.00, exclusive of interest and costs.

6.     Plaintiff denies the allegations of Paragraph 6.

7.     Plaintiff denies the allegations of Paragraph 7.

## RITCHARD AND BRANDON YANOWITZ'S EMPLOYMENT WITH DIVATEX

8.     Plaintiff admits the existence of a written employment agreement executed by Divatex and Ritchard Yanowitz effective as of January 1, 2008 (the "Ritchard Agreement"). Except as admitted, denies the allegations of Paragraph 8 as inaccurate assertions of fact and/or a characterization of the Ritchard Agreement. Plaintiff refers to the Ritchard Agreement as to its true and complete terms.

9.     Plaintiff denies the allegations of Paragraph 9 except admits that Brandon Yanowitz ("Brandon") was employed by Divatex commencing October 10, 2005 and no longer employed by Divatex as of June 10, 2014.

10.    Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 10.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

11.     Plaintiff denies the allegations of Paragraph 11 except admits that at certain times Ritchard's duties included maintaining relationships with customers and certain sales related work and that at times Brandon's duties included certain sales related work.

12.     Plaintiff denies the allegations of Paragraph 12.

13.     Plaintiff denies the allegations of Paragraph 13 as inaccurate assertions of fact and/or a characterization of the Ritchard Agreement.  Plaintiff refers to the Ritchard Agreement for its true and complete terms.  To the extent the allegations of Paragraph 13 are independent of the Ritchard Agreement, the allegations are denied.

14.     Plaintiff denies the allegations of Paragraph 14 as inaccurate assertions of fact and/or a characterization of the Ritchard Agreement.  Plaintiff refers to the Ritchard Agreement for its true and complete terms.  To the extent the allegations of Paragraph 14 are intended to be independent of the Ritchard Agreement, the allegations are denied.

15.     Plaintiff denies the allegations of Paragraph 15 as inaccurate assertions of fact and/or a characterization of the Ritchard Agreement.  Plaintiff refers to the Ritchard Agreement for its true and complete terms.  To the extent the allegations of Paragraph 15 are intended to be independent of the Ritchard Agreement, the allegations are denied.

16.     Plaintiff denies the allegations of Paragraph 16 as inaccurate assertions of fact and/or a characterization of the Ritchard Agreement.  Plaintiff refers to the Ritchard Agreement for its true and complete terms.  To the extent the allegations of Paragraph 16 are intended to be independent of the Ritchard Agreement, the allegations are denied.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

17. Plaintiff denies the allegations of Paragraph 17 as inaccurate assertions of fact and/or a characterization of the Ritchard Agreement. Plaintiff refers to the Ritchard Agreement for its true and complete terms. To the extent the allegations of Paragraph 17 are intended to be independent of the Ritchard Agreement, the allegations are denied.

18. Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 18.

19. Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 19.

20. Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 20.

21. Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 21.

22. Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 22.

23. Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 23.

24. Plaintiff denies the allegations of Paragraph 24 except admits that Brandon was no longer employed by Divatex as of June 10, 2014.

25. Plaintiff admits the allegations of Paragraph 25, subject to the clarification that his employment concluded as of the close of business December 31, 2014.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

26. Plaintiff admits that Plaintiff inquired as to Divatex's willingness to employ him subsequent to December 31, 2014, and that by letter dated October 31, 2014, Plaintiff was notified that Divatex would not permit him further employment and that his employment would conclude on December 31, 2014. Except as admitted, Plaintiff denies the allegations of Paragraph 26 as inaccurate assertions of fact and/or a characterization of the document dated October 31, 2014. Plaintiff refers to the document dated October 31, 2014 for its true and complete terms.

27. Plaintiff admits receipt of an unsigned letter on December 29, 2014. Except as admitted, Plaintiff denies the allegations of Paragraph 27 as inaccurate assertions of fact and/or a characterization of the document. Plaintiff refers to the document for its true and complete terms. To the extent that the allegations of Paragraph 27 are intended to be independent of the unsigned document, the allegations are denied.

