UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

RITCHARD YANOWITZ,

        Plaintiff,

    -against-

DIVATEX HOME FASHION, INC.,

        Defendant.

Index No: 15-cv-00807 (KBF)

**BRANDON YANOWITZ'S AMENDED
ANSWER TO COUNTERCLAIMS,
AMENDED COUNTERCLAIMS AND
CLAIMS AGAINST ADDITIONAL
DEFENDANT ON THE
COUNTERCLAIM**

DIVATEX HOME FASHION, INC.,

        Counterclaim Plaintiff,

    -against-

RITCHARD YANOWITZ and
BRANDON YANOWITZ,

        Counterclaim Defendants.

BRANDON YANOWITZ,

        Counterclaim Plaintiff,

    -against-

DAVID GREENSTEIN,

    Additional  Defendant on Counterclaim.

------------------------------------------------------------- X

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

    BRANDON YANOWITZ ("Brandon"), by his attorneys, Peckar & Abramson, P.C.,

as and for his Amended Answer to the Counterclaims of Divatex Home Fashion, Inc.

("Divatex"), states as follows:

## NATURE OF ACTION

1.      Brandon denies the allegations of Paragraph 1.

## THE PARTIES

2.      Brandon denies the allegations of Paragraph 2 except admits that Divatex is a New York corporation with a place of business at 261 Fifth Avenue, New York, New York.

3.      Brandon admits the allegations of Paragraph 3.

4.      Brandon admits the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5.      Brandon denies the allegations of Paragraph 5 except admits that Divatex purports to state a claim in excess of $75,000.00, exclusive of interest and costs.

6.      Brandon denies the allegations of Paragraph 6.

7.      Brandon denies the allegations of Paragraph 7.

## RITCHARD AND BRANDON YANOWITZ'S EMPLOYMENT WITH DIVATEX

8.      Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 8 except admits that Ritchard Yanowitz ("Plaintiff") was an employee of Divatex during the period of January 1, 2008 through December 31, 2014.

LAW OFFICES

**Peckar &**
**Abramson**
A Professional Corporation

9.      Brandon denies the allegations of Paragraph 9 except admits that Brandon was employed by Divatex commencing October 10, 2005 and no longer employed by Divatex as of June 10, 2014.

10.      Brandon denies the allegations of Paragraph 10 except admits that Divatex alleges that Brandon executed a document dated October 10, 2005 (the "Brandon Document").

11.      Brandon denies the allegations of Paragraph 11 except denies knowledge or information sufficient to form a belief to the full scope of Plaintiff's duties, and admits only that at times Plaintiff's duties included maintaining relationships with customers and that at times, Brandon's duties included certain sales related work.

12.      Brandon denies the allegations of Paragraph 12.

13.      Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 13.

14.      Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 14.

15.      Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 15.

16.      Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 16.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

17.    Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 17.

18.    Brandon denies the allegations of Paragraph 18 as inaccurate assertions of fact and/or a characterization of the Brandon Document.  Brandon refers to the Brandon Document for its true and complete terms.  To the extent the allegations of paragraph 18 are intended to be independent of the Brandon Document, the allegations are denied.

19.    Brandon denies the allegations of Paragraph 19 as inaccurate assertions of fact and/or a characterization of the Brandon Document.  Brandon refers to the Brandon Document for its true and complete terms.  To the extent the allegations of Paragraph 19 are intended to be independent of the Brandon Document, the allegations are denied.

20.    Brandon denies the allegations of Paragraph 20 as inaccurate assertions of fact and/or a characterization of the Brandon Document.  Brandon refers to the Brandon Document for its true and complete terms.  To the extent the allegations of Paragraph 20 are intended to be independent of the Brandon Document, the allegations are denied.

21.    Brandon denies the allegations of Paragraph 21 as inaccurate assertions of fact and/or a characterization of the Brandon Document.  Brandon refers to the Brandon Document for its true and complete terms.  To the extent the allegations of Paragraph 21 are intended to be independent of the Brandon Document, the allegations are denied.

22.    Brandon denies the allegations of Paragraph 22 as inaccurate assertions of fact and/or a characterization of the Brandon Document.  Brandon refers to the Brandon

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

Document for its true and complete terms. To the extent the allegations of Paragraph 22 are intended to be independent of the Brandon Document, the allegations are denied.

23.     Brandon denies the allegations of Paragraph 23 as inaccurate assertions of fact and/or a characterization of the Brandon Document. Brandon refers to the Brandon Document for its true and complete terms. To the extent the allegations of Paragraph 23 are intended to be independent of the Brandon Document, the allegations are denied.