28. Plaintiff denies the allegations of Paragraph 28 as inaccurate assertions of fact and/or a characterization of the document dated December 29, 2014. Plaintiff refers to the document dated December 29, 2014 for its true and complete terms.

### RITCHARD AND BRANDON YANOWITZ ALLEGED BREACHES OF ALLEGED AGREEMENTS AND ALLEGED OTHER TORTIOUS CONDUCT

29. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations regarding Brandon and as to what Divatex purportedly thought it "learned." To the extent that any allegations of Paragraph 29 are intended to be allegations of fact related to Plaintiff, the allegations are denied.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

30. Plaintiff denies the allegations of Paragraph 30, except Plaintiff denies knowledge or information sufficient to form a belief as to what Divatex purportedly thought it "learned."

31. Plaintiff denies the allegations of Paragraph 31, except Plaintiff denies knowledge or information sufficient to form a belief as to what Divatex purportedly thought it "learned."

32. Plaintiff denies the allegations of Paragraph 32.

33. Plaintiff denies knowledge or information sufficient to form a belief to the allegations, regarding matters of which Brandon was "aware." To the extent that any allegations of Paragraph 33 are intended to be allegations of fact related to Plaintiff, the allegations are denied.

34. Plaintiff denies knowledge or information sufficient to form a belief to the allegations regarding Brandon and as to what Divatex purportedly thought it "learned." To the extent that any allegations of Paragraph 34 are intended to be allegations of fact related to Plaintiff, the allegations are denied.

35. Plaintiff denies the allegations of Paragraph 35.

36. Plaintiff denies the allegations of Paragraph 36 except admits the receipt of a letter dated January 8, 2015 from Divatex and that a letter dated January 8, 2015 was sent to Brandon by Divatex.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

<em>Case 1:15-cv-00807-KBF   Document 62   Filed 07/06/15   Page 7 of 16</em>

37. Plaintiff denies knowledge or information sufficient to form a belief to the allegations regarding Brandon and as to what Divatex purportedly "learned." To the extent that any allegations of Paragraph 37 are intended to be allegations of fact related to Plaintiff, the allegations are denied.

38. Plaintiff denies the allegations of Paragraph 38, except admits that he attended an "industry trade fair."

39. Plaintiff denies knowledge or information sufficient to form a belief to the allegations regarding Brandon and as to what Divatex purportedly "learned." To the extent that any allegations of Paragraph 39 are intended to be allegations of fact related to Plaintiff, the allegations are denied.

40. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 40.

41. Plaintiff denies the allegations of Paragraph 41, except denies knowledge or information sufficient to form a belief as to the allegations regarding Brandon.

**FIRST COUNTERCLAIM**
(Breach of Contract – As Against Ritchard Yanowitz)

42. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff denies the allegations of Paragraph 43 as inaccurate assertions of fact and/or a characterization of the Ritchard Agreement. Plaintiff refers to the Ritchard

<em>LAW OFFICES
Peckar &
Abramson
A Professional Corporation</em>

<em>7</em>

Agreement for its true and complete terms.  To the extent the allegations of Paragraph 14 are intended to be independent of the Ritchard Agreement, the allegations are denied.

44. Plaintiff denies the allegations of Paragraph 44.

45. Plaintiff denies the allegations of Paragraph 45.

### SECOND COUNTERCLAIM
(Breach of Contract – As Against Brandon Yanowitz)

46. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff makes no response to the allegations of Paragraph 47 as they are not assertions of fact with respect to Plaintiff and the Second Counterclaim is not addressed to Plaintiff nor does it seek any relief from the Plaintiff.  To the extent the allegations of Paragraph 47 are intended to be allegations of fact related to Plaintiff or that refer to his rights, the allegations are denied.