24.     Brandon denies the allegations of Paragraph 24, except admits that he was no longer employed by Divatex as of June 10, 2014.

25.     Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 25, except admits that Plaintiff's employment with Divatex concluded as of close of business on December 31, 2014.

26.     Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 26.

27.     Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 27.

28.     Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 28.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## RITCHARD AND BRANDON YANOWITZ'S ALLEGED BREACHES
## OF ALLEGED AGREEMENTS AND ALLEGED OTHER TORTIOUS CONDUCT

29.     Brandon denies the allegations of Paragraph 29, except denies knowledge or information sufficient to form a belief to the allegations regarding Plaintiff and what Divatex purportedly thought it learned.

30.     Brandon denies knowledge or information sufficient to form a belief to the allegations regarding Plaintiff and what Divatex purportedly thought it learned.  To the extent that the allegations of Paragraph 30 are intended to be allegations related to Brandon or that refer to his rights, the allegations are denied.

31.     Brandon denies the allegations of Paragraph 31, except denies knowledge or information sufficient to form a belief as to what Divatex purportedly thought it learned.

32.     Brandon denies knowledge or information sufficient to form a belief regarding matters of which Plaintiff was "aware".  To the extent any allegations of Paragraph 32 are intended to be allegations of fact related to Brandon or that refer to his rights, the allegations are denied.

33.     Brandon denies the allegations of Paragraph 33.

34.     Brandon denies the allegations of Paragraph 34, except denies knowledge or information sufficient to form a belief as to what Divatex purportedly thought it learned.

35.     Brandon denies the allegations of Paragraph 35.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

36.     Brandon denies the allegations of Paragraph 36, except admits the receipt of a letter dated January 8, 2015 and that a letter dated January 8, 2015 was sent to Plaintiff by Divatex.

37.     Brandon denies the allegations of Paragraph 37, except denies knowledge or information sufficient to form a belief to what Divatex purportedly thought it learned.

38.     Brandon denies the allegations of Paragraph 38, except admits that Brandon and Plaintiff attended an "industry trade show".

39.     Brandon denies the allegations of Paragraph 39, except denies knowledge or information sufficient to form a belief to what Divatex purportedly thought it learned.

40.     Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 40.

41.     Brandon denies the allegations of Paragraph 41, except denies knowledge or information sufficient to form a belief to the allegations regarding Plaintiff.

## FIRST COUNTERCLAIM
(Breach of Contract – As Against Ritchard Yanowitz)

42.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 41 as if fully set forth herein.

43.     Brandon makes no response to the allegations of Paragraph 43 as the First Counterclaim is not addressed to Brandon nor does it seeks any relief from Brandon.  To the extent that the allegations of the First Counterclaim are intended to be allegations of fact related to Brandon or that refer to his rights, the allegations are denied.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

44.     Brandon makes no response to the allegations of Paragraph 44 as the First Counterclaim is not addressed to Brandon nor does it seeks any relief from Brandon.  To the extent that the allegations of the First Counterclaim are intended to be allegations of fact related to Brandon or that refer to his rights, the allegations are denied.

45.     Brandon makes no response to the allegations of Paragraph 45 as the First Counterclaim is not addressed to Brandon nor does it seeks any relief from Brandon.  To the extent that the allegations of the First Counterclaim are intended to be allegations of fact related to Brandon or that refer to his rights, the allegations are denied.

## SECOND COUNTERCLAIM
### (Breach of Contract – As Against Brandon Yanowitz)

46.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 45 as if fully set forth herein.

47.     Brandon denies the allegations of Paragraph 47 as inaccurate assertions of fact and/or a characterization of the Brandon Document.  Brandon refers to the Brandon Document for its true and complete terms.  To the extent the allegations of Paragraph 47 are intended to be independent of the Brandon Document, the allegations are denied.

48.     Brandon denies the allegations of Paragraph 48.

49.     Brandon denies the allegations of Paragraph 49.

## THIRD COUNTERCLAIM
### (Breach of Fiduciary Duty – As Against Ritchard and Brandon Yanowitz)

50.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 49 as if fully set forth herein.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

51.    To the extent the allegations of Paragraph 51 are intended to be allegations of law, no response is required and none is made.  To the extent that the allegations of Paragraph 51 are intended to be allegations of fact, they are vague and are denied.