48. Plaintiff makes no response to the allegations of Paragraph 48 as they are not assertions of fact with respect to Plaintiff and the Second Counterclaim is not addressed to Plaintiff nor does it seek any relief from the Plaintiff.  To the extent the allegations of Paragraph 47 are intended to be allegations of fact related to Plaintiff or that refer to his rights, the allegations are denied.

49. Plaintiff makes no response to the allegations of Paragraph 49 as they are not assertions of fact with respect to Plaintiff and the Second Counterclaim is not addressed to Plaintiff nor does it seek any relief from the Plaintiff.  To the extent the allegations of

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

Paragraph 47 are intended to be allegations of fact related to Plaintiff or that refer to his rights, the allegations are denied.

### THIRD COUNTERCLAIM
(Breach of Fiduciary Duty – As Against Ritchard and Brandon Yanowitz)

50. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 49 as if fully set forth herein.

51. To the extent the allegations of Paragraph 51 are intended to be allegations of law, no response is required and none is made. To the extent that the allegations of Paragraph 51 are intended to be allegations of fact, they are vague and are denied.

52. Plaintiff denies the allegations of Paragraph 52.

53. Plaintiff denies the allegations of Paragraph 53.

54. Plaintiff denies the allegations of Paragraph 54.

### FOURTH COUNTERCLAIM
(Tortious Interference with a Contract or Prospective Business Advantage – As Against Ritchard and Brandon Yanowitz)

55. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 54 as if fully set forth herein.

56. Plaintiff denies the allegations of Paragraph 56.

57. Plaintiff denies the allegations of Paragraph 57.

58. Plaintiff denies the allegations of Paragraph 58.

59. Plaintiff denies the allegations of Paragraph 59.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

## FIFTH COUNTERCLAIM
(Misappropriation of Trade Secrets – As Against Ritchard and Brandon Yanowitz)

60. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 59 as if fully set forth herein.

61. Plaintiff denies the allegations of Paragraph 61.

62. Plaintiff denies the allegations of Paragraph 62.

63. Plaintiff denies the allegations of Paragraph 63.

64. Plaintiff denies the allegations of Paragraph 64.

## SIXTH COUNTERCLAIM
(Unfair Competition – As Against Ritchard and Brandon Yanowitz)

65. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiff denies the allegations of Paragraph 66.

67. Plaintiff denies the allegations of Paragraph 67.

68. Plaintiff denies the allegations of Paragraph 68.

69. Plaintiff denies the allegations of Paragraph 69.

## SEVENTH COUNTERCLAIM
(Aiding and Abetting a Breach of Contract – As Against Ritchard Yanowitz)

70. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 69 as if fully set forth herein.



LAW OFFICES
Peckar &
Abramson
A Professional Corporation

71. Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 71.

72. Plaintiff denies the allegations of Paragraph 72.

73. Plaintiff denies the allegations of Paragraph 73.

### EIGHTH COUNTERCLAIM
(Aiding and Abetting a Breach of Contract – As Against Brandon Yanowitz)

74. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 73 as if fully set forth herein.

75. Plaintiff makes no response to the allegations of Paragraph 75 as they are not assertions of fact with respect to Plaintiff and the Eighth Counterclaim is not addressed to Plaintiff nor does it seek any relief from the Plaintiff. To the extent the allegations of Paragraph 75 are intended to be allegations of fact related to Plaintiff or that refer to his rights, the allegations are denied.

76. Plaintiff makes no response to the allegations of Paragraph 76 as they are not assertions of fact with respect to Plaintiff and the Eighth Counterclaim is not addressed to Plaintiff nor does it seek any relief from the Plaintiff. To the extent the allegations of Paragraph 47 are intended to be allegations of fact related to Plaintiff or that refer to his rights, the allegations are denied.