52.    Brandon denies the allegations of Paragraph 52.

53.    Brandon denies the allegations of Paragraph 53.

54.    Brandon denies the allegations of Paragraph 54.

## FOURTH COUNTERCLAIM
(Tortious Interference with a Contract or Prospective Business Advantage –
As Against Ritchard and Brandon Yanowitz)

55.    Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 54 as if fully set forth herein.

56.    Brandon denies the allegations of Paragraph 56.

57.    Brandon denies the allegations of Paragraph 57.

58.    Brandon denies the allegations of Paragraph 58.

59.    Brandon denies the allegations of Paragraph 59.

## FIFTH COUNTERCLAIM
(Misappropriation of Trade Secrets – As Against Ritchard and Brandon Yanowitz)

60.    Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 59 as if fully set forth herein.

61.    Brandon denies the allegations of Paragraph 61.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

62.     Brandon denies the allegations of Paragraph 62.

63.     Brandon denies the allegations of Paragraph 63.

64.     Brandon denies the allegations of Paragraph 64.

## SIXTH COUNTERCLAIM
(Unfair Competition – As Against Ritchard and Brandon Yanowitz)

65.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 64 as if fully set forth herein.

66.     Brandon denies the allegations of Paragraph 66.

67.     Brandon denies the allegations of Paragraph 67.

68.     Brandon denies the allegations of Paragraph 68.

69.     Brandon denies the allegations of Paragraph 69.

## SEVENTH COUNTERCLAIM
(Aiding and Abetting a Breach of Contract – As Against Ritchard Yanowitz)

70.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 69 as if fully set forth herein.

71.     Brandon makes no response to the allegations of Paragraph 71 as the Seventh Counterclaim is not addressed to Brandon nor does it seeks any relief from Brandon.  To the extent that the allegations of the Seventh Counterclaim are intended to be allegations of fact related to Brandon, or that refer to his rights, the allegations are denied.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

10

72.     Brandon makes no response to the allegations of Paragraph 72 as the Seventh Counterclaim is not addressed to Brandon nor does it seeks any relief from Brandon. To the extent that the allegations of the Seventh Counterclaim are intended to be allegations of fact related to Brandon, or that refer to his rights, the allegations are denied.

73.     Brandon makes no response to the allegations of Paragraph 73 as the Seventh Counterclaim is not addressed to Brandon nor does it seeks any relief from Brandon. To the extent that the allegations of the Seventh Counterclaim are intended to be allegations of fact related to Brandon, or that refer to his rights, the allegations are denied.

## EIGHTH COUNTERCLAIM
(Aiding and Abetting a Breach of Contract – As Against Brandon Yanowitz)

74.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 73 as if fully set forth herein.

75.     Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 75.

76.     Brandon denies the allegations of Paragraph 76.

77.     Brandon denies the allegations of Paragraph 77.

## NINTH COUNTERCLAIM
(Replevin– As Against Ritchard and Brandon Yanowitz)

78.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 77 as if fully set forth herein.

79.     Brandon denies the allegations of paragraph 79.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

80.     Brandon denies knowledge or information sufficient to form a belief to the allegations of Paragraph 80.

81.     Brandon denies the allegations of Paragraph 81.

82.     Brandon denies the allegations of Paragraph 82.

83.     Brandon denies the allegations of Paragraph 83.

## TENTH COUNTERCLAIM
(Conversion– As Against Ritchard and Brandon Yanowitz)

84.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 83 as if fully set forth herein.

85.     Brandon denies the allegations of Paragraph 85.

86.     Brandon denies the allegations of Paragraph 86.

87.     Brandon denies the allegations of Paragraph 87.

88.     Brandon denies the allegations of Paragraph 88.

## ELEVENTH COUNTERCLAIM
(Injunction– As Against Ritchard and Brandon Yanowitz)

89.     Brandon repeats and reasserts each answer to the allegations set forth in Paragraphs 1 through 88 as if fully set forth herein.

90.     Brandon denies the allegations of Paragraph 90.

91.     Brandon denies the allegations of Paragraph 91.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

12

92.     Brandon denies the allegations of Paragraph 92.

93.     Brandon denies the allegations of Paragraph 93.

94.     Brandon denies the allegations of Paragraph 94.

95.  Brandon denies the allegations of Paragraph 95.

96.  Brandon denies the allegations of Paragraph 96 as inaccurate assertions of fact and/or a characterization of the Brandon Document.  To the extent the allegations are independent of the Brandon Agreement, the allegations are denied.  Brandon further denies knowledge or information sufficient to form a belief to the alleged agreement with Plaintiff.