77. Plaintiff makes no response to the allegations of Paragraph 77 as they are not assertions of fact with respect to Plaintiff and the Eighth Counterclaim is not addressed to Plaintiff nor does it seek any relief from the Plaintiff. To the extent the allegations of

Paragraph 47 are intended to be allegations of fact related to Plaintiff or that refer to his rights, the allegations are denied.

### NINTH COUNTERCLAIM
(Replevin– As Against Ritchard and Brandon Yanowitz)

78. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 77 as if fully set forth herein.

79. Plaintiff denies knowledge or information sufficient to form a belief to the allegations of Paragraph 79.

80. Plaintiff denies the allegations of Paragraph 80.

81. Plaintiff denies the allegations of Paragraph 81 except denies knowledge or information sufficient to form a belief as to allegations as to Brandon.

82. Plaintiff denies the allegations of Paragraph 82.

83. Plaintiff denies the allegations of Paragraph 83.

### TENTH COUNTERCLAIM
(Conversion– As Against Ritchard and Brandon Yanowitz)

84. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 83 as if fully set forth herein.

85. Plaintiff denies the allegations of Paragraph 85.

86. Plaintiff denies the allegations of Paragraph 86.

87. Plaintiff denies the allegations of Paragraph 87.

88. Plaintiff denies the allegations of Paragraph 88.

### ELEVENTH COUNTERCLAIM
(Injunction– As Against Ritchard and Brandon Yanowitz)

89. Plaintiff repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 88 as if fully set forth herein.

90. Plaintiff denies the allegations of Paragraph 90.

91. Plaintiff denies the allegations of Paragraph 91.

92. Plaintiff denies the allegations of Paragraph 92.

93. Plaintiff denies the allegations of Paragraph 93.

94. Plaintiff denies the allegations of Paragraph 94.

95. Plaintiff denies the allegations of Paragraph 95.

96. Plaintiff denies the allegations of Paragraph 96 as inaccurate assertions of fact and a characterization of the Ritchard Agreement. To the extent the allegations are independent of the Ritchard Agreement, the allegations are denied. Plaintiff further denies knowledge or information sufficient to form a belief as to the alleged agreement with Brandon.

97. Plaintiff denies the allegations of Paragraph 97.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of waiver.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The counterclaims are barred in whole or in part by a failure of consideration.

## FIFTH AFFIRMATIVE DEFENSE

The counterclaims are barred in whole or in part by the Statute of Frauds.

## SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the affirmative misconduct of Divatex, its employees, officers and/or members of its Board of Directors.

## NINTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the Parole Evidence Rule.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

### TENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the terms of the Ritchard Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by virtue of Defendant's failure to mitigate its alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by Divatex's assumption of risk.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part as they fail to state a cause of action for which relief may be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by virtue of Divatex's failure and refusal to offer employment to Ritchard Yanowitz subsequent to December 31, 2014.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part as the Ritchard Agreement, as alleged to exist by Divatex, would be and is unenforceable pursuant to such terms.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

## SIXTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by Divatex's unconscionable conduct and actions from and after September 2012.

WHEREFORE, Ritchard Yanowitz respectfully requests that the Court enter judgment dismissing all Counterclaims alleged against him and for affirmative judgment as requested in his Complaint in this action, together with costs, disbursements and such other and further relief as the Court deems just and proper.

July 6, 2015
New York, New York

                                                    *s/ Bruce D. Meller*
                                                  Bruce D. Meller, Esq.
                                                  Denis Serkin, Esq., Esq.
                                                  Patrick T. Murray, Esq.
                                                  PECKAR & ABRAMSON, P.C.
                                                  41 Madison Avenue, 20th Floor
                                                  New York, NY 10010
                                                  Telephone: (212) 382-0909
                                                  Bmeller@pecklaw.com
                                                  Dserkin@pecklaw.com
                                                  Pmurray@pecklaw.com
                                                  Attorneys for Plaintiff
                                                  Ritchard Yanowitz

#417377v2-

LAW OFFICES

**Peckar & Abramson**
A Professional Corporation