97.     Brandon denies the allegations of Paragraph 97.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of waiver.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The counterclaims are barred in whole or in part by a failure of consideration.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

### FIFTH AFFIRMATIVE DEFENSE

The counterclaims are barred in whole or in part by the Statute of Frauds.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the affirmative misconduct of Divatex, its employees, officers and/or Members of its Board of Directors.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the Parole Evidence Rule.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by virtue of Divatex's failure to mitigate its alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by Divatex's assumption of risk.

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

14

## TWELFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part as they fail to state a cause of action for which relief may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by Divatex's unconscionable conduct and actions from and after September 2012.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred in whole or in part by virtue of Divatex's express discharge of Brandon from employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred in whole or in part by virtue of Divatex's constructive discharge of Brandon from employment.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part as the Brandon Document, as alleged to exist by Divatex, would be and is unenforceable pursuant to such terms.

## AMENDED COUNTERCLAIMS AND CLAIMS AGAINST
## ADDITIONAL DEFENDANT DAVID GREENSTEIN

Brandon, by way of Amended Counterclaims against Divatex and Claims against Additional Defendant on the Counterclaim, David Greenstein ("Greenstein"), says:

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## FIRST AMENDED COUNTERCLAIM AND CLAIM AGAINST GREENSTEIN

1.      Brandon is a citizen of the State of New Jersey.

2.      Upon information and belief, Divatex is a corporation organized and existing pursuant to the laws of the State of New York.

3.      Upon information and belief, Greenstein is a citizen of the State of Connecticut.

4.      This Court has jurisdiction over the Counterclaims and the Claims against Greenstein pursuant to 28 USC § 1367 as they are derived from a common nucleus of operative facts, and 28 USC § 1367(a) as they are so related to the Counterclaims of Divatex as to form part of the same case and/or controversy.

5.      The Court has personal jurisdiction over Greenstein because the Counterclaims and Claim against Greenstein arise out of, in part, Greenstein's conduct in the State of New York.

6.      Venue is proper in the Southern District of New York because a substantial number of the events occurred in this District and the Counterclaims and Claims against Greenstein are expressly related to the claims asserted in this action.

7.      Under date of January 8, 2015, Divatex and Greenstein sent a letter to Brandon which falsely stated that Brandon had been engaged in tortious conduct, that he has been "using Confidential Information," that he was acting detrimental to a former employer, Divatex, that he had "hir[ed] [his] father, Ritchard Yanowitz," that he had hired him to "support [his] efforts to unfairly compete with Divatex", that he was "aiding and

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

abetting" [his] father's breach of his obligations", "tortuously interfering with Divatex's contractual rights", and "clearly engag[ing] in unfair competition", each and all of which allegations are false.  The terms of the January 8, 2015 letter ("Libel Letter") are attached hereto as **Exhibit A** and incorporated into this Counterclaim.

8.    The statements contained in the Libel Letter were published to an individual and two corporate entities identified by Divatex as "Chris Grassi," "Keeco Home," and "Grassi Associates, Inc."

9.    Chris Grassi is a principal in the corporate entity which currently employs Brandon, one corporate entity identified above is the employer of Brandon and the other is not an employer of Brandon.

10.    The publication and statements contained in the Libel Letter were intentionally, purposely malicious and/or recklessly made and are defamatory as they are false statements which tend to disparage Brandon in his profession and trade and amount to an attack upon Brandon's integrity and otherwise allege unprofessional conduct.

11.    These statements contained in the Libel Letter were also made for the purposes of asserting a total lack of character and total disregard of ethics by Brandon.

12.    The statements made were made for the purposes of injuring Brandon by direct statement and innuendo.

13.    As a result thereof, the Libel Letter constitutes libel per se, and Greenstein and Divatex are liable to Brandon for damages as presumed by law and punitive damages.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

14.     Neither Divatex nor Greenstein have retracted or otherwise communicated to Chris Grassi, Keeco Home or Grassi Associates, Inc. that it committed an error in the statements made in the Libel Letter, despite demand that it do so.

## SECOND AMENDED COUNTERCLAIM AND CLAIM AGAINST GREENSTEIN

15.     Brandon repeats and reasserts each and every allegation contained in Paragraphs 1 through 14 of the First Amended Counterclaim and Claims against Greenstein as if fully set forth at length herein.

16.     In or about January 2015, Greenstein, on his own behalf and upon information and belief, on behalf of Divatex, had a conversation with Chris Grassi in which Greenstein made oral statements in reference to the Libel Letter thereby through innuendo and otherwise repeating through spoken statements, the contents of the Libel Letter and demonstrating his malice by the inquiry to Mr. Grassi of, in substance:  "Did you get my love note; how did you like my love note?"  In doing so, Greenstein repeated the statements of the Libel Letter to a principal of Brandon's employer, to disparage Brandon in his profession and trade and to attack Brandon's integrity and otherwise allege unprofessional conduct, and for the purposes of asserting a total lack of character and a total disregard of ethics by Brandon.

17.     These statements made by Greenstein were intentionally, purposely and/or recklessly made and are defamatory as they are false statements.

18.     The statements made were made for the purposes of injuring Brandon by direct statement and innuendo.

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

19.     As a result of the foregoing, Greenstein and Divatex committed slander per se and Greenstein and Divatex are liable to Brandon for damages as presumed by law and punitive damages.

20.     Neither Divatex nor Greenstein have retracted or otherwise communicated to Chris Grassi, Keeco Home or Grassi Associates, Inc. that it committed an error in the statements made, despite demand that it do so.

## THIRD AMENDED COUNTERCLAIM

21.     Brandon repeats and reasserts each and every allegation contained in Paragraphs 1 through 20 of the Amended Counterclaims and Claims against Greenstein as if fully set forth at length herein.

22.     Greenstein's false and defamatory statements to Chris Grassi and the Libel Letter were known or should have been known by Divatex and its corporate officers and, upon information and belief, member(s) of its Board of Directors.

23.     Divatex has not retracted or otherwise communicated to Chris Grassi, Keeco Home and/or Grassi Associates, Inc. that Greenstein committed an error in the statements made in its Libel Letter or oral statements made by Greenstein despite demands that it do so.

24.     By reason of the foregoing, Divatex has ratified the conduct by Greenstein and the libelous and slander statements made by Greenstein.

25.     By reason of the foregoing, Divatex is liable to Brandon for damages as presumed by law, and punitive damages.

LAW OFFICES

Peckar &
Abramson

A Professional Corporation

19

## FOURTH COUNTERCLAIM

26.     Brandon repeats and reasserts each and every allegation contained in Paragraphs 1 through 25 of the Amended Counterclaims and Claims against Greenstein as if fully set forth at length herein.

27.     Divatex contends that Brandon voluntarily resigned his employment with Divatex on June 10, 2014.  Brandon denies the contentions of Divatex and asserts that on June 10, 2014, as a result of work conditions which Brandon reasonably believed to be intolerable, he furnished Divatex with a two (2) week notice that he would be leaving the employ of Divatex.

28.     In retaliation thereof, Brandon's employment was terminated, without cause, by Divatex and without payment of his wages for the period of two weeks.

29.     To the extent that Divatex asserts and is successful in proving its allegations, all of which are denied, then the failure by Divatex to pay Brandon for the period of two (2) weeks is a breach of his employment agreement and a violation of the New York Labor Law with the result that Divatex is indebted to Brandon for his salary for the two (2) week period in the sum of $7,615.38, together with Liquidated Damages and all other remedies, as provided under the New York Labor Law and common law.

WHEREFORE, Brandon Yanowitz demands judgment as follows:

(a)     Dismissing the Counterclaims asserted against him by Divatex Home Fashion, Inc.;

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

20

(b)      For damages as presumed by law against Divatex Home Fashion, Inc. and David Greenstein pursuant to the First, Second, Third Amended Counterclaims and Claims Against Additional Defendant on the Counterclaim;

(c)      An award of punitive damages against Divatex Home Fashion, Inc. and David Greenstein in an amount to be determined by the jury pursuant to the First, Second and Third Amended Counterclaims and Claims Against Additional Defendant on the Counterclaim;

(d)      An award of damages against Divatex Home Fashion, Inc. in the sum of at least $7,615.38, together with Liquidated Damages and such other damages as provided under the New York Labor Law pursuant to the Fourth Counterclaim;

(e)      Pre-judgment and post-judgment interest as provided under law; and

(f)      Attorneys' fees, costs and disbursements and such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Brandon Yanowitz demands a jury trial on all issues so triable.

LAW OFFICES

Peckar & Abramson

A Professional Corporation

July 27, 2015
New York, New York

s/ *Bruce D. Meller*

Bruce D. Meller, Esq.
Denis Serkin, Esq.
Patrick T. Murray, Esq.
PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Telephone:  (212) 382-0909
Bmeller@pecklaw.com
Dserkin@pecklaw.com
Pmurray@pecklaw.com
Attorneys for Brandon Yanowitz

RIVEREDGE-#430322v1-

LAW OFFICES

Peckar &
Abramson

A Professional Corporation